**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>   vs.<br><br>TARGET CORPORATION, a Minnesota Corporation,<br><br>      Defendant. | Case No. 11cv07972<br><br>Honorable Robert W. Gettleman |

## MOTION TO DISMISS OF TARGET CORPORATION

     Defendant Target Corporation ("Target") moves to dismiss the Class Action Complaint ("the Complaint") of plaintiff Nick Pearson ("Plaintiff") with prejudice pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). In support of this Motion, and as further explained in the accompanying Memorandum of Law ("Memorandum"), Target states:

     1.    The sole count of the Complaint attempts to allege a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/10a (2011). The Complaint challenges the effectiveness of a dietary supplement—glucosamine—that has been on the market for over twenty years. The Complaint, however, makes no attempt to explain how or why Target's statements about its products are false and fails to allege the most basic facts required to state a claim.

     2.    At the most fundamental level, the Complaint fails to identify the particular product that Plaintiff purchased, while acknowledging that Target sells two glucosamine products (the "Products") that contain different ingredients and make different packaging statements and that Plaintiff purchased only one of the Products. Cmplt. ¶¶ 1 n.1, 9, 12.

1

3.     Similarly, the Complaint alleges that Plaintiff "was exposed to and saw Defendant's representations by reading *one* of the Up & Up glucosamine labels" at the store (Cmplt. ¶ 9) (emphasis added), but does not identify *which* label or the content of the representations Plaintiff allegedly read.

4.     The Complaint alleges in purely conclusory fashion that "numerous" studies have shown that the Products' ingredients do not work as represented. *See, e.g.,* Cmplt. ¶¶ 2, 18-20. Yet the Complaint does not identify a single study, let alone describe such key facts as the ingredients or formulas tested, the methodologies used, the outcomes studied, or the conclusions reached by the researchers.

5.     Moreover, although the Complaint contains a conclusory allegation that glucosamine products are not "proven to work" (Cmplt. ¶ 9), Plaintiff has not alleged that the (unidentified) product he purchased was actually ineffective *for him*.

6.     Given all of these pleading deficiencies, the Complaint should be dismissed because it fails to allege sufficient facts to state a claim under Rule 8. Under Rule 8, a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). This standard requires a plaintiff to plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). What will *not* suffice are "unadorned, the defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement." *Id.* (internal quotations omitted). Here, the Complaint is "bereft of any suggestion, beyond a bare conclusion," that Target's claims made for the Products are unsupported (let alone fraudulent), and consequently the Complaint fails to satisfy Rule 8. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Memorandum at pp. 5-7.

7. The Complaint also fails to plead the circumstances constituting fraud with particularity, as Required by Rule 9(b). "A claim under the ICFA is a fraud claim that must be pled with particularity under Fed. R. Civ. P. 9(b)." *Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*, 05cv3004, 2006 U.S. Dist. LEXIS 18630, at *11 (N.D. Ill. Apr. 12, 2006). Plaintiff fails to specify the most fundamental circumstances of the alleged fraud, such as the Product that Plaintiff purchased; the statements he saw; and, most importantly, the basis for his contention that those statements were false. This failure renders the Complaint deficient under Rule 9(b). Memorandum at pp. 7-9.

8. The Complaint also fails to allege facts establishing Plaintiff's standing to sue. Plaintiff does not have standing to pursue claims in connection with a product he never purchased and statements he never saw. *See, e.g.,* 815 ILCS 505/10a(a); *Gredell v. Wyeth Labs., Inc.*, 367 Ill. App. 3d 287, 290 (1st Dist. 2006). Because the Complaint fails to allege *which* Product Plaintiff purchased and *which* statements he saw, the Complaint should be dismissed for lack of standing. Memorandum at pp. 9-10.

9. In addition, the Complaint should be dismissed pursuant to Rule 12(b)(6) because the Complaint fails to state a claim under ICFA—the sole count in the Complaint:

   a. To state a claim under ICFA, a plaintiff must allege that he suffered actual damage caused by defendant's violation of the Act. 815 ILCS 505/10a(a). The Complaint fails to allege either actual damage or proximate causation. Plaintiff fails to allege that the Product at issue (whichever Product *is* at issue) was not effective for him or that he suffered any actual harm. Memorandum at pp. 10-12.

   b. Rather than allege that the Product was ineffective for him, Plaintiff instead alleges that the marketing was deceptive because Target supposedly lacks substantiation for statements on the packaging. Lack of substantiation, however,

is not a cognizable legal theory on the facts that Plaintiff has alleged in the Complaint. Illinois law is clear that a private plaintiff must plead sufficient facts—with the specificity required by Rule 9(b)—showing that the statements are *actually* false and misleading, and cannot shift that burden to the defendant by merely alleging that the statements are "unsubstantiated." *See, e.g.*, *Gredell,* 367 Ill. App. 3d at 290-91; *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 939 n.2 (7th Cir. 2001); *BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1088-91 (7th Cir. 1994). Memorandum at pp. 12-14.

c. Plaintiff cannot save the Complaint by pairing conclusory allegations of a lack of substantiation with the equally vague and conclusory assertion that "numerous clinical cause and effect studies" have shown that the ingredients in the Products do not work as represented by Target. (*See, e.g.,* Cmplt. ¶¶ 2, 14-19). Plaintiff's reference to unspecified "clinical cause and effect studies," without providing any facts identifying the studies or scientific literature or explaining what was studied and what conclusions the researchers reached, fails to provide the level of specificity required by Rule 9(b), let alone establish the factual plausibility required by Rule 8, and therefore cannot satisfy Plaintiff's obligation to state a claim under Rule 12(b)(6). Thus, the conclusory allegations of falsity in the Complaint do not state anything beyond a legally deficient "lack of substantiation" theory, and are insufficient to state a claim under ICFA. Memorandum at pp. 14-15.

10. If this case were to proceed to trial, Target would show that there is indeed strong scientific support for the claims made for Target's glucosamine products, including studies Plaintiff has elected to ignore. But the suit should not survive beyond the pleading stage because

4

Rules 8, 9(b), and 12(b)(6) do not allow Plaintiff to turn vague allegations about unidentified scientific studies and a conclusory assertion that product statements are unsubstantiated into a consumer fraud claim.

WHEREFORE, for all of the foregoing reasons, and the reasons stated in the accompanying Memorandum of Law, the Class Action Complaint should be dismissed with prejudice in its entirety.

Dated: January 26, 2012

Respectfully submitted,

/s/ Bradley J. Andreozzi
Bradley J. Andreozzi (ARDC No. 6257334)
bradley.andreozzi@dbr.com
Justin O. Kay (ARDC No.6286557)
justin.kay@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

Kara L. McCall (ARDC No. 6272681)
kmccall@sidley.com
Shelby Feuerbach (ARDC No. 6296364)
sfeuerbach@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*Counsel for Defendant Target Corporation*