**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, On Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION, a Minnesota Corporation,<br><br>        Defendant. | Case No. 11cv07972<br><br>Honorable James B. Zagel<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MOTION TO DISMISS OF TARGET CORPORATION**

Defendant Target Corporation ("Target") moves to dismiss with prejudice the First Amended Class Action Complaint ("the Complaint" or "Cmplt.") of plaintiff Nick Pearson ("Plaintiff") pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). In support of this Motion, and as further explained in the accompanying Memorandum of Law ("Memorandum"), Target states:

    1.    The single-count Complaint attempts to allege a claim under the Illinois Consumer Fraud Act ("ICFA"). The Complaint challenges the effectiveness of a popular dietary supplement—glucosamine—that has been on the market for over twenty years. The Complaint, however, makes no attempt to explain how or why Target's statements about *its* products (Up & Up Triple Strength Glucosamine Chondroitin Plus MSM Dietary Supplement ("Up & Up Triple Strength") and Up & Up Advanced Glucosamine Chondroitin Complex Dietary Supplement ("Up & Up Advanced") (each, a "Product," and together, "the Products")) are false, apart from citing a few clinical studies testing *other* formulations of glucosamine and/or chondroitin for effectiveness in treating osteoarthritis. Put another way, Plaintiff alleges that Target's claims are

false because the Products' ingredients have not been proven to be effective at treating osteoarthritis. Yet, Target has never claimed that the Products are effective for the treatment of osteoarthritis, and on the contrary, clearly states on the labels that the Products are *not* intended to be used to treat *any* disease.

2. As a threshold matter, the Complaint fails to allege facts establishing Plaintiff's standing to sue regarding the Up & Up Advanced Product, which Plaintiff now concedes he never purchased and whose packaging statements he never read. Plaintiff lacks both statutory and Constitutional standing to bring such a claim. To have statutory standing under ICFA, a plaintiff must show that he was a "consumer" as defined by the statute and that he suffered an injury that was caused by the challenged practice. *Padilla v. Costco Wholesale Corp.*, No. 11cv7686, 2012 U.S. Dist. LEXIS 87222, at *6-7 (N.D. Ill. June 21, 2012). In addition, Article III of the U.S. Constitution requires the Plaintiff to show (i) a concrete and actual or imminent injury-in-fact, (ii) that is "fairly traceable" to the challenged conduct, and (iii) a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 102-03 (1998). Plaintiff now concedes that he purchased only Up & Up Triple Strength, yet attempts to assert a claim regarding Up & Up Advanced, which is sold in different formulations, in different amounts, at different prices, and with different labeling statements. Plaintiff lacks standing under both ICFA and Article IIII to pursue claims regarding Up & Up Advanced because he was neither a "consumer" of Up & Up Advanced nor were the representations on Up & Up Advanced (which he never read) the cause of any injury to him. The Complaint's claims regarding Up & Up Advanced should therefore be dismissed. *See* Memorandum at pp. 6-9.

3. More generally, as to both Products, the Complaint fails to allege sufficient facts to state a claim. Most fundamentally, the Complaint fails to state a claim under Rule 8, which requires the Plaintiff to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff asserts a claim that is not plausible on its face—that the representations on the Products are deceptive because studies of different formulations containing some of the ingredients in the Products supposedly suggest that the ingredients are ineffective in treating or curing osteoarthritis. Yet even *if* Plaintiff were able to prove that the cited osteoarthritis studies say what he asserts that they say (and, at best for Plaintiff, the studies are inconclusive) the findings of those studies would have no bearing on showing the falsity of the *actual* representations on the Products, which not only do *not* purport to treat or cure osteoarthritis, but also include the disclaimer that the Products are "not intended to diagnose, treat, cure, or prevent any disease." The Complaint should therefore be dismissed because it fails to allege sufficient facts to state a claim under Rule 8. *See* Memorandum at pp. 9-12.

4. The Complaint also fails to plead the circumstances constituting fraud with particularity under Rule 9(b), which requires the Plaintiff to plead "all the circumstances of the fraud in detail," including "the who, what, when, where, and how: the first paragraph of any newspaper story." *Scott v. GlaxoSmithKline Consumer Healthcare, L.P.*, 05cv3004, 2006 U.S. Dist. LEXIS 18630, at *11 (N.D. Ill. Apr. 12, 2006) (Zagel, J.). Plaintiff still refuses to specifically identify the representations upon which he relied in making his purchase. Rather, Plaintiff summarizes *some* of the statements which appear on one or another of the labels, adds other statements that were never contained on either of the labels, dubs this stew the "the joint health benefit representations," and ascribes the same representations to both Products as if the

ingredients and statements were identical even though the Complaint concedes they are not. The Complaint should therefore be dismissed because it fails to allege sufficient facts to state a claim under Rule 9(b). *See* Memorandum at pp. 12-13.

5. The Complaint should also be dismissed under Rule 12(b)(6) because it still fails to assert a cognizable legal theory. To state a claim for false advertising or marketing under ICFA, a plaintiff must plead facts that show that the representations are actually deceptive and that this deception proximately caused the plaintiff actual injury. Here, there is no statement on the label for either Product that the representations at issue *are* substantiated by certain types of studies. Accordingly, Plaintiff cannot shift the burden to Target merely by claiming that the representations at issue are *un*substantiated—or false or misleading *because* they are unsubstantiated—but must affirmatively plead and establish actual falsity. *Gredell v. Wyeth Labs., Inc.*, 367 Ill. App. 3d 287, 291 (1st Dist. 2006). Plaintiff's theory, however, remains that Target lacks clinical substantiation for the statements on the product labels. Plaintiff's claims should therefore be dismissed. *See* Memorandum at pp. 13-16.

6. If this case were to proceed to trial, Target would show that there is indeed strong scientific support for the claims *actually* made for the Products, including studies Plaintiff has elected to ignore. But this suit should not survive beyond the pleading stage because Plaintiff cannot turn conclusory allegations of lack of substantiation, based on nothing more than studies of other products for other purposes, into a consumer fraud claim.

WHEREFORE, for all of the foregoing reasons, and as stated in the accompanying Memorandum of Law, the First Amended Class Action Complaint should be dismissed with prejudice in its entirety.

4

Dated: July 20, 2012                      Respectfully submitted,

/s/ Bradley J. Andreozzi
Bradley J. Andreozzi (ARDC No. 6257334)
bradley.andreozzi@dbr.com
Justin O. Kay (ARDC No.6286557)
justin.kay@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel:    (312) 569-1000
Fax:   (312) 569-3000

Kara L. McCall (ARDC No. 6272681)
kmccall@sidley.com
Shelby K. Feuerbach (ARDC No. 6296364)
sfeuerbach@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel:    (312) 853-7000
Fax:   (312) 853-7036

*Counsel for Defendant Target Corporation*