# EXHIBIT A

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602-274-1100
Facsimile: 602-274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 West Broadway, Suite 900
San Diego, California 92101
Telephone:     (619) 756-6978
Facsimile:     (602) 798-5860
tcarpenter@bffb.com

[*Additional Counsel Located on Signature Page*]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LERMA, an Individual, and NICK PEARSON, an Individual, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., a Utah Corporation and SCHIFF NUTRITION GROUP, INC., a Utah Corporation,<br><br>Defendants. | Case No.:    11-CV-1056-JAH(MDD)<br><br><u>CLASS ACTION</u><br><br>THIRD AMENDED CLASS ACTION COMPLAINT FOR:<br><br>1.   VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*;<br>2.   VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*;<br>3.   VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT, 502/1, *et seq.*;<br>4.   PERSONAL INJURIES/MEDICAL MONITORING;<br>5.   PERSONAL INJURIES/NEGLIGENCE; and<br>6.   BREACH OF EXPRESS WARRANTY. |

_____

DEMAND FOR JURY TRIAL

Plaintiffs Luis Lerma and Nick Pearson ("Plaintiffs"), by and through their attorneys, bring this action on behalf of themselves and all others similarly situated against Defendant Schiff Nutrition International, Inc. and Defendant Schiff Nutrition Group, Inc. (collectively "Defendants"), and allege as follows:

## NATURE OF ACTION

1.      Forty-six million Americans suffer from arthritis.  Osteoarthritis, also called degenerative joint tissue disease, is the most prevalent and disabling form of arthritis. Osteoarthritis is caused by the breakdown of cartilage, which is the connective tissue that cushions the ends of bones within the joint.  Osteoarthritis is characterized by pain, joint damage, and limited motion (hereafter referred to as the "three major symptoms of arthritis"). The disease generally occurs late in life, and most commonly affects the hands and large weight bearing joints, such as the knees, hips and back.  There is no cure for the three major symptoms of arthritis.  Yet, Defendants promises a cure for each of the three major symptoms of arthritis in the form of a pill which they manufacture, market, and sell as the Move Free[®] Advanced line of joint health dietary supplements.[1]

2.      It has been the accepted standard for over four decades in both the medical and scientific community that in order for someone to make a health benefit claim about a product, the party making that claim must possess competent scientific evidence—meaning that they have at least two adequate and well controlled clinical trials supporting a particular health benefit claim about a particular product (hereafter referred to as "competent scientific evidence").

3.      On each and every Move Free[®] Advanced product label and/or package, Defendants prominently state that Move Free[®] Advanced, with its "clinically tested" premium formula, will rebuild joint cartilage, improve joint function and reduce joint pain in less than 7

_____

[1] The Move Free[®] Advanced line includes: (1) Move Free[®] Triple Strength; Move Free[®] Plus MSM & Vitamin D; and Move Free[®] Advanced plus MSM (collectively, "Move Free[®] Advanced" or "the Products").

days.

4.     In making these affirmative representations, Defendants represent to each purchaser of Move Free® Advanced that they have competent scientific evidence that these products are effective in relieving and reducing the three major symptoms of arthritis and other joint related ailments.

5.     Yet, Defendants do not possess such competent scientific evidence.  In fact, the Move Free® Advanced products are not effective arthritis remedies.  In short, Defendants have not obtained the necessary scientific proof with regard to each of the Move Free® Advanced products they market and sell in order to make the representations that they have made about each of these Products.

6.     As a result, Defendants are guilty of deceptive conduct in their marketing and sale of the Move Free® Advanced products.

7.     Defendants are also guilty of deception by omission in that, after affirmatively asserting that these Products are effective remedies against the three major symptoms of arthritis, Defendants had a duty to tell Plaintiffs and the Class members that they did not have competent scientific evidence to support the efficacy representations that they make about the Move Free® Advanced products.

8.     By making representations on the box of each Move Free® Advanced product that it was an arthritis remedy, Defendants represented (and continue to represent) to Plaintiffs and the Class members that they have competent scientific evidence to back up these assertions when they did not possess such evidence.  These were material misrepresentations concerning the only reason that Plaintiffs and the Class members would have purchased Defendants' Move Free® Advanced products—that the Products were proven by competent scientific evidence to be effective against the three major symptoms of arthritis.

9.     Other than to use the Move Free® Advanced products to relieve these symptoms of arthritis, there is no reason for Plaintiffs or the Class members to have purchased these Products.  Plaintiffs and the Class members would not have purchased a Move Free® Advanced product without believing that it was a proven effective arthritis remedy and that it

provided relief from the three major symptoms of arthritis.

10. Thus, through the act of purchasing one of Defendants' Move Free® Advanced products, Plaintiffs and each Class member necessarily were deceived by Defendants' representations that these Products were effective arthritis remedies and would provide relief from the three major symptoms of arthritis.

11. Plaintiffs and the Class members were also deceived by Defendants in that, after affirmatively asserting that these Products would provide relief for the three major symptoms of arthritis, Defendants failed to inform Plaintiffs and the Class members that they did not possess competent scientific evidence to support these health benefit claims.

12. Every purchase of the Move Free® Advanced products was tainted with Defendants' deceptions in that just by looking at the package on the shelf or following the directions for use, Plaintiffs and the Class members would have seen Defendants' deceptive representations.

13. Defendants' deceptive marketing and advertising, as well as the complete lack of any disclosure that no competent scientific evidence exists to substantiate the claim that Move Free® Advanced will "protect" "replenish" "rebuild[]" or "lubricate" joints – let alone reduce joint pain "in less than 7 days"—is designed to cause consumers to buy Move Free® Advanced. Defendants' deceptive marketing and advertising campaign has succeeded. According to Defendants, in 2010 sales of Move Free® Advanced exceeded $100 million.[2]

14. Plaintiffs bring this action on behalf of themselves and other similarly situated consumers who have purchased the Products to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased Move Free® Advanced. Based on violations of state unfair competition laws (described below) and breach of express warranties, Plaintiffs seek injunctive and monetary relief for consumers who purchased the Move Free® Advanced products.

---

[2] Sales figures are based on Fiscal Year 2010. *See* http://www.schiffnutrition.com/movefree.asp (last visited May 2, 2010).

**JURISDICTION AND VENUE**

15. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class are citizens of a state different from Defendants.

16. This Court has personal jurisdiction over Defendants because Defendants are authorized to do and conduct business in California. Defendants have marketed, promoted, distributed, and sold the Move Free® Advanced products in California, and Defendants have sufficient minimum contacts with this State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred while Plaintiff Lerma resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

**PARTIES**

18. Plaintiff Luis Lerma resides in Imperial, California. During the Class Period, Plaintiff Lerma was exposed to and saw Defendants' claims by reading the Move Free® Advanced label, purchased the Move Free® Advanced products in reliance on those claims, and suffered injury in fact and lost money. Had Plaintiff Lerma known the truth about Defendants' misrepresentations and omissions, Plaintiff would not have purchased and used the Move Free® Advanced products.

19. Plaintiff Nick Pearson resides in Cook County Illinois. On or about May 2011 Plaintiff Pearson was exposed to and saw Defendants' claims by reading the Move Free® Advanced Triple Strength label described herein. Plaintiff Pearson purchased this Move Free® Advanced at a Target Store in Streamwood, Illinois and was deceived in some manner by Defendants' claims. The Move Free® Advanced product Plaintiff Pearson purchased was not proven to and thus did not provide the health benefits Defendants represented it would,

including "strengthening, protecting and rebuilding joints" and "COMFORTING SORE JOINTS IN LESS THAN 7 DAYS." As a result, Plaintiff Pearson suffered injury in fact and lost money. Had Plaintiff Pearson known the truth about Defendants' misrepresentations and omissions, including the fact that Defendants did not possess competent scientific evidence to support the claims that they made about these Products, Plaintiff Pearson would not have purchased and used the Move Free® Advanced product.

20.     Defendant Schiff Nutrition International, Inc. is a corporation organized and existing under the laws of the State of Utah. Defendant's headquarters is at 2002 South 5070 West, Salt Lake City, Utah 84104. Defendant manufactures, distributes, markets and sells the Move Free® Advanced products to tens of thousands of consumers in California.

21.     Defendant Schiff Nutrition Group, Inc., is a corporation organized and existing under the laws of the State of Utah. Defendant's headquarters is at 2002 South 5070 West, Salt Lake City, Utah 84104. Defendant manufactures, distributes, markets and sells the Move Free® Advanced products to tens of thousands of consumers in California.

22.     Plaintiffs are informed and believe, and thus allege, that at all times herein mentioned, each of the Defendants was the agent, employee, representative, partner, joint venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein, was acting within the course and scope of such agency, employment, representation, on behalf of such partnership or joint venture, and/or as such alter ego, with the authority, permission, consent, and/or ratification of the other Defendant.

**FACTUAL ALLEGATIONS**

***The Move Free® Advanced Products***

23.     Defendants develop, manufacture, market, distribute and sell vitamins, nutritional supplements and sports nutrition products nationwide. Defendants' "flagship brand" is Move Free® Advanced. Move Free® Advanced is available in three different formulas: (1) Move Free® Advanced Triple Strength; (2) Move Free® Advanced Plus MSM & Vitamin D; and (3) Move Free® Advanced plus MSM. Defendants began manufacturing,

marketing and selling the Move Free® Advanced products nationwide in 1996.[3]

24.    The Move Free® Advanced products are sold in virtually every major food, drug, and mass retail outlet in California, including, but not limited to: BJ's Wholesale Club, Costco, Sam's Club and Wal-Mart stores.  The Move Free® Advanced products are also sold through online retailers such as Costco.com, cvs.com, and walgreens.com.  A 120-count bottle of Move Free® Advanced retails for approximately $30.00.  The following are screen shots of the Products:



25.    Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout California that Move Free® Advanced, with its "clinically tested" formula will "protect," "replenish" and "rebuild" one's joints simply by taking the recommended number of tablets each day.  According to Defendants, Move Free® Advanced will also "START[] COMFORTING SORE JOINTS IN LESS THAN 7 DAYS."  These claims are not substantiated by competent scientific evidence and are factually baseless.

26.    The primary active ingredients in all the Move Free® Advanced products are glucosamine hydrochloride and chondroitin sulfate.  Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue.  The Products' labeling and packaging states the benefits associated with taking glucosamine hydrochloride: "Glucosamine—Helps by strengthening, protecting and rebuilding joints."  There is no competent scientific evidence that taking glucosamine—let alone through oral administration —results in the body metabolizing it into something that strengthens, protects or rebuilds

---

[3] In 2000, Defendants rebranded their joint dietary supplements as "Move Free".

joints.

27.     Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues.  On the Products' labeling and packaging, Defendants claim that chondroitin "assists in lubricating and cushioning joints."  There is no competent scientific evidence that taking chondroitin sulfate—let alone through oral administration—results in the body metabolizing it into something that assists in lubricating and cushioning joints.

28.     All of the Move Free® Advanced products also contain lesser amounts of other ingredients including Defendants' "patent-pending" ingredient Uniflex and hyaluronic acid. On their packaging and labeling, Defendants define Uniflex as "a ground breaking dual bioflavonoid antioxidant system that protects joints from harmful antioxidants that accelerate the breakdown of cartilage and joint tissue."  There is no competent scientific evidence that taking Uniflex or any of its individual ingredients—let alone through oral administration—results in the body metabolizing it into something that protects joints or slows the breakdown of cartilage or joint tissue.

29.     Hyaluronic acid is a component of synovial fluid found in the eyes and joints. On the Products' labeling and packaging, Defendants claim that hyaluronic acid "helps lubricate, rejuvenate, re-hydrate, and repair joints."  There is no competent scientific evidence that taking hyaluronic acid—let alone through oral administration—results in the body metabolizing it into something that helps lubricate, rejuvenate, re-hydrate or repair joints.

30.     In addition to those ingredients, Move Free® Advanced plus MSM and Move Free® Advanced Plus MSM & Vitamin D also contain methylsulfonylmethane ("MSM"), an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk.  There is no competent scientific evidence that taking MSM—let alone through oral administration—results in the body metabolizing it into something that relieves any of the three major symptoms of arthritis or any other joint related ailments.

31.     Contrary to the stated representations on all the Products' labeling and packaging, Defendants do not possess (and have not possessed) competent scientific evidence

1    that any of these ingredients, taken alone or in combination, are effective in treating any of

2    the three major symptoms of arthritis or any other joint related ailments.

3        32.    Despite inadequate testing and no scientifically valid confirmation that Move

4    Free® Advanced is an effective joint treatment—let alone an effective treatment for *all* joints

5    in the human body, for customers of *all* ages and for *all* stages of joint disease—Defendants

6    state on the Products' packaging and labeling that Move Free® Advanced, with its "clinically

7    tested" formula will, *inter alia*, "strengthen[], protect[] and rebuild[] joints" and "START[]

8    COMFORTING SORE JOINTS IN LESS THAN 7 DAYS."  Front and back shots of a

9    representative Move Free® Advanced Triple Strength product label appear as follows:

(FRONT)



(BACK)



***The Impact of Defendants Wrongful Conduct***

33. Despite the lack of competent scientific evidence, Defendants continue to unequivocally claim that with its "clinically tested" premium formula, Move Free® Advanced provides joint health benefits to all persons.

34. As the manufacturer and distributor of Move Free® Advanced, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn of the effects—and have learned of the effects—their Products have on consumers.

35. Specifically, Defendants knew or should have known, but failed to disclose that they have no competent scientific evidence that their Move Free® Advanced products are effective in treating the three major symptoms of arthritis or any other joint related ailments.

36. Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey one uniform message: Move Free® Advanced, with its "clinically tested" formula, is effective in treating the three major symptoms of arthritis.

37.     Plaintiffs and Class members have been and will continue to be deceived or misled by Defendants' deceptive representations touting the effectiveness of the Move Free® Advanced products.   Plaintiffs purchased and used the Move Free® Advanced products during the Class period and in doing so, read, considered and based their decisions to buy the Products on the above cited representations.   Because the Products' sole purpose is to provide joint relief for the three major symptoms of arthritis or other joint related ailments, Defendants' representations and omissions were a material factor in influencing Plaintiffs' decision to purchase and use the Move Free® Advanced products.   There is no other reason for Plaintiffs to have purchased the Move Free® Advanced products and Plaintiffs would not have purchased the Products had they known that Defendants did not possess competent scientific evidence to support the claims that they made about these Products.

38.     As a result, Plaintiffs and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendants' representations, were proven to be effective in treating the three major symptoms of arthritis and other joint related ailments when, in fact, they are not.

39.     Defendants, by contrast, reaped enormous profits from their false marketing and sale of these Products, generating more than $100 million in sales revenue in 2010 alone.

## CLASS ALLEGATIONS

40.     Plaintiff Lerma brings this action on behalf of himself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> **California Class Action**
> All California residents who, within the applicable statute of limitations, purchased Move Free® Advanced products.
>
> Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Move Free® Advanced products for the purpose of resale.

41.     Plaintiff Pearson brings this action on behalf of himself and all other similarly situated consumers pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil

Procedure and seeks certification of the following Class against Defendants for violations of Illinois laws and similar laws in other states:

**Multi-State Class Action**
All persons who, within the applicable statute of limitations under their respective state's consumer fraud act, purchased the Move Free® Advanced products.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Move Free® Advanced products for the purpose of resale.

42.     In the alternative, Plaintiff Pearson brings this action on behalf of himself and all other similarly situated Illinois residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**Illinois Class Action**
All Illinois residents who, within the applicable statute of limitations, purchased the Move Free® Advanced products.

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Move Free® Advanced products for the purpose of resale.

43.     Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable.  Plaintiffs are informed and believe, and on that basis allege, that the proposed Class contains many thousands of members.  The precise number of Class members is unknown to Plaintiffs.

44.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual Class members.  The common legal and factual questions include, but are not limited to, the following:

•      Whether Defendants had competent scientific evidence to support each of the claims that they made about their Products;

•      Whether the claims discussed herein that Defendants made about their Products were or are misleading, or reasonably likely to deceive;

•      Whether Defendants' alleged conduct violates public policy;

•      Whether the alleged conduct constitutes violations of the laws asserted

herein;

- Whether Defendants engaged in false and misleading advertising;

- Whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

- Whether Plaintiffs and Class members are entitled to restitution, disgorgement of Defendants' profits, declaratory and/or injunctive relief; and

- Whether Plaintiffs and Class members are entitled to an award of punitive and/or compensatory damages.

45. The claims asserted by Plaintiffs in this action are typical of the claims of the members of the Class, as the claims arise from the same course of conduct by Defendants, and the relief sought is common. Plaintiffs and Class members suffered uniform damages caused by their purchase of the Move Free® Advanced products manufactured, marketed, and sold by Defendants.

46. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained counsel competent and experienced in both consumer protection and class litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the Class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding,

economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

48.　In the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

49.　Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described, and requiring Defendants to provide full restitution to Plaintiffs and Class members.

50.　Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiffs and Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

**COUNT I**
**Violation of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.***
**(Applicable to a California-Only Class)**

51.　Plaintiff Lerma re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

52.　This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff Lerma is a consumer as defined by California Civil Code §1761(d). Defendants' Move Free® Advanced products are goods within the meaning of the Act.

53.　Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff Lerma and the Class which were intended to result in, and did result in, the sale of Defendants' Move Free® Advanced products:

(5)　Representing that [the Move Free® Advanced products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

*     *     *

(7)     Representing that [the Move Free® Advanced products are] of a particular standard, quality or grade, . . . if [they are] of another.

*     *     *

(9)     Advertising goods . . . with the intent not to sell them as advertised.

*     *     *

(16)     Representing that [the Move Free® Advanced products have] been supplied in accordance with a previous representation when [they have] not.

54.     Defendants violated and continue to violate the Act by representing and failing to disclose material facts on their Move Free product labels and packages as described above, when they knew, or should have known, that the representations were unsubstantiated, false and misleading and that the omissions were of material facts.

55.     Pursuant to §1782(d) of the Act, Plaintiff Lerma and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

56.     Pursuant to §1782 of the Act, by letter dated May 13, 2011, Plaintiff Lerma notified Defendant Schiff Nutrition International and Schiff Nutrition Group, Inc., in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act.

57.     Defendants have failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act. Therefore, Plaintiff Lerma further seeks for actual, punitive and statutory damages, as appropriate.

58.     Defendants' conduct is malicious, fraudulent and wanton.

**COUNT II**
**Violation of Business & Professions Code §17200, *et seq.***
**(Applicable to a California-Only Class)**

59.     Plaintiff Lerma re-alleges and incorporates by reference the allegations

1    contained in the paragraphs above as if fully set forth herein.

2        60.    As alleged herein, Plaintiff Lerma has suffered injury in fact and lost money

3 or property as a result of Defendants' conduct because he purchased the Move Free®

4 Advanced products.

5        61.    In the course of conducting business, Defendants committed unlawful

6 business practices by, *inter alia*, making the representations (which also constitute

7 advertising within the meaning of §17200) and omissions of material facts, as set forth more

8 fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business &

9 Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

10       62.    Plaintiff Lerma and the Class reserve the right to allege other violations of

11 law, which constitute other unlawful business acts or practices. Such conduct is ongoing and

12 continues to this date.

13       63.    Defendants' acts, omissions, misrepresentations, practices and non-

14 disclosures as alleged herein also constitute "unfair" business acts and practices within the

15 meaning of Business and Professions Code §17200 *et seq.*, in that their conduct is

16 substantially injurious to consumers, offends public policy, and is immoral, unethical,

17 oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits

18 attributable to such conduct.

19       64.    As stated in this complaint, Plaintiff Lerma alleges violations of consumer

20 protection, unfair competition and truth in advertising laws resulting in harm to consumers.

21 Plaintiff Lerma asserts violations of the public policy of engaging in false and misleading

22 advertising, unfair competition and deceptive conduct towards consumers. This conduct

23 constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq.*

24       65.    There were reasonably available alternatives to further Defendants' legitimate

25 business interests, other than the conduct described herein.

26       66.    Defendants' claims, nondisclosures and misleading statements, as more fully

27 set forth above, are also false, misleading and/or likely to deceive the consuming public

28 within the meaning of Business & Professions Code §17200 *et seq.*

67.    Defendants' labeling and packaging as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

68.    Defendants' conduct caused and continues to cause substantial injury to Plaintiff Lerma and the other Class members.  Plaintiff Lerma has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

69.    Plaintiff Lerma, on behalf of himself, and all other similarly situated California residents, seeks restitution of all money obtained from Plaintiff Pearson and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

### COUNT III
#### Violation of the Illinois Consumer Fraud Act
#### (Applicable to a Multi-State or Illinois-Only Class)

70.    Plaintiff Pearson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

71.    In Illinois, the "Consumer Fraud and Deceptive Business Practices Act" 815 Ill. Comp. Stat. 502/1, *et seq.* ("the Act"), like the consumer fraud acts of numerous other states across the nation, prohibits deceptive acts and practices in the sale of such products as Defendants' Move Free® Advanced products.

72.    Plaintiff Pearson and the Class were injured by Defendants' deceptive misrepresentations, concealments and omissions and these misrepresentations, concealments and omissions were material and deceived Plaintiff Pearson and the Class.

73.    Defendants do business in Illinois, sell and distribute their Move Free® Advanced products in Illinois, and engaged in deceptive acts and practices in connection with the sale of same both in Illinois and elsewhere in the United States.

74.    Defendants' Products purchased by Plaintiff Pearson and the Class were "consumer items" as that term is defined under the Act.

75.    Defendants misrepresented and deceptively concealed, suppressed and/or

omitted the material information known to Defendants as set forth above concerning their Move Free® Advanced products which has caused damage and injury to Plaintiff Pearson and the Class.

76.     Defendants' deceptive acts occurred in a course of conduct involving trade and commerce in Illinois and throughout the United States.

77.     Defendants' deceptive acts proximately caused actual injury and damage to Plaintiff Pearson and the Class.

78.     Defendants intended Plaintiff Pearson and all Class members to rely on their representations.

79.     The conduct of the Defendants constituted a consumer fraud under the Illinois Consumer Fraud Act and similar laws in other states.

## COUNT IV
### Personal Injuries/ Medical Monitoring Class
### (Applicable to a Multi-State or Illinois-Only Class)

80.     Defendants' Move Free® Advanced products cause side effects that pose dangers to those with diabetes or bleeding disorders.

81.     As the manufacturer and distributor of Move Free® Advanced, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn and did learn that the Products cause potentially harmful side effects to those with diabetes or bleeding disorders.  Defendants had a duty to disclose and warn consumers of these potentially harmful side effects.  Defendants further had a duty to Plaintiff Pearson and the Class not to expose them to Products known to cause bodily harm.

82.     Defendants negligently failed to warn consumers of these potentially serious side effects.  Defendants further exposed Plaintiff Pearson and the Class to Products known to cause bodily harm.

83.     Class members who took or who are currently taking Defendants' Move Free®

Advanced products are therefore entitled to medical monitoring.

## COUNT V
### Personal Injuries/Negligence
### (Applicable to a Multi-State or Illinois-Only Class)

84.　　Plaintiff Pearson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

85.　　Defendants are the owners, sellers and manufacturers of the Move Free® Advanced products and, as such, possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn and did learn that the Products cause potentially harmful side effects.

86.　　Upon taking Defendants' Move Free® Advanced products Plaintiff Pearson suffered and experienced bodily injuries including headaches and nausea.

87.　　Said bodily injuries were the result of and caused by Defendants' Move Free® Advanced products.

88.　　Defendants had a duty to Plaintiff Pearson to warn that their Products cause potentially harmful side effects.　Defendants further had a duty to Plaintiff Pearson not to expose him to Products known to cause bodily harm.

89.　　Plaintiff Pearson's bodily injuries were the result of Defendants' negligence in not properly warning Plaintiff Pearson of said side effects.

## COUNT VI
### Breach of Express Warranty
### (Applicable to a Multi-State, California-Only or Illinois-Only Class)

90.　　Plaintiffs re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

91.　　Plaintiffs, and each member of the Class, formed a contract with Defendants at the time Plaintiffs and the other members of the Class purchased the Move Free® Advanced products.　The terms of that contract include the promises and affirmations of fact made by Defendants on their Move Free® Advanced products' labels and packages, as

described above.  These representations constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiffs and the members of the Class on the one hand, and Defendants on the other.

92.    All conditions precedent to Defendants' liability under this contract have been performed by Plaintiffs and the Class.

93.    Defendants breached the terms of this contract, including the express warranties, with Plaintiffs and the Class by not providing products that could provide the benefits described above which was the only reason Plaintiffs and Class members purchased the Move Free® Advanced products.

94.    As a result of Defendants' breach of their warranty, Plaintiffs and Class members have been damaged in the amount of the purchase price of the Move Free® Advanced products they purchased.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment:

A.    Certifying the class as requested herein;

B.    Awarding Plaintiffs and the proposed Class members damages;

C.    Awarding restitution and disgorgement of Defendants' revenues to Plaintiffs and the proposed Class members;

D.    Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.    Ordering Defendants to engage in a corrective advertising campaign;

F.    Ordering Defendants to provide and offer medical monitoring;

G.    Awarding attorneys' fees and costs; and

H.    Providing such further relief as may be just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 12, 2012.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

s/*Todd D. Carpenter*
TODD D. CARPENTER (234464)
600 West Broadway, Suite 900
San Diego, California 92101
Telephone:     (619) 756-6978
Facsimile:      (602) 798-5860
tcarpenter@bffb.com

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona  85012
Telephone:     (602) 274-1100
Facsimile:      (602) 798-5860
afriedman@bffb.com
eryan@bffb.com
psyverson@bffb.com

LEVIN, FISHBEIN, SEDRAN & BERMAN
STEWART WELTMAN, OF COUNSEL (*Admitted Pro
Hac Vice*)
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone:  312-427-3600
Fax: 312-427-1850
sweltman@futtermanhoward.com

LEVIN, FISHBEIN, SEDRAN & BERMAN
HOWARD J. SEDRAN (*Admitted Pro Hac Vice*)
CHARLES SWEEDLER (*Admitted Pro Hac Vice*)
510 Walnut Street
Philadelphia, Pennsylvania 19106
Telephone: 215-592-1500

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 12, 2012.

By: _s/ *Todd D. Carpenter*_____
      Todd D. Carpenter

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
600 West Broadway Suite 900
San Diego, California 92101
Telephone:    (619) 756-6978
Facsimile:    (602) 798-5860
tcarpenter@bffb.com