IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendant. | Case No. 11cv07972<br><br>Honorable James B. Zagel<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant Target Corporation ("Target") submits this Notice of Supplemental Authority in further support of its motion to dismiss Plaintiff's First Amended Class Action Complaint ("the Complaint" or "Cmplt.") [D.E. 21] with prejudice pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6). [D.E. 28-30, 52].

On November 1, 2012, the court in *Eckler v. Wal-Mart Stores, Inc.*, 3:12-cv-00727 (S.D. Cal. Mar. 26, 2012) issued an opinion and order dismissing pursuant to Rules 8 and 12(b)(6) Eckler's claims of consumer fraud and breach of warranty (without prejudice, and with prejudice, respectively) related to the purchase of a nutritional supplement containing glucosamine and chondroitin. Counsel to the plaintiff in *Eckler* is also counsel to Plaintiff here, and counsel to the defendant in *Eckler* (Drinker Biddle & Reath LLP) is also co-counsel to Defendant here.

The court in *Eckler* dismissed the consumer fraud claims on the basis that the plaintiff's reliance on osteoarthritis studies did not state a plausible claim. Slip Opinion at 12:10-16

("Ultimately, the Court cannot accept that the studies Eckler cites lend 'facial plausibility' to her claims that the Equate representations are false or misleading. *See Iqbal*, 556 U.S. at 678. The studies allegedly show that glucosamine doesn't alleviate the symptoms of osteoarthritis in the hip and knee. That is a very particular showing with respect to a degenerative joint disease, and in the Court's judgment it doesn't address the far more general claim—which *is* made by the Equate representations—that glucosamine is good for the body's joints."); *id.* at 15:6-9 ("What do studies showing that glucosamine doesn't alleviate the symptoms of osteoarthritis in the hip and knee have to do with the representations of a dietary supplement, explicitly *not* intended to treat a disease, that it is formulated to support joint comfort, rebuil[d] cartilage, and lubricate joints?"). That reasoning adopts arguments made by Target in this case in its Opening Brief at pages 9-12 [D.E. 30] and in its Reply Brief at pages 1-8 [D.E. 52].

A copy of the opinion and order is attached hereto as Exhibit A.

Dated: November 2, 2012

Kara L. McCall (ARDC No. 6272681)
kmccall@sidley.com
Shelby K. Feuerbach (ARDC No. 6296364)
sfeuerbach@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Respectfully submitted,

/s/ Bradley J. Andreozzi
Bradley J. Andreozzi (ARDC No. 6257334)
bradley.andreozzi@dbr.com
Justin O. Kay (ARDC No. 6286557)
justin.kay@dbr.com
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
Tel: (312) 569-1000
Fax: (312) 569-3000

*Counsel for Defendant Target Corporation*