Order Form Rev 06/2012)

# United State District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 7972 | **DATE** | November 9, 2012 |
| **CASE TITLE** | PEARSON v. TARGET CORPORATION | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [28] is GRANTED in part and DENIED in part.

**STATEMENT**

On June 14, 2012, Plaintiff filed a one-count First Amended Complaint alleging that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by selling and distributing a joint-health dietary supplement that Defendant knew to be ineffective. Before the Court is Defendant's motion to dismiss based on lack of standing and failure to state a claim under Fed. R. Civ. P. 9(b). For the following reasons Defendant's motion to dismiss is GRANTED in part and DENIED in part.

Background

The following facts are taken from Plaintiff's First Amended Complaint and are accepted as true for purposes of this motion.

Defendant markets, sells, and distributes a line of joint-health dietary supplements called "Up & Up Glucosamine." Within this line are two separate products. The first is Triple Strength Glucosamine Chondroitin plus MSM ("Up & Up Triple Strength"). The second is Advanced Glucosamine Chondroitin Complex ("Up & Up Advanced"). The labeling of both products makes similar representations as to the beneficial effect the product has on joint health. For example, both products' labeling states that the supplement helps to "maintain the structural integrity of joints." The Up & Up Advanced label also states that it will "help rebuild cartilage" and "lubricate joints." The Up & Up Triple Strength label states that the supplement "supports mobility and flexibility."

In or around June 2011, Plaintiff decided to purchase a bottle of Up & Up Triple Strength based on the representations made on the product's labeling. Plaintiff used the product as directed but did not experience any of the beneficial effects represented on its packaging. Subsequently, Plaintiff became aware of several clinical studies that suggested the active ingredients in the supplement, Glucosamine and Chondroitin, are ineffective in relieving symptoms of or actually curing joint-related ailments. Plaintiff alleges that, had he known that Defendant's representations about Glucosamine and Chondroitin were false, he would not have purchased Up & Up Triple Strength. He claims he has therefore suffered injury through loss of the money he spent on the product.

Analysis

To state a claim under the ICFA, the Plaintiff must allege: "(1) a deceptive act or practice by the defendant,

Order Form Rev 06/2012)

(2) the defendant's intent that the Plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damages to the plaintiff (5) proximately caused by the deception." *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134 (Ill. 2002).

Before addressing the adequacy of the complaint, I turn to Defendant's standing argument. Defendant argues that Plaintiff lacks both ICFA and Article III standing to bring a claim based on representations made on the Up & Up Advanced labeling because he did not purchase that product. I agree. Plaintiff is mixing up the concept standing with Rule 23 class representation in the exact same way as was recently discussed by this Court in *Padilla v. Costco Wholesale Corp.*, No. 11-7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012). Plaintiff himself admits that the injury in ICFA cases stems from the loss of money associated with the purchase—how could he possibly have been injured by representations made on a product he did not buy? Defendant's motion to dismiss claims based on misleading representations made on the Up & Up Advanced labeling is granted.

The claim survives as it relates to Up & Up Triple Strength. Unlike in *Padilla*, Plaintiff has satisfied the heightened pleading standards of Fed. R. Civ. P. by pointing to specific clinical studies (¶¶ 22-29) and alleging with particularity how the results of these studies refute specific representations made on Up & Up Triple Strength's packaging. Plaintiff has also adequately alleged actual damages by claiming that he 1) purchased the product, and 2) would not have purchased the product had he known the representations contained on its packing were untrue.

Defendant argues that Plaintiff's claim should nevertheless be dismissed because 1) Up & Up Triple Strength's packaging does not contain any representation that its purported effects have been clinically proven; 2) the packaging contains a disclaimer which states that the product is "not intended to diagnose, treat, cure, or prevent any disease"; and 3) the studies Plaintiff points to did not examine the product at issue here. I reject these arguments. First, Plaintiff is not claiming that Defendant wrongfully represented that its product had been clinically tested. He is simply arguing that Defendant made representations about the effect of its product that it knew to be false. Under Defendant's interpretation of the law, it would be free to go out and make knowingly false representations about its products so long as it never falsely claimed that these representations were backed up by clinical testing. That is an absurd result that the Illinois legislature did not intend.

Second, the disclaimer is ineffective here. If all of the aches, pains and other conditions that Up & Up Triple Strength claims to ameliorate are necessarily associated with osteoarthritis—which is effectively what Defendant argues—then the disclaimer is contradicted by the product's representations, which reflect that it can in fact be used to treat symptoms of the disease. If these conditions are not necessarily associated with osteoarthritis (or any other disease), the disclaimer is inapplicable.

Third, whether or not the proffered studies are applicable to Up & Up Triple Strength is a question of fact that I do not decide at this stage. The fact that these studies looked at products that shared the same active ingredients—Glucosamine, Chondroitin, and MSM—makes Plaintiff's claim facially plausible. That is where my inquiry ends for purposes of this motion. I do not pause to consider what proof may be required to show that Plaintiff did not experience any of the beneficial effects represented.

Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.