UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation,<br><br>          Defendants. | Case No.:   11 CV 07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel** |

## PRELIMINARY APPROVAL ORDER

This matter came before the Court on Plaintiffs' motion for preliminary approval of the

proposed class action settlement with Rexall Sundown, Inc., NBTY, Inc., and their affiliated

parties (collectively "Rexall"), set forth in the Settlement Agreement dated April 15, 2013

between Plaintiffs and Rexall Sundown, Inc. and NBTY, Inc. ("Settlement Agreement"). The

Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and

conditions for the proposed settlement of the case, and provides for the dismissal of Plaintiffs'

individual and class claims against Rexall with prejudice upon the Effective Final Judgment

Date.

The Court having duly considered the papers and arguments of counsel hereby finds and

orders as follows:

1. **Defined Terms.** Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. **Settlement Agreement.** Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is preliminarily approved for purposes of notice being issued. Movants have established that, for purposes of preliminary approval, this settlement appears to be a fair, reasonable, and adequate settlement of the Litigation and is in the best interests of the Class in light of the factual, legal, practical, and procedural considerations raised by the Litigation.

3. **Conditional Certification of the Settlement Class.** For settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all consumers who, during particular time periods and in certain U.S. locations, purchased for personal use and not resale or distribution certain joint health dietary supplements (a) sold by Rexall or any of its affiliates under the brand names of Rexall or its affiliates; or, (b) manufactured by Rexall or any of its affiliates but sold under another brand name by a company not affiliated with Rexall (collectively, "Covered Products"). The Covered Products and their geographic areas and time periods of sale during which they are deemed Covered Products and therefore covered by this Settlement are identified in Exhibit A to the Settlement Agreement. The Settlement Class does not include persons who submit valid requests for exclusion from the Settlement Class.

4. **Designation of the Class Representatives.** For settlement purposes only, the Court hereby preliminarily appoints Plaintiffs Richard Jennings, Francisco Padilla, Cecilia Linares, Abel Gonzalez, Nick Pearson, and Augustina Blanco as representatives of the Settlement Class.

5.      **Designation of Class Counsel.**  For settlement purposes only, the Court hereby preliminarily designates Jeffrey I. Carton and Peter N. Freiberg (Denlea & Carton LLP); Elaine A. Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.); and Stewart M. Weltman (Stewart M. Weltman, LLC, Of Counsel Levin Fishbein Sedran & Berman) as Settlement Class Counsel.

6.      **Notice Plan.**  The Court finds that the notice plan submitted to the Court (the "Notice Plan") is the best notice practicable under the circumstances, that it satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure, and that it fairly apprises the Settlement Class members of the terms of the Settlement and the options available to them in connection with this proceeding.  The Notice Plan is approved and the Parties are to issue notice of the proposed settlement to the Class in accordance with the terms of the Settlement Agreement and the Notice Plan.  Costs of issuing notice shall be paid in accordance with the terms of the Settlement Agreement.  Heffler Claims Group is designated as the Settlement Administrator, as defined in the Settlement Agreement, and the Parties are to ensure that the Settlement Administrator performs the functions specified in the Settlement Agreement.

7.      **Fairness Hearing.**  On September 3, 2013, at 11:00 a.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and determine whether (a) final approval of the settlement should be granted; (b) Settlement Class Counsel's applications for attorneys' fees and expenses should be granted, and in what amount; and (c) the request for incentive awards for the Plaintiffs should be granted, and in what amount.  The Court will also hear from any objectors during the Fairness Hearing.

a. No later than twenty-one (21) calendar days before the Fairness Hearing, Plaintiffs must file their papers in support of final settlement approval and in response to any objections filed to date.

b. Rexall may (but is not required to) file papers in support of final settlement approval, so long as it does so no later than twenty-one (21) calendar days before the Fairness Hearing.

c. Plaintiffs and Rexall may file supplemental briefing in response to any objections no later than seven (7) calendar days before the Fairness Hearing.

d. Settlement Class Counsel must file their applications for attorneys' fees, expenses, and incentive awards for the Plaintiffs no later than twenty-one (21) calendar days before the Fairness Hearing.

8. **Exclusions.** All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class and the settlement must submit an exclusion request post-marked by August 1, 2013.

a. The request for exclusion must be in writing and include the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the Glucosamine Products Litigation."

b. The request must be mailed to the Settlement Administrator at the address provided in the notice, and post-marked no later than August 1, 2013.

c.    A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the notice, or that is not post-marked within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement.

d.    The Settlement Administrator must promptly forward copies of all requests for exclusion to Settlement Class Counsel and counsel for Rexall.

e.    Any exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims, brokers, claims filing services, claims consultants, or third-party claims organizations; except that such exclusion may be submitted by a Settlement Class Member's attorney on an individual basis.

9.    **Comments and Objections.**  Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however,* that all comments and objections must be filed with the Court and mailed to both Settlement Class Counsel and Rexall's counsel prior to the Fairness Hearing in accordance with the notices.

a.    A Settlement Class member who objects to the settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider, including the names and anticipated testimony of any witnesses ("Objections"), must be filed with the Court, with a copy mailed to Settlement Class Counsel and Rexall's counsel, such that it is post-marked by August 1, 2013.

b.      All Objections shall include (i) the caption *Pearson, et al. v. NBTY, Inc., et al.*, No. 1:11-cv-07972; (ii) the Settlement Class member's full name, address, and telephone number; (iii) a signed statement that he or she is a member of the Settlement Class, including evidence of Adequate Proof of Purchase or, if none is available, a declaration under oath that the consumer has no Adequate Proof of Purchase and that he or she purchased a Covered Product (including an identification of the particular product purchased and the date and location of the purchase(s)); (iv) the specific grounds for the objection; (v) identification and description of all documents, writings, or other evidence the Settlement Class member desires the Court to consider, including but not limited to the names and expected testimony of any witnesses; and (vi) a notice of intention to appear (if any), that lists the name, address, and telephone number of the attorney, if any, who will appear.

c.      Any Settlement Class member who fails to object in the manner prescribed in this Paragraph shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding.  To appeal from any provision of an order approving the settlement as fair, reasonable, and adequate; any incentive awards to the named Plaintiffs; or any award of attorneys' fees and expenses to Settlement Class Counsel, the Settlement Class member must appear in person, or through his or her counsel, or seek leave of Court excusing such appearance prior to the Fairness Hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

d.      Any Settlement Class Members who object shall make themselves available to be deposed by Class Counsel and counsel for Rexall in the county of the objector's residence within 21 days of service of his or her timely written objection.

6

e.    Any objections by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims, brokers, claims filing services, claims consultants, or third-party claims organizations; except that such objections or requests may be submitted by a Settlement Class Member's attorney on an individual basis.

10.    **Declaration of Compliance**. Defendants shall file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements, after Class Notice has been given following the terms of the Agreement and this Order.

11.    **Claim Deadline.** All Claim Forms must be postmarked on or before the Claim Deadline set by the Court. The Claim Deadline is December 2, 2013.

12.    **Preliminary Injunction.**  In further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction shall pay the costs and attorneys' fees incurred by Rexall or any other Released Party as a result of such violation.

13.    **No Admissions.** The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption,

7

concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Rexall. Rexall has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

14.     **Vacation of Certification.** The preliminary certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation or any other action or proceeding.

15.     **Second Amended Class Action Complaint.** In connection with and solely in furtherance of the Settlement, a Second Amended Class Action complaint was filed on behalf of a nationwide class of all persons in the United States who purchased the Covered Products. The filing of this Second Amended Class Action Complaint was purely for settlement purposes. If the Settlement is terminated for any reason, the Second Amended Class Action Complaint will be withdrawn.

8

16.     **Schedule.** Based on the foregoing, the Court has established the following

schedules and deadlines in this matter:

| Date | Deadline/Event |
|---|---|
| June 17, 2013 | Deadline for Settlement Administrator to mail Class Notice and post settlement information to website; magazine publication notices to begin rolling out pursuant to magazine publication dates |
| August 1, 2013 | Deadline for filing of statements by objectors; Deadline for filing notice of intent to appear at final approval hearing; Deadline for class members to file requests for exclusion |
| August 14, 2013 | Deadline for filing Application(s) for Attorneys' Fees; Deadline for filing memoranda in support of final approval; Deadline for filing Response to Objections or Motions to Intervene |
| August 28, 2013 | Deadline for filing any supplement responses to Objections or Motions to Intervene |
| September 4, 2013 | Final Approval Hearing |
| December 3, 2013 | Claim Deadline |

**IT IS SO ORDERED.**

Dated: _24 May 2013_ , 2013

JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE