UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ILLINOIS
Case No. 11-CV-07972

**FILED**

AUG - 1 2013

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

PEARSON, et al.

v.

NBTY, INC., et al.

_____/

## OBJECTION TO SETTLEMENT AND AWARD OF ATTORNEYS' FEES BY CLASS MEMBER SIMONE THOMAS

COMES NOW, SIMONE THOMAS (Objector), 2109 N.W. 12th Avenue, Ft. Lauderdale, FL 33311, who files this Objection to Settlement and Award of Attorneys' Fees, objecting to the Stipulated Class Action Settlement and application for attorneys' fees by settlement counsel and states as follows:

### I. Membership in Settlement Class.

It has come to my attention that I am a member of the class of purchasers of several of the subject products. Specifically, I purchased the following products during the delineated time periods: 1) CVS Regular Strength Glucosamine Chondroitin (2005-2007); 2) Osteo Bi-Flex Glucosamine (2010-2012); and 3) Walgreens Glucosamine Chondroitin (2007). These products were purchased in south Florida (Ft. Lauderdale/Broward County area) at various locations including CVS Pharmacy, Walgreens and other drug stores, for various conditions from which I suffered. I relied on representations made by the manufacturers about the effectiveness of these products. I am not certain if I will be able to attend the Court's Fairness Hearing in person. However, I hope that the Court will consider my Objection.

## II.     Specific Objections to Settlement.

Based upon my reading of the Notice of Class Action Settlement, Settlement Agreement and General Release, and Preliminary Approval Order, I object to the settlement for several reasons. First, the settlement is unfair to the class members because it is insufficient. Class counsel argues that the settlement is fair. Since they are seeking an award of attorneys' fees of $4,500,000, it is clearly fair to them. However, in addition to the attorneys' fees and costs, there is an administrative cost of at least $1,500,000, which could rise to the level of $2,500,000.

From my reading of the settlement documentation, it appears that the total funds made available to compensate the entire class could be as low as $2,000,000. This amount is woefully inadequate to compensate the class members in exchange for their agreement not to sue the Defendants based on the multiple representations made regarding the effectiveness of their products. The Defendants were enriched through the sale of their products. The class members are not receiving adequate compensation.

Secondly, the settlement is unfair because the attorneys' fees being paid to class counsel and the administrative costs being paid are excessive in relation to the benefits accruing to the benefit of the class. It appears that both the payment of attorneys' fees to the class counsel and the administrative costs could likely exceed the total funds made available to the class. The class is getting very little to nothing for what took place, while class counsel is receiving significant payment. I believe that the amount of legal work involved in this case is minimal and the amount of money requested by class counsel is extreme in comparison to the $50 or $12 a class member would be entitled.

Finally, I object to the proposed settlement because it places an undue burden on the class members to supply evidence of purchase of the product in order to qualify for the higher

2

settlement amount of $50, which ultimately would leave most class members with only the option to accept the lower settlement amount of $12. I do not have cash register receipts or intact boxes or bottles with UPC code and readable lot number, due to the amount of time that has passed since my purchases were made. Thus, the settlement is unfair because it places an undue burden to produce proof of payment from years ago. Further, I believe it is unfair to limit damages to 10 bottles, for a total of $50. I purchased numerous boxes of these products, and I am not being adequately compensated.

I request that the Court recognize that members of the class are not fairly and adequately compensated by this proposed settlement, and should therefore withhold approval of the settlement.

Signed this 27 day of July, 2013

SIMONE THOMAS
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
simonethomas3@yahoo.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27 day of July, 2013, the foregoing was furnished via U.S./Certified Mail to: **Clerk of Court, United States District Court, Northern District of Illinois**, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604; **Peter N. Freiberg, Esq.**, Stewart M. Weltman, LLC (Of Counsel Levin, Fishbein, Sedran & Berman), 53 W. Jackson, Suite 364, Chicago, Illinois 60604; **Kara L. McCall, Esq.**, Sidley Austin, LLP, One S. Dearborn Street, Chicago, Illinois, 60603.

SIMONE THOMAS
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
simonethomas3@yahoo.com