

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, individually and on behalf of all others similarly situated; | ) ) ) ) ) ) ) | 11 CV 07972 Judge James Zagel **OBJECTIONS OF KATHLEEN MCNEAL AND ALISON PAUL TO SETTLEMENT AND NOTICE OF INTENT TO APPEAR** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| NBTY, INC., a Delaware Corporation; and REXALL SUNDOWN, INC., a Florida Corporation; TARGET CORPORATION, a Minnesota Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FILED**

AUG X 9 2013
8 - 9 - 13
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### I.     INTRODUCTION

Kathleen McNeal and Alison Paul ("Objectors") object to the Proposed Class Action.

Objectors declare they are Class Members qualified to make a claim. Copies of the

notices sent to them are attached as Exhibit A.

### II.     OBJECTIONS

#### A. The Court Must Protect the Class

The court has a duty under Rule 23 of the Federal Rules of Civil Procedure as the

guardian of the absent class members' interests to independently determine whether the

settlement agreement is fair, reasonable, and in the best interests of the class. *Waters* v.

*City of Chicago*, 95 Ill. App. 3d 919, 924, 420 N.E.2d 599, 603 (Ill. App. Ct. 1981). The

Seventh Circuit has warned that "the structure of class actions under Rule 23 . . . gives

1

class action lawyers an incentive to negotiate settlements that enrich themselves but give scant reward to class members, while at the same time the burden of responding to class plaintiffs' discovery demands gives defendants an incentive to agree to early settlement that may treat the class action lawyers better than the class." *Thorogood* v. *Sears, Roebuck & Co.*, 627 F.3d 289, 293 (7th Cir. 2010). Accordingly, courts are instructed to "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006.)

The district court's scrutiny does not end with a detailed analysis of the settlement terms, but rather, extends to the fee request made by counsel as well. The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003. Therefore, the Court becomes the fiduciary for the class and must monitor disbursement to the class and attorneys. *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), *cert. denied,* 493 U.S. 810 (1989.)

The Proposed Settlement is not reasonable, fair or adequate. Based on all of the objections lodged to the Proposed Settlement, the settlement should be set aside in its entirety. *See,Schulte v. Fifth Third Bank,* 805 F.Supp.2d 560 (N.D.Ill 2011):

"The courts have held that their function is not to modify the terms of a proposed

settlement; but rather to approve or disapprove of the proposed settlement as a

whole." 8 Newberg on Class Actions, §24:126 (4th ed.)(citing *Evans v. Jeff D.,* 475

U.S. 717 (1986)("the power to approve or reject a settlement negotiated by the parties

before trial does not authorize the court to require the parties to accept a settlement to

which they have not agreed."); *see also, Turner v. Murphy Oil, USA, Inc.,* 472

F.Supp.2d 830, 843 (E.D.La. 2007)("the court is also limited in that it may not make

unilateral modifications or alterations to the proposed settlement, but rather may only

accept or reject the agreement as a whole.").

805 F.Supp.2d at 591-92. Accordingly, if any portion of the settlement is unfair,

unreasonably, or inadequate, the entire settlement must be rejected.

## B. THE PROOF REQUIREMENT TO MAKE A CLAIM IS INHERENTLY UNFAIR AND UNREASONABLE

The settlement provides for a bifurcated settlement class: those who save drug

store receipts and those who do not. Those few class members who save itemized

receipts are entitled to up to $50 (ten times $5 per bottle of product), if they saved their

receipts and used bottles. This requirement is patently unreasonable. One California

court noted the unreasonableness of this requirement: "Consumers are not likely to retain

records of small purchases for long periods of time." *State of California v. Levi Strauss

& Co.,* 41 Cal.3d 460, 472 (1986).

Additionally, although a class member can submit used bottles, the postage

required to send in these used bottles of product with their claim form would outweigh

the additional $2 per bottle one is entitled to by submitting these bottles. Ultimately, this

class distinction is inherently unfair and the bifurcated award level is ethereal at best. A perusal of the settlement documents did not reveal any research to support such an unreasonable distinction, nor the estimate of the number of class members who might actually have retained such documentation (or empty bottles of product).

Further, the nature of the harm to the class members is identical: perceived deceptive claims regarding the efficacy of the product. Accordingly, the distinction between those who save drug store receipts and those who do not is unfair and must be rejected.

### C. THE CLAIMS PROCESS IS CONFUSING, TIME CONSUMING, AND EXPENSIVE.

Due to the tiered nature of the benefits, and because this is a claims-made settlement, the process of disbursing the benefits is unduly complicated and expensive, and further exacerbates the difference between those who save receipts and those who do not, while suffering the same advertising injury.

There can be no disagreement that claims-made settlements have notoriously low participation rates, especially when class members must spending time making a claim form to collect as little as $3. *See, e.g., Sylvester v. CIGNA Corp.,* 369 F.Supp.2d 34, 52 (D.Me. 2005)("claims-made settlements regularly yield response rates of 10% or less"). That Defendants have guaranteed a $2 million payout does not ameliorate the confusing, expensive and time-consuming claims procedure.

The parties concede that it will be difficult to hit the $2 million target in the Settlement Agreement. If, after the claims deadline, the claims do not equal $2 million, there will be a second level of payout. Those who saved receipts will then get a pro rata

additional distribution of up to three times what they were eligible for. Then, if it still

does not hit $2 million, those who did not save receipts will be eligible for a pro rate

additional distribution of up to twice what they were eligible for. Then, if there is still

money in the settlement fund, it will be distributed to an appropriate named charity

(which these Objectors do not find any fault with). Accordingly, there is the first round

of distribution, then a second round of distribution, then a third round of distribution, and

then, most likely, a distribution to the *cy pres* recipient. These four separate rounds of

administration are costly and time-consuming, and not fully justified when viewing the

actual benefits to the class members: a distribution of $3 to $50, depending on whether

one saved his receipts. In other words, the costs do not justify the ends. Accordingly,

this constitutes a separate basis upon which to reject the settlement.

### D. THE OBJECTION REQUIREMENTS ARE ONEROUS AND NOT SUPPORTED BY THE LANGUAGE IN RULE 23

The Notice provides that in order to preserve one's objections, one "must" appear

at the fairness hearing in Illinois on September 4, or give notice that he or she will not

appear, and can request that the Court excuse this requirement. Rule 23 contains no such

requirement, which is contrary to due process. *See, e.g., State of California v. Levi*

*Strauss & Co.,* 41 Cal.3d 460, 484 (1986)(C.J.Bird, concurring)("Class members have a

due process interest in expressing their own views to the courts."). To require a class

member in a nationwide class to appear at the fairness hearing to preserve his objection is

patently unreasonable, and can only be interpreted as an attempt to quash all objectors,

whether serial or other. Because a class action releases rights on a large scale, due

process and the right to object are important and must not be undermined by zealous class

counsel and defense counsel, admittedly eager to put this litigation behind it ("Rexall is settling to avoid the expense, inconvenience, and inherent risk of litigation," section 3 of Class Notice).

The *Manual for Complex Litigation* notes the importance of objectors in evaluating the fairness of a class action settlement:

> Objectors can play a useful role in the court's evaluation of the proposed settlement terms. They might, however, have interests and motivations vastly different from other attorneys and parties. [¶] Objectors can provide important information regarding the fairness, adequacy, and reasonableness of settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement. For example, an organization's decision in one case transformed a settlement from one in which the lawyers received a majority of the funds to one that primarily benefited class members.

*Manual for Complex Litigation, Fourth,* §21.643, p. 326, "Role of Objectors in Settlement." The requirement that an objector appear at the fairness hearing, or request the Court's permission for relief from this onerous requirement in a nationwide class, is a transparent attempt to discourage any objections whatsoever, and must be rejected outright as a condition for objecting. This, too, constitutes a basis upon which the Court can reject the settlement as unfair. It is not reasonable to invite California residents to object but only if they are willing to pay the price to travel to Illinois.

### E.  THE ATTORNEYS' FEES APPEAR UNREASONABLE

Attorneys' fees must reflect the actual value recouped by the class members. *In*

*re Excess Value Ins. Coverage Litig.*, No. M-21-84RMB, MDL-1139, 2004 WL 1724980, at 13 (S.D.N.Y. July 30, 2004). When the process for awarding attorneys' fees is non-adversarial, courts must be particularly diligent in comparing the value of the settlement with the fee award. *See, Weinberger* v. *Great N. Nekoosa Corp.,* 925 F.2d 518, 525 (1st Cir. 1991). While these Objectors appreciate that this case began in multiple district courts and was subsequently consolidated, there is no attorneys' fee application on file with the Court as of the date objections are due. This runs afoul of Rule 23(h):

> The district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion. [¶] The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date *after* the motion and documents supporting it have been filed. The relevant portions of Rule 23(h) provide:
>
> (1)  A claim for an award must be made by motion under rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
>
> (2)  A class member, or a party from whom payment is sought, may object to the motion.

*In re Mercury Interactive Corp. Securities Litigation,* 618 F.3d 988, 993 (9th Cir. 2010). In fact, the fee request, at $4.5 million, appears especially suspect, given that the total class recovery will not exceed $2 million.

These Objectors have grave concerns about the fee request, given that the settlement was reached *prior to* the Court's ruling in February, 2013, that the initial disclosures pursuant to Rule 26 would be made by March 31, 2013. A minute order dated March 22, 2013, prior to the date for initial disclosures, indicates that the parties reached a settlement agreement apparently before any discovery had been completed. While clearly these Objectors have not had the opportunity to review class counsel's fee request because they have not filed one, they are skeptical that any fee request could be justified in the absence of any completed discovery. There is no lodestar justification, nor any "percentage of the fee" justification, most likely because the requested fees dwarf the class recovery.

These Objectors contend that they have been denied their due process rights to inspect the fee petition, as guaranteed in Rule 23(h), and that the fee request must be delayed until after it has been posted for the class' inspection.

### III.   JOINDER IN OTHER OBJECTIONS

These Objectors adopt and join in all other objections filed by other class members in this case, and incorporate them by reference as if they appeared in full herein.

### IV.   CONCLUSION

For the foregoing reasons and all others presented at oral argument, these Objectors respectfully request that the Court sustain their objections and grant the following relief:

A. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

B. Award an incentive fee to these Objectors for their service in improving the fairness of the settlement, as well as consider awarding an attorneys' fee to their attorney.

LAW OFFICES OF DARRELL PALMER PC

Dated: August 1, 2013

Joseph Darrell Palmer
Attorney for Objector

Law Offices of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
Phone: 858-792-5600
Fax: 866-583-8115
Email: Darrell.palmer@palmerlegalteam.com

Attorney for Objectors Kathleen McNeal and
Alison Paul

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2013, I mailed this document to:

Clerk of Court, United States District Court, Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604

Settlement Class Counsel:
Peter N. Freiberg, DENLEA & CARTON, LLP, One North Broadway, Suite 509, White Plains, New York 10601

Stewart M. Weltman, STEWART M. WELTMAN, LLC (Of Counsel Levin Fishbein Sedran & Berman), 53 W. Jackson Suite 364, Chicago, Illinois 60604

Rexall's Counsel:
Kara L. McCall, SIDLEY AUSTIN LLP, One S. Dearborn Street, Chicago, Illinois 60603

Joseph Darrell Palmer
Attorney for Objector

Glucosamine Settlement c/o Claims Administrator
P.O. Box 170
Philadelphia, PA 19105-0170

PRSRT First Class
US Postage
PAID
Permit #2019
San Diego, CA

**LEGAL NOTICE**
SEE OTHER SIDE FOR DETAILS

KATHLEEN MC NEAL
1546 31ST ST
SAN DIEGO CA 92102-1506

Glucosamine Settlement c/o Claims Administrator
P.O. Box 170
Philadelphia, PA 19105-0170

PRSRT First Class
US Postage
PAID
Permit #2019
San Diego, CA

**LEGAL NOTICE**
SEE OTHER SIDE FOR DETAILS

ALISON PAUL
PO BOX 755
CARDIFF BY THE SEA CA 92007-0755

# EXHIBIT A