**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation<br><br>    Defendants.<br><br>THEODORE H. FRANK,<br><br>    Objector. | Case No. 11-CV-07972<br><br>CLASS ACTION<br><br>Hon. James B. Zagel |

**NOTICE OF PERTINENT AUTHORITY**

Objector Theodore H. Frank submits this Notice of Pertinent Authority regarding the recent decision in *In re Dry Max Pampers Litigation*, --F.3d--, No. 11-4156 (6th Cir. Aug. 2, 2013) (slip opinion attached at Exhibit 1). *Pampers* reversed approval of a class action settlement involving a class of purchasers of Dry Max diapers. It bears upon a number of issues raised in the Objection to this settlement.

*Pampers* reaffirmed the essential fiduciary roles of courts, class counsel and the class representatives. Slip Op. at 1, 6. *Accord* Frank Obj. (Dkt. 95) at 4-5. The burden of proving fairness resides squarely with the proponents. Slip Op. at 8; Frank Obj. at 4. The ratio of fees to class award

is an intimate part of that inquiry, even where the settlement is not structured as a traditional common fund. Slip Op. at 6-7 ("preferential treatment" in fees vis-à-vis class relief renders settlement unfair); *accord* Frank Obj. at 6-12, 16 n.11. "[T]he adversarial process" between the parties can only assure fairness with respect to the total sum paid, "not the manner in which that amount is *allocated* between the class representatives, class counsel, and unnamed class members." Slip Op. at 6. *Accord* Frank Obj. at 4, 8.

*Pampers* endorses Frank's objection to any efforts to assign monetary class value to the prospective labeling relief and the notice and administration costs. *Compare* Slip Op. 9-11 *with* Frank Obj. 10-11 n.6 (citing cases holding that this type of injunctive relief is not valuable); 13 n.10 (noting that cost to the defendant is not the measure of compensable value). "The fairness of the settlement must be evaluated primarily based on how it *compensates class members*—not on whether it provides relief to other people." Slip Op. at 10 (quoting *Synfuel Techs. Inc v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006) and adding emphasis). Like *Pampers*, assigning any value to the labeling changes here "denigrate[s] the intelligence of ordinary consumers." Slip Op. at 9-10. The fact that "individual results may vary" is "within the ken of ordinary consumers, and thus of limited value to them." Slip Op. 10. Likewise, the labeling changes here do not provide a valuable alteration, e.g., replacing the previous label's "Help[s] Build Cartilage" with "Contains a key building block of cartilage." *See* Settlement Agreement, Exhibit B (Dkt. 73-1). "Cases are better decided on reality than on fiction." Slip Op. 11 (quotation omitted).

Lastly, *Pampers* is salient support for Frank's argument that the incentive awards undermine adequacy of representation. Obj. at 19-20. "These requirements are scrutinized more closely, not less, in cases involving a settlement class." Slip Op. at 12. The court held that the $1000 per child incentive awards in *Pampers* divorced named representative incentives from absent class members because the incentive awards had more than made them whole. *Id.* at 13. Thus, the representatives had "no reason to care whether the mechanisms available to unnamed class members can provide adequate relief." *Id.* The named representatives here are each petitioning for $5,000—well more than

any actual damages they could hope to obtain—and deprives the representatives of any incentive to ensure an equitable settlement.

*Pampers* counsels against both the certification of the settlement class and the fairness of the settlement itself. At the very least, it suggests that the settlement cannot be approved before the claims process runs its course, only then allowing a decision based on reality and proof rather than on fiction and supposition.


Dated: August 15, 2013.                /s/ Melissa A. Holyoak
                                       Melissa A. Holyoak, (DC Bar No. 487759)
                                       Center for Class Action Fairness
                                       1718 M Street NW, No. 236
                                       Washington, DC 20036
                                       Phone: (573) 823-5377
                                       Email: melissaholyoak@gmail.com

                                       *Attorney for Theodore H. Frank*

**Certificate of Service**

    The undersigned certifies she electronically filed the foregoing Notice via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she caused to be served via First-Class mail a copy of this Notice upon the following:

| |
|---|
| Peggy Thomas<br>Simone Thomas<br>2109 N.W. 12th Avenue<br>Ft. Lauderdale, FL 33311 |
| Hon. James B. Zagel<br>United States District Court for the Northern District of Illinois<br>Everett McKinley Dirksen United States Courthouse<br>Chambers 2588<br>219 South Dearborn Street<br>Chicago, IL 60604 |

Dated: August 15, 2013.

                                                  /s/ Melissa A. Holyoak