# Exhibit A



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>HOUSTON<br>LONDON | LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| kmccall@sidley.com<br>(312) 853 2666 | FOUNDED 1866 | |

May 15, 2013

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Attorney General Eric Holder
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

  Re: Notice of Proposed Class Action Settlement (28 U.S.C. § 1715)

Dear Attorney General Holder:

  We write to advise of a proposed class action settlement involving Rexall Sundown, Inc., NBTY, Inc., and their affiliated entities (collectively, "Rexall"). Under the Class Action Fairness Act of 2005 ("CAFA"), defendants participating in a proposed class action settlement are required to serve upon the Attorney General of the United States and the Appropriate State Officials a notice of a proposed class settlement. *See* 28 U.S.C. § 1715. As explained further below, Rexall has entered into an agreement to settle six class action lawsuits that were filed in four United States District Courts. Accordingly, we are providing this notice.

  <u>The Litigation</u>

  Rexall manufactures and sells certain joint health dietary supplements containing glucosamine and/or chondroitin ("the Glucosamine Products"). The Glucosamine Products are sold both under the brand names of Rexall or its affiliates and under the brand names of companies not affiliated with Rexall.

  Starting in 2011, six putative class actions involving certain of the Glucosamine Products were filed: *Jennings v. Rexall Sundown*, No. 1:11-cv-11488-WGY (D. Mass); *Liliana Cardenas and Francisco Padilla v. NBTY, Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-LKK-CKD (E.D. Cal.); *Cecilia Linares and Abel Gonzalez v. Costco Wholesale, Inc.*, No. 3:11-cv-02547-MMA-RBB (S.D. Cal.); *Nick Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill.); *Ray Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-07686 (N.D. Ill.); and



May 15, 2013
Page 2

*Augustina Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-00406 (C.D. Cal.) (collectively, the "Litigation"). Plaintiffs in the Litigation have alleged that certain representations made on the labeling and packaging of the named Glucosamine Products are false, deceptive, and misleading. These claims are brought under various state consumer protection acts. Plaintiffs have made no allegations concerning the safety of the Glucosamine Products. Rexall denies the allegations raised by Plaintiffs and denies any liability in connection with the claims asserted in the Litigation.

Following protracted, arm's-length negotiations over several months, the parties reached an agreement in principle to settle the cases. The settlement is now embodied in a formal settlement agreement, and a motion for preliminary approval of the settlement has been filed in the U.S. District Court for the Northern District of Illinois (Case No. 1:11-cv-07972, Dkt. Nos. 73, 74).

### Compliance with 28 U.S.C. § 1715(b)

Subsection 1715(b) lists eight items that must be provided in connection with any proposed class action settlement. Each of these items is addressed below.

1. 28 U.S.C. § 1715(b)(1): Complaint and Related Materials

   A copy of all of the complaints and amended complaints in the Litigation are attached hereto, collectively, as Exhibit 1.

2. 28 U.S.C. § 1715(b)(2): Notice of Any Scheduled Judicial Hearing

   A motion for preliminary approval of the settlement was filed on May 7, 2013, and a preliminary approval hearing is scheduled for May 16, 2013 in the courtroom of the Honorable James B. Zagel of the United States District Court for the Northern District of Illinois.

3. 28 U.S.C. § 1715(b)(3): Notification to Class Members

   Copies of the notice plan, the long-form notice, and summary notice to be provided to class members are attached as Exhibits C, D, and E to the Settlement Agreement, which itself is attached hereto as Exhibit 2.



May 15, 2013
Page 3

    4.    28 U.S.C. § 1715(b)(4): Class Action Settlement Agreement

A copy of the April 15, 2013 Settlement Agreement, with exhibits, is attached hereto as Exhibit 2.

    5.    28 U.S.C. § 1715(b)(5): Settlement or Other Agreement Between Defendant's Counsel and Class Counsel

Other than the Settlement Agreement attached as Exhibit 2, there are no other settlements or other agreements between class counsel and counsel for Rexall.

    6.    28 U.S.C. § 1715(b)(6): Final Judgment

There has been no final judgment or notice of dismissal. The hearing to determine whether to give final approval to the settlement has not been scheduled yet.

    7.    28 U.S.C. § 1715(b)(7)(A) and (B): Estimate of Class Members in Each State

It is not feasible for Rexall to identify the names of class members who reside in each State for two reasons:

First, Rexall primarily sells the Glucosamine Products at issue to distributors and retailers who do not collect and/or provide Rexall with the identities of the retail consumers who in turn buy the products. With respect to these consumers, therefore, full compliance with 28 U.S.C. § 1715(b)(7)(A) is not feasible.

Second, there are three categories of class members whom Rexall can identify on an individual basis. These class members are either (a) members of NBTY's Ambassador's Club, (b) members of Vitamin World's loyalty program or online purchasers of Vitamin World glucosamine products, or (c) Costco Wholesale club members who have purchased Costco's Kirkland-brand glucosamine products at issue during the relevant time frame

Case: 1:11-cv-07972 Document #: 108-2 Filed: 08/29/13 Page 5 of 6 PageID #:936



May 15, 2013
Page 4

("known class member households"). Households in these three categories total almost five million. Due to the burden of individually listing almost five million names, compliance with 28 U.S.C. § 1715(b)(7)(A) is not feasible. In addition, Costco (who is not a party to the settlement) has refused to disclose a list of affected Costco Wholesale club members based on privacy concerns. However, we have attached hereto as Exhibit 3 a chart identifying the number of known class member households who reside in each state (to the extent that Rexall has mailing addresses rather than only email addresses), and the percentage of known class members households who reside in each state as a portion of the entirety of known class member households.

With respect to unknown class members (the majority of the class members), pursuant to 28 U.S.C. § 1715(b)(7)(B), Exhibit 4 provides a reasonable estimate of the number of class member households residing in each state. To reach these figures, Rexall estimated the number of units shipped into each state. It then determined an estimate of units sold per household based on household purchasing data and repeat purchase data from a third party, for the Osteo Bi-Flex and Flex-a-min products.[1] By applying this purchasing data to the estimate of total unit sales in each state, Rexall was able to estimate the approximate number of class member households in each state, as reflected in Exhibit 4. Because of the way the numbers were calculated, the household number estimates provided in Exhibit 4 are <u>inclusive</u> of the known households identified in Exhibit 3.

Exhibit 4 also provides the estimated proportionate share of the claims of the settlement class members in each state to the entire settlement, see 28 U.S.C. § 1715(b)(7)(B), based on the assumption

---

[1] Osteo Bi-Flex and Flex-a-min are two of the Glucosamine Products covered by the settlement. Osteo Bi-Flex and Flex-a-min were chosen to calculate the household purchasing data and repeat purchasing data because, among the Glucosamine Products at issue, these products account for a large percentage of sales and these are the products for which Rexall has the most purchasing data.



May 15, 2013
Page 5

> that the claims rate will be proportionate to the number of settlement class members residing in each state. This is a reasonable assumption given that a settlement class member of any state has an equal opportunity to share in the settlement consideration (*i.e.*, the size of a claimant's award does not depend on the state in which he or she lives).
>
> 8. 28 U.S.C. § 1715(b)(8): Judicial Opinions Related to the Settlement
>
> At this time, there are no judicial opinions related to the Settlement Agreement.

Timeliness of this Notice

Section 1715 provides two deadlines for service of the CAFA notice, and Rexall either has complied or will comply with both of these deadlines. First, 28 U.S.C. § 1715(b) provides that Rexall must serve this notice "not later than 10 days after a proposed settlement of a class action is filed in court." Rexall has complied with this deadline because the settlement was filed in court on May 7, 2013. Second, 28 U.S.C. § 1715(d) provides that "[a]n order giving final approval of a proposed settlement may not be issued earlier than 90 days after" service of the notice on the appropriate Federal official. This notice will comply with that deadline as well, because the final approval hearing will not be scheduled until after August 20, 2013.

\* \* \*

Please contact me if you require any additional materials or need any further information about the above matter.

Very truly yours,

Kara L. McCall

Attachments