# EXHIBIT 1

COPY

FILED

2013 MAR -4 PM 4:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY FAX

1   BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
2   ELAINE A. RYAN (*Admitted Pro Hac Vice*)
    eryan@bffb.com
3   PATRICIA N. SYVERSON (203111)
    psyverson@bffb.com
4   LINDSEY M. GOMEZ-GRAY (*To be Admitted Pro Hac Vice*)
    lgomez-gray@bffb.com
5   2325 E. Camelback Road, #300
    Phoenix, AZ 85016
6   Telephone: (602) 274-1100
    Facsimile: (602) 274-1199
7
    BONNETT, FAIRBOURN, FRIEDMAN
8      & BALINT, P.C.
    Manfred P. Muecke (222893)
9   600 W. Broadway, Suite 900
    San Diego, California 92101
10  mmuecke@bffb.com
    Telephone: (619) 756-7748
11  Facsimile: (602) 274-1199

12  STEWART M. WELTMAN, LLC
    Stewart Weltman (*Admitted Pro Hac Vice*)
13  53 W. Jackson Suite 364
    Chicago, IL 60604
14  sweltman@weltmanlawfirm.com
    Telephone: (312) 588-5033
15  (Of Counsel Levin Fishbein Sedran & Berman)

16  Attorneys for Plaintiff

17           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA

18  AUGUSTINA BLANCO, On Behalf        ED CV 13 - 00406 JGB SPx
    of Herself and All Others Similarly   Case No.:
19  Situated,
                                         CLASS ACTION
20                   Plaintiff,
                                         1. VIOLATION OF THE UNFAIR
21          v.                              COMPETITION LAW, Business and
                                            Professions Code §17200 *et seq.*;
22  CVS PHARMACY, INC., a Rhode         2. VIOLATION OF CONSUMERS
    Island Corporation,                     LEGAL REMEDIES ACT, Civil
23                                          Code §1750 *et seq.*; and
                     Defendant.          3. BREACH OF EXPRESS
24                                          WARRANTY.

25                                       DEMAND FOR JURY TRIAL

26

27

28

                    CLASS ACTION COMPLAINT

*1*

1    Plaintiff Augustina Blanco, by and through her attorneys, brings this action on

2  behalf of herself and all others similarly situated Defendant CVS Pharmacy, Inc. ("CVS

3  Pharmacy" or "Defendant") and states:

### NATURE OF ACTION

5    1.    CVS Pharmacy markets, sells and distributes a line of joint health dietary

6  supplements under its "CVS" brand name.[1]  All five products bear the name Glucosamine

7  in bold, large letters, prominently at the top front of each label. The primary purported

8  active ingredient in all of CVS Pharmacy's Glucosamine Products is glucosamine

9  hydrochloride.    Through an extensive, widespread, comprehensive and uniform

10  nationwide marketing campaign, CVS Pharmacy promises that its Glucosamine Products

11  will help renew/nourish cartilage, promote mobility and flexibility and improve joint

12  comfort.  For example, the Advanced Formula Glucosamine Chondroitin Triple Strength

13  and Advanced Formula Glucosamine Chondroitin Double state that the Products

14  "nourish cartilage," "promote[] mobility and flexibility", "provide renewed joint

15  comfort" and that the Products offer "the science of joint care and protection."  Similar

16  statements are made on the other Glucosamine Products, in that the labeling and

17  packaging states that the Products help to "support[] renewal of cartilage"[2] and "support

18  joint comfort" (collectively, the "joint health benefit representations").

19    2.    No limitations accompany Defendant's joint health benefit representations,

20  such that the takeaway is that the Glucosamine Products will provide these specific joint

21  health benefits for all joints in the human body, for adults of all ages and for all manner

22  and stages of joint related ailments.  In this vein, every Glucosamine Product label

---

[1]    The Glucosamine Products include, but are not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or "the Products"). Plaintiff reserves the right to include other Products upon completion of discovery.
[2]  "Glucosamine also helps to support joint cartilage" (Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D)

1

depicts a person running and has circles highlighting a variety of joints including the runners' elbows, hips, knees and shoulders.

3.      Furthermore, the representations that Defendant makes on the Glucosamine Products labels with respect to repairing cartilage, improving mobility and flexibility, and helping with joint discomfort are clearly directed at and, as a result, the majority of persons who purchase the Glucosamine Products are persons suffering from osteoarthritis. For example, the University of Chicago Medicine web site describes the symptoms of osteoarthritis as a breakdown of joint cartilage which in turn interferes with joint mobility and causes joint pain and stiffness[3] -- these are almost verbatim the symptoms that Defendant represents that the Glucosamine Products will relieve. Thus, Defendant's representations, at a minimum, implicitly claim, using lay terminology, that the Glucosamine Products have a positive effect on the characteristic symptoms of arthritis.

4.      In truth, the Glucosamine Products do not relieve joint discomfort, promote flexibility or mobility or support cartilage repair. Clinical cause and effect studies have found that the primary active in ingredient in the Glucosamine Products, glucosamine, is ineffective, taken alone or in combination with the other ingredients in the Products, with regard to the purported joint health benefits represented on the Products' packaging and labeling. As a recent study sponsored by the National Institute of Health ("NIH") concluded: "The analysis of the primary outcome measure did not show that [glucosamine], alone or in combination, was efficacious. . . ." Clegg, D., et al., Glucosamine, Chondroitin Sulfate, and the Two in Combination for Painful Knee Osteoarthritis, 354 New England J. of Med. 795, 806 (2006) ("2006 GAIT Study"). While most of the clinical studies finding a lack of efficacy (using the same amounts of the ingredients as are in Defendant's Glucosamine Products) were performed on subjects with arthritis, some were performed on "healthy" subjects. Moreover, experts in the field

---

[3] *See* http://www.uchospitals.edu/online-library/content=P00061.

1   deem the arthritis clinical studies finding the ingredients to be inefficacious to be proxies

2   for whether the ingredients are effective for both arthritic and non-arthritic users of these

3   ingredients.    As a result, in addition to affirmatively misrepresenting the joint health

4   benefits of the Glucosamine Products, the failure of Defendant to disclose the facts

5   regarding these studies also constitutes deception by omission or concealment.    Thus,

6   Defendant's joint health benefit representations and omissions are false, misleading and

7   reasonably likely to deceive the public.

8        5.    Despite the deceptive nature of Defendant's representations, Defendant

9   conveys its uniform, deceptive message to consumers through a variety of media

10  including its website and online promotional materials, and, most important, at the point

11  of purchase, on the front of the Products' packaging and/or labeling where it cannot be

12  missed by consumers. The only reason a consumer would purchase the Glucosamine

13  Products is to obtain the advertised joint health benefits, which the Products do not

14  provide.

15       6.    As a result of Defendant's deceptive joint health benefit representations,

16  consumers – including Plaintiff and members of the proposed Class – have purchased

17  Products that do not perform as advertised.

18       7.    Plaintiff brings this action on behalf of herself and all other similarly

19  situated consumers to halt the dissemination of this false and misleading advertising

20  message, correct the false and misleading perception it has created in the minds of

21  consumers, and obtain redress for those who have purchased the Glucosamine

22  Products.    Based on violations of state unfair competition laws (detailed below) and

23  breach of express warranties, Plaintiff seeks injunctive and monetary relief for consumers

24  who purchased the Products.

25                       **JURISDICTION AND VENUE**

26       8.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).    The

27  matter in controversy, exclusive of interest and costs, exceeds the sum or value of

28

3

1 $5,000,000 and is a class action in which there are in excess of 100 class members and

2 many members of the Class are citizens of a state different from Defendant.

3      9.     This Court has personal jurisdiction over CVS Pharmacy because CVS

4 Pharmacy is authorized to do and does business in California.  CVS Pharmacy has

5 marketed, promoted, distributed, and sold its Glucosamine Products in California and

6 CVS Pharmacy has sufficient minimum contacts with this State and/or sufficiently avails

7 itself of the markets in this State through its promotion, sales, distribution and marketing

8 within this State to render the exercise of jurisdiction by this Court permissible.

9      10.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b)

10 because a substantial part of the events or omissions giving rise to Plaintiff's claims

11 occurred while she resided in this judicial district.  Venue is also proper under 18 U.S.C.

12 §1965(a) because CVS Pharmacy transacts substantial business in this District.

13 **<u>PARTIES</u>**

14      11.    Plaintiff Augustina Blanco resides in Moreno Valley, California.  In or

15 around February 2012, Plaintiff Blanco was exposed to and saw CVS Pharmacy's

16 representations by reading the label of the Glucosamine Chondroitin Triple Strength

17 with MSM product at a CVS store in Moreno Valley, California.  In reliance on the

18 joint health benefit representations on the front of the label, Plaintiff purchased

19 Glucosamine Chondroitin Triple Strength with MSM and paid approximately $18-$20

20 for the bottle.  Had Plaintiff known the truth about Defendant's misrepresentations and

21 omissions, including that the scientific evidence demonstrated that the Product was not

22 effective as represented by Defendant, Plaintiff would not have purchased Glucosamine

23 Chondroitin Triple Strength with MSM.  Plaintiff used Glucosamine Chondroitin Triple

24 Strength with MSM as directed and, consistent with the scientific evidence that the

25 Product was not effective, the Product did not work.  As a result, Plaintiff suffered injury

26 in fact and lost money.

27

28

**CLASS ACTION COMPLAINT**

12.     Defendant CVS Pharmacy, Inc. ("CVS Pharmacy") is a corporation organized and existing under the laws of the state of Rhode Island, and which has its principal place of business in the state of Rhode Island.   CVS Pharmacy is a subsidiary of CVS Caremark Corporation.   CVS Pharmacy promoted, marketed and sold the Glucosamine Chondroitin products throughout the United States, including California.

## FACTUAL ALLEGATIONS

### The Glucosamine Chondroitin Products

13.     CVS Pharmacy is one of the largest pharmacy retailers in the United States, operating over 6,900 CVS/pharmacy and Longs Drugs retail stores, mail order, retail outlets, and health clinics where it sells retail goods, and CVS.com.   This lawsuit concerns five of those products:   (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength. The Glucosamine Chondroitin products are available in 30, 50, 60, 80, 120 and 150 count bottles. Screen shots of the Glucosamine Products appear as follows:

   

14.     Since the Products' launch, CVS Pharmacy has consistently conveyed the message to consumers throughout the United States, including California that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve "joint comfort," simply by taking the recommended number of tablets each

5

1 day.   They do not.   CVS Pharmacy's joint health benefit representations are false,
2 misleading, and reasonably likely to deceive the public.

3     15.   The active ingredient in all the Glucosamine Products is glucosamine
4 hydrochloride.  As more fully set forth below, the scientific evidence is that glucosamine,
5 taken alone or in combination, does not provide the joint health benefits represented by
6 CVS Pharmacy.

7     16.   In addition to the primary active ingredient, Defendant's Glucosamine
8 Products contains lesser amounts of other ingredients, including: chondroitin sulfate;[4]
9 methylsulfonylmethane ("MSM");[5] hyaluronic acid;[6] Boswellia Serrata;[7] and Univestin,
10 a dual bioflavanoid antioxidant system consisting of Chinese Skullcap Extract, Black
11 Catechu Extract and Maltodextrin.[8]  As more fully discussed below, these ingredients are
12 also not effective in providing the joint health benefits represented by Defendant

13     17.   Even though numerous clinical studies have found that the primary
14 ingredient in CVS Pharmacy's Glucosamine Products, glucosamine, alone or in
15 combination, is ineffective, CVS Pharmacy continues to state on the Products' packaging
16 and labeling that the Glucosamine Products helps to, inter alia: renew/nourish cartilage,
17 promote mobility and flexibility and improve joint comfort without any limitation on
18 which joints and without any limitation on what stages of joint related ailments. Front,
19 back, and side shots of a representative Advanced Formula Glucosamine Chondroitin
20 Triple Strength label appear as follows:

21

---

22 [4] Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D is the only Product that
does not contain chondroitin sulfate.
23 [5] Advanced Formula Glucosamine Chondroitin Triple Strength and Glucosamine HCL
1500 mg + Boswellia Serrata & Vitamin D are the only Products that do not contain
24 MSM.
[6] Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D is the only Product that
25 does not contain hyaluronic acid.
[7] Advanced Formula Glucosamine Chondroitin Triple Strength and Advanced Formula
26 Glucosamine Chondroitin Double Strength are the only Products that does not contain
Boswellia Serrata.
27 [8] Advanced Formula Glucosamine Chondroitin Triple Strength and Advanced Formula
Glucosamine Chondroitin Double Strength are the only Products that contain Univestin.
28

**CLASS ACTION COMPLAINT**

Front

Left Side



18.     Defendant's Product labels also contains a fine print "disclaimer" at the bottom of the side panel stating, "These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease."  This disclaimer language is required by Federal law and FDA regulations where a dietary supplement manufacturer makes "structure or function" statements about its product.  *See* 21 C.F.R. § 101.93.  Under applicable Federal Regulations, "structure and function" statements, which the disclaimer language accompanies, must be limited to a description of the role that a dietary ingredient is "intended to affect the structure or function in humans." 21 U.S.C. § 343 (r)(6).

*Scientific Studies Confirm The Glucosamine Products Are Not Effective.*

19.     Independent studies published, at least as early as 2004, have found that glucosamine, alone or in combination, is not effective in providing the represented joint health benefits.

7

20.    For example, a 2004 study by McAlindon et al., entitled Effectiveness of Glucosamine For Symptoms of Knee Osteoarthritis: Results From an Internet-Based Randomized Double-Blind Controlled Trial, 117(9) Am. J. Med. 649 (Nov. 2004), concluded that glucosamine was no more effective than placebo in treating the symptoms of knee osteoarthritis – in short, it was ineffective.

21.    Also as early as 2004, many studies confirmed there is a significant "placebo" effect with respect to consumption of products represented to be effective in providing joint health benefits such as Defendant's Product – 30% and more of persons who took placebos in these studies believed that they were experiencing joint health benefits when all they were taking was a placebo. In this regard, a 2004 study by Cibere et al., entitled Randomized, Double-Blind, Placebo-Controlled Glucosamine Discontinuation Trial In Knee Osteoarthritis, 51(5) Arthritis Care & Research 738-45 (Oct. 15, 2004), studied users of glucosamine who had claimed to have experienced at least moderate improvement after starting glucosamine. These patients were divided into two groups – one that continued using glucosamine and one that was given a placebo. For six months, the primary outcome observed was the proportion of disease flares in the glucosamine and placebo groups. A secondary outcome was the time to disease flare. The study results reflected that there were no differences in either the primary or secondary outcomes for glucosamine and placebo. The authors concluded that the study provided no evidence of symptomatic benefit from continued use of glucosamine – in other words, any prior perceived benefits were due to the placebo effect and not glucosamine.

22.    In the 2006 Gait Study, the study authors rigorously evaluated the effectiveness of glucosamine and chondroitin, alone and in combination, on osteoarthritis for six months. According to the study's authors, "The analysis of the primary outcome measure did not show that either supplement, alone or in combination, was efficacious. .

8

.” 2006 GAIT Study at 806.9  Subsequent GAIT studies in 2008 and 2010 reported that glucosamine and chondroitin did not rebuild cartilage10 and were otherwise ineffective – even in patients with moderate to severe knee pain for which the 2006 reported results were inconclusive.    See Sawitzke, A.D., et al., The Effect of Glucosamine and/or Chondroitin Sulfate on the Progression of Knee Osteoarthritis: A GAIT Report, 58(10) J. Arthritis Rheum. 3183–91 (Oct. 2008); Sawitzke, A.D., Clinical Efficacy And Safety Of Glucosamine, Chondroitin Sulphate, Their Combination, Celecoxib Or Placebo Taken To Treat Osteoarthritis Of The Knee: 2-Year Results From GAIT, 69(8) Ann Rhem. Dis. 1459-64 (Aug. 2010).

23.    The GAIT studies are consistent with the reported results of prior and subsequent studies.    For example, a study by Rozendaal et al., entitled Effect of Glucosamine Sulfate on Hip Osteoarthritis, 148 Ann. of Intern. Med. 268-77 (2008), assessing the effectiveness of glucosamine on the symptoms and structural progression of hip osteoarthritis during 2 years of treatment, concluded that glucosamine was no better than placebo in reducing symptoms and progression of hip osteoarthritis.

24.    A 2010 meta-analysis by Wandel et al. entitled Effects of  Glucosamine, Chondroitin, Or Placebo In Patients With Osteoarthritis Or Hip Or Knee: Network Meta-Analysis, BMJ 341:c4675 (2010), examined prior studies involving glucosamine and chondroitin, alone or in combination, and whether they relieved the symptoms or progression of arthritis of the knee or hip.  The study authors reported that glucosamine and chondroitin, alone or in combination, did not reduce joint pain nor have an impact on the narrowing of joint space: "Our findings indicate that glucosamine, chondroitin, and

---

[9] The 2006 Gait Study was funded by the National Center for Complementary & Alternative Medicine and the National Institute of Arthritis and Musculoskeletal and Skin Diseases, two components of NIH.
[10] To a similar effect a study by Kwok, et al., entitled The Joints On Glucosamine (JOG) Study: A Randomized, Double-Blind, Placebo-Controlled Trial To Assess The Structural Benefit Of Glucosamine In Knee Osteoarthritis Based On 3T MRI, 60 Arthritis Rheum 725 (2009), concluded that glucosamine was not effective in preventing the worsening of cartilage damage.

9

1    their combination do not result in a relevant reduction of joint pain nor affect joint space

2    narrowing compared with placebo." Id. at 8. The authors went as far to say, "We believe

3    it unlikely that future trials will show a clinically relevant benefit of any of the evaluated

4    preparations." Id.

5         25.    On July 7, 2010, Wilkens et al., reported that there was no difference

6    between placebo and glucosamine for the treatment of low back pain and lumbar

7    osteoarthritis and that neither glucosamine nor placebo were effective in reducing

8    pain related disability.   The researchers also stated that, "Based on our results, it seems

9    unwise to recommend glucosamine to all patients" with low back pain and lumbar

10   osteoarthritis.   Wilkens et al., Effect of Glucosamine on Pain-Related Disability in

11   Patients With Chronic Low Back Pain and Degenerative Lumbar Osteoarthritis, 304(1)

12   JAMA 45-52 (July 7, 2010).

13        26.    In 2011, Miller and Clegg, after surveying the clinical study history of

14   glucosamine and chondroitin reported that, "The cost-effectiveness of these dietary

15   supplements alone or in combination in the treatment of OA has not been demonstrated

16   in North America."   Miller, K. and Clegg, D., Glucosamine and Chondroitin Sulfate,

17   Rheum. Dis. Clin. N. Am. 37 (2011) 103-118.

18        27.    While hyaluronic acid has been proven to be effective when directly injected

19   into joints, due to its high molecular weight, when taken orally, it cannot be absorbed

20   into the human bloodstream let alone beneficially affect joints

21        28.    Boswellia Serrata – Indian Frankincense – is essentially a witch doctor

22   potion and is not effective in providing any joint health benefits

23   ***The Impact of CVS Pharmacy's Wrongful Conduct***

24        29.    Despite clinical studies that show the ingredients in the Glucosamine

25   Products are ineffective, Defendant conveyed and continues to convey one uniform

26   message: the Glucosamine Products help to renew/nourish cartilage, promote mobility

27   and flexibility and improve "joint comfort."

28

10

**CLASS ACTION COMPLAINT**

30.     As the manufacturer and/or distributor of the Glucosamine Products, Defendant possesses specialized knowledge regarding the content and effects of the ingredients contained in its Products and is in a superior position to learn of the effects – and has learned of the effects, or lack thereof, – its Products has on consumers.

31.     Specifically, Defendant knew, but failed to disclose, that the Glucosamine Products do not provide the joint health benefits represented and that well-conducted, clinical studies have found the ingredients in the Glucosamine Products to be ineffective in providing the joint health benefits represented by Defendant.

32.     Plaintiff and Class members have been and will continue to be deceived or misled by Defendant's deceptive joint health benefit representations.  Plaintiff purchased and consumed a Glucosamine Product during the Class period and in doing so, read and considered the Product's label and based her decision to purchase the Product on the joint health benefit representations on the Product packaging.  Defendant's joint health benefit representations and omissions were a material factor in influencing Plaintiff's decision to purchase and consume a Glucosamine Product.

33.     The only purpose behind purchasing the Glucosamine Products is to obtain some or all of the represented joint health benefits.   There is no other reason for Plaintiff and the Class to have purchased the Products as the Products are not represented to provide any benefits and Plaintiff and the Class would not have purchased the Products had they known Defendant's joint health benefit statements were false and misleading and that clinical cause and effect studies have found the ingredients to be ineffective for the represented joint health benefits.

34.     As a result, Plaintiff and the Class members have been injured in fact in their purchases of the Glucosamine Products in that they were deceived into purchasing Products that do not perform as advertised.

35.     Defendant, by contrast, reaped enormous profit from its false marketing and sale of the Glucosamine Products.

11

## CLASS DEFINITION AND ALLEGATIONS

36.    Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against CVS Pharmacy violations of California law and similar laws in other states:

**Multi-State Class**
All persons in California and states with similar laws, who, within the applicable statute of limitations under their respective state's consumer fraud act, purchased the Glucosamine Products.

Excluded from the Class are CVS Pharmacy, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Glucosamine Products for resale.

37.    In the alternative, Plaintiff brings this action on behalf of herself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

**California Class**
All California residents who, within the applicable statute of limitations, purchased the Glucosamine Products.

Excluded from the Class are CVS Pharmacy, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Glucosamine Products for resale.

38.    Numerosity. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Glucosamine Products who have been damaged by CVS Pharmacy's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

39.    Existence and Predominance of Common Questions of Law and Fact. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.    These common legal and factual questions include, but are not limited to, the following:

12

(1)    whether the claims discussed above are true, or are misleading, or objectively reasonably likely to deceive;

(2)    whether CVS Pharmacy alleged conduct violates public policy;

(3)    whether the alleged conduct constitutes violations of the laws asserted;

(4)    whether CVS Pharmacy engaged in false or misleading advertising;

(5)    whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(6)    whether Plaintiff and Class members are entitled to other appropriate remedies, including corrective advertising and injunctive relief.

40.    Typicality.  Plaintiff's claims are typical of the claims of the members of the Class because, inter alia, all Class members were injured through the uniform misconduct described above, were subject to CVS Pharmacy's deceptive joint health benefit representations including the representations that accompanied each and every box of the Glucosamine Products.   Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

41.    Adequacy of Representation.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

42.    Superiority.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.   The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of its claims against CVS Pharmacy.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not.

**CLASS ACTION COMPLAINT**

1  Individualized litigation would create the danger of inconsistent or contradictory

2  judgments arising from the same set of facts. Individualized litigation would also

3  increase the delay and expense to all parties and the court system from the issues raised

4  by this action. By contrast, the class action device provides the benefits of adjudication

5  of these issues in a single proceeding, economies of scale, and comprehensive

6  supervision by a single court, and presents no unusual management difficulties under the

7  circumstances here.

8      43.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on

9  behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin

10  and prevent CVS Pharmacy from engaging in the acts described, and requiring CVS

11  Pharmacy to provide full restitution to Plaintiff and Class members.

12      44.    Unless a Class is certified, CVS Pharmacy will retain monies received as a

13  result of its conduct that were taken from Plaintiff and Class members. Unless a Class-

14  wide injunction is issued, CVS Pharmacy will continue to commit the violations alleged,

15  and the members of the Class and the general public will continue to be deceived.

16      45.    CVS Pharmacy has acted and refused to act on grounds generally applicable

17  to the Class, making appropriate final injunctive relief with respect to the Class as a

18  whole.

19                                  **COUNT I**

20  **Violation of Business & Professions Code §17200, et seq.**

21      46.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs

22  above, as if fully set forth herein.

23      47.    Plaintiff brings this claim individually and on behalf of the Class.

24      48.    As alleged herein, Plaintiff has suffered injury in fact and lost money or

25  property as a result of CVS Pharmacy's conduct because she purchased a Glucosamine

26  Product in reliance on CVS Pharmacy's joint health benefit statements detailed above,

27  but did not receive a product that provided the represented joint health benefits.

28

**CLASS ACTION COMPLAINT**

49.     The Unfair Competition Law, Business & Professions Code § 17200, et seq. ("UCL"), prohibits any "unlawful," "fraudulent" or "unfair" business act or practice and any false or misleading advertising.

50.     In the course of conducting business, CVS Pharmacy committed "unlawful" business practices by, inter alia, making the joint health benefit representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§ 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16) and Business & Professions Code §§ 17200, et seq. Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

51.     In the course of conducting business, CVS Pharmacy committed "unfair" business practices by, inter alia, making the joint health benefit representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts regarding The Glucosamine Products in its advertising campaign, including the Products' packaging, as set forth more fully herein.  There is no societal benefit from false advertising, only harm.  Plaintiff and other Class members paid money for promised joint health benefits which they did not receive.  While Plaintiff and Class members were harmed, CVS Pharmacy was unjustly enriched by its false joint health benefits misrepresentations and omissions.  Because the utility of CVS Pharmacy's conduct (zero) is outweighed by the gravity of the harm Plaintiff and Class Members suffered, CVS Pharmacy's conduct is "unfair" having offended an established public policy. Further, CVS Pharmacy engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

52.     Further, as stated in this Complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws, resulting in harm to consumers.  CVS Pharmacy's acts and omissions also violate and offend the public policy against engaging in false and misleading advertising, unfair competition and

**CLASS ACTION COMPLAINT**

1    deceptive conduct towards consumers.  This conduct constitutes violations of the unfair

2    prong of Business & Professions Code § 17200, et seq.

3        53.    There were reasonably available alternatives to further CVS Pharmacy's

4    legitimate business interests, other than the conduct described herein.

5        54.    Business & Professions Code § 17200, et seq., also prohibits any "fraudulent

6    business act or practice."

7        55.    In the course of conducting business, CVS Pharmacy committed "fraudulent

8    business act or practices" by, inter alia, making the joint health benefit representations

9    (which also constitute advertising within the meaning of § 17200) and omissions of

10   material facts regarding The Glucosamine Products in its advertising campaign, including

11   the Product's packaging, as set forth more fully herein.  CVS Pharmacy misrepresented

12   on each and every  Glucosamine Product box that its Products help to renew/nourish

13   cartilage, promote mobility and flexibility and provide "joint comfort," when, in fact, the

14   competent scientific evidence is that the ingredients in the Glucosamine Products are not

15   efficacious and do not work as represented.

16       56.    CVS Pharmacy's actions, claims, omissions and misleading statements, as

17   more fully set forth above, were also false, misleading and/or likely to deceive the

18   consuming public within the meaning of Business & Professions Code § 17200, et seq.

19       57.    Plaintiff and other members of the Class have in fact been deceived by CVS

20   Pharmacy's material joint health benefit representations and omissions. CVS Pharmacy's

21   deception has caused harm to Plaintiff and other members of the Class who purchased

22   the Glucosamine Products. Plaintiff and the other Class members have suffered injury in

23   fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

24       58.    CVS Pharmacy knew, or should have known, that its material

25   representations and omissions would be likely to deceive the consuming public and result

26   in consumers purchasing CVS Pharmacy's Glucosamine Products and, indeed, intended

27   to deceive consumers.

28

**CLASS ACTION COMPLAINT**

59.     As a result of its deception, CVS Pharmacy has been able to reap unjust revenue and profit.

60.     Unless restrained and enjoined, CVS Pharmacy will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

61.     Plaintiff, on behalf of herself and all others similarly situated, and the general public, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting CVS Pharmacy from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

## COUNT II
**Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq.***

62.     Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

63.     Plaintiff brings this claim individually and on behalf of the Class.

64.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §1750, et seq. (the "Act"), and similar laws in other states. Plaintiff is a "consumer" as defined by California Civil Code §1761(d). The Glucosamine Products are "goods" within the meaning of the Act.

65.     CVS Pharmacy violated and continues to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of the Glucosamine Products:

(5)     Representing that [the Glucosamine Products have] . . . approval, characteristics, . . . uses [and] benefits . . . which [they do] not have . . . .

\*       \*       \*

(7)     Representing that [the Glucosamine Products are] of a particular standard, quality or grade . . . if [it is] of another.

\*       \*       \*

17

(9)    Advertising goods . . . with intent not to sell them as advertised.

*        *        *

(16)   Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

66.    CVS Pharmacy violated the Act by representing and failing to disclose material facts in its advertising campaign including the Glucosamine Products labels and packaging, as described above, when it knew, or should have known, that the representations were false and misleading and that the omissions were of material facts it was obligated to disclose.

67.    Pursuant to California Civil Code §1782(d), Plaintiff and the Class seek a Court order enjoining the above-described wrongful acts and practices of CVS Pharmacy and for restitution and disgorgement.

68.    Pursuant to §1782 of the Act, Plaintiff notified CVS Pharmacy in writing by certified mail of the particular violations of §1770 of the Act and demanded that CVS Pharmacy rectify the problems associated with the actions detailed above and give notice to all affected consumers of CVS Pharmacy's intent to so act.  A copy of the letter is attached hereto as Exhibit A.

69.    If CVS Pharmacy fails to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual, punitive and statutory damages, as appropriate.

70.    CVS Pharmacy conduct is fraudulent, wanton and malicious.

71.    Pursuant to §1780(d) of the Act, attached hereto as Exhibit B is the affidavit showing that this action has been commenced in the proper forum.

## COUNT III
### Breach of Express Warranty

72.    Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

18

73.    Plaintiff brings this claim individually and on behalf of the Class.

74.    The Uniform Commercial Code Section 2-313 provides that an affirmation of fact or promise, including a description of the goods, becomes part of the basis of the bargain and creates an express warranty that the goods shall conform to the promise and to the description.

75.    At all times, California and similar state laws have codified and adopted the provisions the Uniform Commercial Code governing the express warranty of merchantability.

76.    CVS Pharmacy expressly warranted in its advertising campaign, including, inter alia, on each and every box of the Glucosamine Products that the Products, inter alia, help to renew/nourish cartilage, promote mobility and flexibility and improve "joint comfort."    These joint health benefit representations made by CVS Pharmacy are affirmations of fact that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promises.    Plaintiff placed importance on CVS Pharmacy's joint health benefit representations.

77.    All conditions precedent to CVS Pharmacy's liability under this contract have been performed by Plaintiff and the Class.

78.    CVS Pharmacy breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing Products that would support renew/nourish cartilage, promote mobility or flexibility or improve joint comfort as represented.

79.    As a result of CVS Pharmacy's breach of its contract, Plaintiff and the Class have been damaged in the amount of the price of the Product they purchased.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment:

A.    Certifying the Class as requested herein;

B.    Awarding Plaintiff and the proposed Class members damages;

19

1     C.     Awarding restitution and disgorgement of CVS Pharmacy's revenues to

2  Plaintiff and the proposed Class members;

3     D.     Awarding injunctive relief as permitted by law or equity, including enjoining

4  CVS Pharmacy from continuing the unlawful practices as set forth herein, and directing

5  CVS Pharmacy to identify, with Court supervision, victims of its conduct and pay them all

6  money it is required to pay;

7     E.     Ordering CVS Pharmacy to engage in a corrective advertising campaign;

8     F.     Awarding attorneys' fees and costs; and

9     G.     Providing such further relief as may be just and proper.

10                      **<u>DEMAND FOR JURY TRIAL</u>**

11     Plaintiff hereby demands a trial of her claims by jury to the extent authorized by

12  law.

13  DATED: March 4, 2013          BONNETT, FAIRBOURN, FRIEDMAN
14                                 & BALINT, P.C.
15
16                                 ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
                                    PATRICIA N. SYVERSON (203111)
17                                 LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac
                                    Vice*)
18                                 2325 E. Camelback Road, Suite 300
                                    Phoenix, Arizona 85016
19                                 eryan@bffb.com
                                    psyverson@bffb.com
20                                 lgomez-gray@bffb.com
                                    Telephone:  (602) 274-1100
21
                                    BONNETT, FAIRBOURN, FRIEDMAN
22                                 & BALINT, P.C.
                                    MANFRED P. MUECKE (222893)
23                                 600 W. Broadway, Suite 900
                                    San Diego, California 92101
24                                 mmuecke@bffb.com
                                    Telephone:  (619) 756-7748
25
                                    STEWART M. WELTMAN LLC
26                                 STEWART M. WELTMAN (*To be admitted Pro Hac
                                    Vice*)
27                                 53 W. Jackson Suite 364
                                    Chicago, IL 6060
28                                 Telephone: 312-588-5033

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Of Counsel Levin Fishbein Sedran & Berman)

**CLASS ACTION COMPLAINT**

# EXHIBIT A



**BONNETT FAIRBOURN**
**FRIEDMAN & BALINT PC**

| | | |
|---|---|---|
| JERRY C. BONNETT | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN | WENDY J. HARRISON |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER | PATRICIA N. SYVERSON |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[1] | TODD D. CARPENTER[1] |
| WILLIAM F. KING | TONNA K. FARRAR[2] | T. BRENT JORDAN[3] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ |
| KEVIN R. HANGER | ERIC D. ZARD | |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

March 4, 2013

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7009 0080 0000 4081 6384**

CVS Pharmacy, Inc.
c/o C T Corporation System
818 W. Seventh Street
Los Angeles, California 90017

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.   7011 0470 0002 5152 4461**

CVS Pharmacy, Inc.
General Counsel
One CVS Drive
Woonsocket, Rhode Island 02895

Re:   Blanco v. CVS Pharmacy, Inc.

Dear Sirs or Madams:

Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Augustina Blanco and all other similarly situated consumers in an action against CVS Pharmacy, Inc. ("CVS") arising out of, *inter alia*, misrepresentations, either express or implied, by CVS to consumers that its CVS Glucosamine Products[1] helps renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.

Ms. Blanco and others similarly situated purchased the CVS Glucosamine Products unaware that CVS' advertising campaign, including *inter alia*, representations prominently featured on each and every Product that the Products "nourish cartilage," support[] renewal of cartilage", "promote[] mobility and flexibility" and "provide renewed joint comfort" (hereafter the "joint health benefit representations") are false. Several well-conducted clinical studies have found no causative link between the primary purported active ingredients in the Glucosamine Products do not provide the joint health benefits represented by CVS. The full claims, including

---

[1] The CVS Glucosamine Products include, but it not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or "the Products").

the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

CVS' joint health benefit representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by CVS with the intent to induce the consuming public to purchase the Glucosamine Products. The joint health benefit representations do not assist consumers; they simply mislead them.

CVS's joint health benefit representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5) Representing that [the Glucosamine Products] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.

* * *

> (7) Representing that [the Glucosamine Products are] of a particular standard, quality or grade, . . . if [it is] of another.

* * *

> (9) Advertising goods . . . with the intent not to sell them as advertised.

* * *

> (16) Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

CVS's joint health benefit representations also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that CVS immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, CVS should offer to refund the purchase price to all consumer purchasers of the Glucosamine Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not

received.  These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that CVS address these violations immediately.

CVS must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.      Identify or make a reasonable attempt to identify purchasers of the Glucosamine Products;

2.      Notify all such purchasers so identified that upon their request, CVS will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Glucosamine Products, plus interest, costs and fees;

3.      Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Glucosamine Product purchasers who so request; and

4.      Cease from expressly or impliedly representing to consumers that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.  when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures



**BONNETT FAIRBOURN
FRIEDMAN & BALINT PC**

JERRY C. BONNETT
FRANCIS J. BALINT, JR.
C. KEVIN DYKSTRA
ANDREW Q. EVERROAD
JONATHAN S. WALLACK
CHRISTINA L. BANNON
WILLIAM F. KING
ANDREW M. EVANS
KEVIN R. HANGER

WILLIAM G. FAIRBOURN
VAN BUNCH
ELAINE A. RYAN
KATHRYN A. HONECKER
GUY A. HANSON
MANFRED P. MUECKE[1]
TONNA K. FARRAR[2]
TY D. FRANKEL
ERIC D. ZARD

ANDREW S. FRIEDMAN
ROBERT J. SPURLOCK
WENDY J. HARRISON
PATRICIA N. SYVERSON
KIMBERLY C. PAGE
TODD D. CARPENTER[1]
T. BRENT JORDAN[3]
LINDSEY M. GOMEZ

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

March 4, 2013

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7009 0080 0000 4081 6384**</u>

CVS Pharmacy, Inc.
c/o C T Corporation System
818 W. Seventh Street
Los Angeles, California 90017

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO.  7011 0470 0002 5152 4461**</u>

CVS Pharmacy, Inc.
General Counsel
One CVS Drive
Woonsocket, Rhode Island 02895

   Re: Blanco v. CVS Pharmacy, Inc.

Dear Sir or Madam:

   Our law firm together with the Levin, Fishbein, Sedran & Berman law firm represent Augustina Blanco and all other similarly situated consumers in an action against CVS Pharmacy, Inc. ("CVS") arising out of, *inter alia*, misrepresentations, either express or implied, by CVS to consumers that its CVS Glucosamine Products[1] helps renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.

   Ms. Blanco and others similarly situated purchased the CVS Glucosamine Products unaware that CVS' advertising campaign, including *inter alia*, representations prominently featured on each and every Product that the Products "nourish cartilage," support[] renewal of cartilage", "promote[] mobility and flexibility" and "provide renewed joint comfort" (hereafter the "joint health benefit representations") are false. Several well-conducted clinical studies have found no causative link between the primary purported active ingredients in the Glucosamine Products do not provide the joint health benefits represented by CVS. The full claims, including

---

[1] The CVS Glucosamine Products include, but it not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength (collectively, "the Glucosamine Products" or "the Products").

the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

CVS' joint health benefit representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by CVS with the intent to induce the consuming public to purchase the Glucosamine Products. The joint health benefit representations do not assist consumers; they simply mislead them.

CVS's joint health benefit representations violate California Civil Code §1770(a) under, *inter alia,* the following subdivisions:

> (5)   Representing that [the Glucosamine Products] . . . characteristics, . . . uses [or] benefits. . . which [they do] not have.

> \* \* \*

> (7)   Representing that [the Glucosamine Products are] of a particular standard, quality or grade, . . . if [it is] of another.

> \* \* \*

> (9)   Advertising goods . . . with the intent not to sell them as advertised.

> \* \* \*

> (16)   Representing that [the Glucosamine Products have] been supplied in accordance with a previous representation when [they have] not.

California Civil Code §1770(a)(5)-(16).

CVS's joint health benefit representations also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all others similarly situated that CVS immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, CVS should offer to refund the purchase price to all consumer purchasers of the Glucosamine Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not

received.  These damage claims also would include claims under already asserted breach of warranty theories, as well as the claims under the Consumers Legal Remedies Act.  Thus, to avoid further litigation, it is in the interest of all parties concerned that CVS address these violations immediately.

CVS must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.     Identify or make a reasonable attempt to identify purchasers of the Glucosamine Products;

2.     Notify all such purchasers so identified that upon their request, CVS will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for the Glucosamine Products, plus interest, costs and fees;

3.     Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Glucosamine Product purchasers who so request; and

4.     Cease from expressly or impliedly representing to consumers that the Glucosamine Products help to renew/nourish cartilage, promote mobility and flexibility and improve joint comfort.  when there is no reasonable basis for so claiming, as more fully described in the enclosed Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures

# EXHIBIT B

1    BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
2    ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
     eryan@bffb.com
3    PATRICIA N. SYVERSON (203111)
     psyverson@bffb.com
4    LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)
     lgomez-gray@bffb.com
5    2325 E. Camelback Road, Suite 300
     Phoenix, Arizona 85016
6    Telephone:  (602) 274-1100
     Facsimile:  (602) 274-1199

7    BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
8    MANFRED P. MUECKE (222893)
     mmuecke@bffb.com
9    600 W. Broadway, Suite 900
     San Diego, California 92101Telephone:  (619) 756-7748
10   Facsimile:  (602) 274-1199

11   STEWART M. WELTMAN LLC
     STEWART M. WELTMAN (*To be admitted Pro Hac Vice*)
12   sweltman@weltmanlawfirm.com
     53 W. Jackson Suite 364
13   Chicago, IL 6060
     Telephone: 312-588-5033
14   (Of Counsel Levin Fishbein Sedran & Berman)

15   *Attorneys for Plaintiff*

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

18   AUGUSTINA BLANCO, On Behalf      | Case No.:
19   of Herself and All Others Similarly
     Situated,
20                                     | CLASS ACTION
21            Plaintiff,
                                       | DECLARATION OF PATRICIA N.
22        v.                           | SYVERSON PURSUANT TO
                                       | CALIFORNIA CIVIL CODE §1780(d)
23
     CVS PHARMACY, INC., a Rhode
24   Island Corporation,
25
              Defendant.
26

27

28

I, Patricia N. Syverson, declare as follows:

1.   I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a shareholder at the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

2.   Defendant CVS Pharmacy, Inc. has done and is doing business in the Central District of California.   Such business includes the marketing, distributing and sale of its CVS Glucosamine joint dietary supplements.[1] Furthermore, Plaintiff Blanco purchased a product in the CVS Glucosamine line in Moreno Valley, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of March 2013, at Phoenix, Arizona.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
eryan@bffb.com
PATRICIA N. SYVERSON (203111)
psyverson@bffb.com
LINDSEY M. GOMEZ-GRAY (*To be admitted Pro Hac Vice*)
lgomez-gray@bffb.com

---

[1] The CVS Glucosamine product line includes, but is not limited to: (1) Glucosamine Chondroitin Triple Strength with MSM; (2) Glucosamine Chondroitin Double Strength with MSM; (3) Glucosamine HCL 1500 mg + Boswellia Serrata & Vitamin D; (4) Advanced Formula Glucosamine Chondroitin Triple Strength; and (5) Advanced Formula Glucosamine Chondroitin Double Strength

2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
MANFRED P. MUECKE (222893)
mmuecke@bffb.com
600 W. Broadway, Suite 900
San Diego, California 92101Telephone:  (619)
756-7748
Facsimile:  (602) 274-1199

STEWART M. WELTMAN LLC
STEWART M. WELTMAN (*To be admitted
Pro Hac Vice*)
sweltman@weltmanlawfirm.com
53 W. Jackson Suite 364
Chicago, IL 6060
Telephone: 312-588-5033
(Of Counsel Levin Fishbein Sedran & Berman)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BY FAX

AUGUSTINA BLANCO, on behalf of herself and all
others similarly situated

PLAINTIFF(S)

v.

CVS PHARMACY, INC., a Rhode Island Corp.

DEFENDANT(S).

CASE NUMBER

ED CV 13 - 00406 JGB SPx

SUMMONS

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Patricia N. Syverson                                    , whose address is:

Bonnett Fairbourn Friedman & Balint
2325 E Camelback Rd, #300
Phoenix, AZ  85016
602-274-1100

an answer to the ☒ complaint ☐_____amended complaint ☐ counterclaim ☐ cross-claim
which is herewith served upon you within _____ days after service of this Summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief
demanded in the complaint.

Clerk, U.S. District Court

Dated: ___MAR - 4 2013___

By: _____
              Deputy Clerk

*(Seal of the Court)*

CV-01A (01/01)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

AUGUSTINA BLANCO

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CVS PHARMACY, INC., a Rhode Island Corp.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bonnett Fairbourn Friedman & Balint
2325 E Camelback Rd, #300
Phoenix, AZ 85016
602-274-1100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: ED CV 13 - 00406 JGB SPx

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | STATE OF RHODE ISLAND |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| RIVERSIDE COUNTY | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 3-4-13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

1   BONNETT, FAIRBOURN, FRIEDMAN
      & BALINT, P.C.
2   ANDREW S. FRIEDMAN (*To be admitted Pro Hac Vice*)
    ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
3   PATRICIA N. SYVERSON (203111)
    2901 N. Central Ave., Suite 1000
4   Phoenix, AZ 85012
    afriedman@bffb.com
5   eryan@bffb.com
    psyverson@bffb.com
6   Telephone:   (602) 274-1100

7   BONNETT, FAIRBOURN, FRIEDMAN
      & BALINT, P.C.
8   TODD D. CARPENTER (234464)
    600 W. Broadway, Suite 900
9   San Diego, California 92101
    tcarpenter@bffb.com
10  Telephone: 619-756-6978

11  FUTTERMAN HOWARD ASHLEY
      & WELTMAN, P.C.
12  STEWART WELTMAN (*To be admitted Pro Hac Vice*)
    122 S. Michigan Avenue, Suite 1850
13  Chicago, Illinois 60603
    SWELTMAN@FUTTERMANHOWARD.COM
14  Telephone: 312-427-3600

15  Attorneys for Plaintiff

16              **UNITED STATES DISTRICT COURT**
                **EASTERN DISTRICT OF CALIFORNIA**
17

18  LILIANA CARDENAS, On Behalf of          | Case No.:
    Herself and All Other Similarly Situated
    California Residents,                    | **CLASS ACTION**
19
                Plaintiff,                    | 1.   VIOLATION OF THE
20                                           |      CONSUMERS LEGAL REMEDIES
           v.                                |      ACT, Civil Code §1750 *et seq.*;
21                                           | 2.   VIOLATION OF THE UNFAIR
    NBTY, INC., a Delaware corporation and   |      COMPETITION LAW, Business and
22  REXALL SUNDOWN, INC., a Florida          |      Professions Code §17200 *et seq.*; and
    corporation,                             | 3.   BREACH OF EXPRESS
23                                           |      WARRANTY.
                Defendants.                   |
24                                           | DEMAND FOR JURY TRIAL

25

26          Pursuant Plaintiff Liliana Cardenas ("Plaintiff"), by and through her attorneys,

27  brings this action on behalf of herself and all other similarly situated California residents

28

against Defendants NBTY, Inc. and Rexall Sundown, Inc. (collectively "Defendants"), and alleges as follows:

## NATURE OF ACTION

1.      Forty-six million Americans suffer from arthritis.  Osteoarthritis, also called degenerative joint tissue disease, is the most prevalent and disabling form of arthritis.  Osteoarthritis is caused by the breakdown of cartilage, which is the connective tissue that cushions the ends of bones within the joint.  Osteoarthritis is characterized by pain, joint damage, and limited motion (hereafter referred to as the "three major symptoms of arthritis").  The disease generally occurs late in life, and most commonly affects the hands and large weight bearing joints, such as the knees, hips and back.  There is no cure for the three major symptoms of arthritis.  Yet, Defendants promise a cure for each of the three major symptoms of arthritis in the form of a pill which they manufacture, market, and sell as the Osteo Bi-Flex line of joint health dietary supplements.[1]

2.      It has been the accepted standard for over four decades in both the medical and scientific community, that in order for someone to make a health benefit claim about a product, the party making that claim must possess competent scientific evidence—meaning that they have at least two adequate and well controlled clinical trials supporting a particular health benefit claim about a particular product (hereafter referred to as "competent scientific evidence").

3.      On each and every Osteo Bi-Flex product label and/or package, Defendants prominently state that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue" and "improve joint comfort."

4.      In making these affirmative representations, Defendants represent to each purchaser of Osteo Bi-Flex that they have competent scientific evidence that these

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

-2-

1    Products are effective in relieving and reducing the three major symptoms of arthritis and

2    other joint related ailments.

3         5.    Yet, Defendants do not possess such competent scientific evidence.  In fact,

4    the Osteo Bi-Flex products are not effective arthritis remedies.  In short, Defendants have

5    not obtained the necessary scientific proof with regard to each of the Osteo Bi-Flex

6    products they market and sell in order to make the representations that they have made

7    about each of these Products.

8         6.    As a result, Defendants are guilty of deceptive conduct in their marketing

9    and sales of the Osteo Bi-Flex products.

10        7.    Defendants are also guilty of deception by omission in that, after

11   affirmatively asserting that these Products are effective remedies against the three major

12   symptoms of arthritis, Defendants had a duty to tell Plaintiff and the Class members that

13   they did not have competent scientific evidence to support the efficacy representations

14   that they make about the Osteo Bi-Flex products.

15        8.    By making representations on the box of each Osteo Bi-Flex product that it

16   was an arthritis remedy, Defendants represented (and continue to represent) to Plaintiff

17   and the Class members that they had competent scientific evidence to back up these

18   assertions   when   they   did   not   possess   such   evidence.    These   were   material

19   misrepresentations concerning the only reason that Plaintiff and the Class members

20   would have purchased Defendants' Osteo Bi-Flex products—that they were proven by

21   competent scientific evidence to be effective against the three major symptoms of

22   arthritis.

23        9.    Other than to use the Osteo Bi-Flex products to relieve these symptoms of

24   arthritis, there is no reason for Plaintiff or the Class members to have purchased these

25   Products.  Plaintiff and the Class members would not have purchased an Osteo Bi-Flex

26   product without believing that it was a proven effective arthritis remedy and that it

27   provided relief from the three major symptoms of arthritis.

28

10.    Thus, through the act of purchasing one of Defendants' Osteo Bi-Flex products, Plaintiff and each Class member necessarily was deceived by Defendants' representations that these Products were effective arthritis remedies and would provide relief from the three major symptoms of arthritis.

11.    Plaintiff and the Class members were also deceived by Defendants in that, after affirmatively asserting that these Products would provide relief from the three major symptoms of arthritis, Defendants committed deception by omission in that they failed to inform Plaintiff and the Class members that they did not possess competent scientific evidence to support these health benefit claims.

12.    Every purchase of the Osteo Bi-Flex products was tainted with Defendants' deceptions in that just by looking at the package on the shelf or following the directions for use, Plaintiff and the Class members would have seen Defendants' deceptive representations.

13.    Defendants' deceptive marketing and advertising, as well as the complete lack of any disclosure that no competent scientific evidence exists to substantiate the claim that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue", and "improve[] joint comfort", is designed to cause consumers to buy Osteo Bi-Flex. Defendants' deceptive marketing and advertising campaign has succeeded. Estimated sales of dietary supplements for osteoarthritis, including Osteo Bi-Flex, approached $820 million in 2006.[2]

14.    Plaintiff brings this action on behalf of herself and other similarly situated California consumers who have purchased the Products to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased Osteo Bi-Flex products. Plaintiff alleges violations of the Consumers Legal Remedies

---

[2] 2007 Nutrition Industry Overview, Nutrition Business J., *available at* http://newhope360.com/managing-your-business/2007-nutrition-industry-overview (last visited Apr. 4, 2011).

- 4 -

Act, the Unfair Competition Law, and Breach of Express Warranty created by Defendants' advertising, including false labeling.

## JURISDICTION AND VENUE

15.     The Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class are citizens of a state different from Defendants.

16.     The Court has personal jurisdiction over Defendants because Defendants are authorized to do and conduct business in California. Defendants have marketed, promoted, distributed, and sold the Osteo Bi-Flex products in California, and Defendants have sufficient minimum contacts with the State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by the Court permissible.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in the judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## PARTIES

18.     Plaintiff Liliana Cardenas resides in Roseville, California. During the Class Period, Plaintiff Cardenas was exposed to and saw Defendants' claims by reading the Osteo Bi-Flex label, purchased the Osteo Bi-Flex products in reliance on those claims, and suffered injury in fact and lost money. Had Plaintiff Cardenas known the truth about Defendants' misrepresentations and omissions, Plaintiff would not have purchased and used the Osteo Bi-Flex products.

19.     Defendant NBTY Inc. ("NBTY") is a corporation organized and existing under the laws of the state of Delaware. Defendant NBTY's headquarters is at 2100 Smithtown Ave., Ronkonkoma, New York 11779.

1    20.    Defendant Rexall Sundown Inc. ("Rexall") is a corporation organized and

2  existing under the laws of the state of Florida. Defendant Rexall's headquarters is at

3  2100 Smithtown Ave., Ronkonkoma, New York 11779.

4    21.    Defendant NBTY together with Defendant Rexall Sundown, have

5  manufactured, advertised, marketed, distributed, or sold, the Osteo Bi-Flex products to

6  tens of thousands of consumers in California.

7    22.    Plaintiff is informed and believes, and thus alleges, that at all times herein

8  mentioned, each of the Defendants was the agent, employee, representative, partner, joint

9  venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein,

10  was acting within the course and scope of such agency, employment, representation, on

11  behalf of such partnership or joint venture, and/or as such alter ego, with the authority,

12  permission, consent, and/or ratification of the other Defendant.

13                           **FACTUAL ALLEGATIONS**

14  *The Osteo Bi-Flex Products*

15    23.    Defendants develop, manufacture, market, distribute and sell a line of joint

16  supplements under the Osteo Bi-Flex brand name. These Products include: (1) Osteo Bi-

17  Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength;

18  (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-

19  Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex

20  Advanced. Defendants began manufacturing, marketing and selling the Osteo Bi-Flex

21  products nationwide in 1996.

22    24.    The Osteo Bi-Flex products are sold in virtually every major food, drug,

23  and mass retail outlet store in California, including, but not limited to: Wal-Mart, Costco

24  Wholesale, Sam's Club, Target, and Walgreens. A 120-count bottle of Osteo Bi-Flex

25  retails for approximately $27.00. The following are screen shots of the Products:

26

27

28
                                      - 6 -



25.     Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout California that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue" and "improve[] joint comfort" simply by taking the recommended number of tablets each day.  These claims are not substantiated by competent scientific evidence and are factually baseless.

26.     The primary active ingredients in all the Osteo Bi-Flex products are glucosamine hydrochloride and chondroitin sulfate.  Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue.  Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues. There is no competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that relieves the three symptoms of arthritis.

27.     All of the Osteo Bi-Flex products also contain lesser amounts of other

1    ingredients including hyaluronic acid, a component of synovial fluid found in the fluids

2    of the eyes and joints; methylsulfonylmethane ("MSM"), an organic sulfur compound

3    found in fruits, corn, tomatoes, tea, coffee, and milk; vitamin D; and Defendants' 5-loxin

4    advanced formula, a combination of MSM, chondroitin sulfate, vitamin C, hyaluronic

5    acid, manganese collagen, and *boswellia serrata* (resin).   There is no competent scientific

6    evidence   that   taking   any   of   these   ingredients—let   alone   through   oral

7    administration—results in the body metabolizing it into something that relieves the three

8    major symptoms of arthritis.

9        28.    Contrary to the stated representations on all the Products' labeling and

10   packaging, Defendants do not possess (and have not possessed) competent scientific

11   evidence that any of these ingredients, taken alone or in combination, are effective in

12   treating the three major symptoms of arthritis or any other joint related ailments.

13       29.    Despite inadequate testing and no scientifically valid confirmation that

14   Osteo Bi-Flex is an effective joint treatment—let alone an effective treatment for *all*

15   joints in the human body, for customers of *all* ages and for *all* stages of joint disease—

16   Defendants state on the Products' packaging and labeling that Osteo Bi-Flex will, *inter*

17   *alia*: "promote mobility", "renew cartilage", "maintain healthy connective tissue" and

18   "improve[] joint comfort".   Front, back, and side shots of a representative Osteo Bi-Flex

19   product label appear as follows:

20

21

22

23

24

25

26   . . .

27   . . .

28

- 8 -



Copies of all Osteo Bi-Flex product labels are attached hereto as Exhibit A.

### The Impact Of Defendants' Wrongful Conduct

30.     Despite the lack of competent scientific evidence, Defendants continue to unequivocally claim that Osteo Bi-Flex provides joint health benefits to all persons.

31.     As the manufacturer and distributor of Osteo Bi-Flex, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn of the effects—and have learned of the effects—their Products have on consumers.

32.     Specifically, Defendants knew or should have known, but failed to disclose that they have no competent scientific evidence that their Osteo Bi-Flex products are effective in treating the three major symptoms of arthritis or other joint related ailments.

33.     Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey one uniform message: Osteo Bi-Flex is

effective in treating the three major symptoms of arthritis.

34.    Plaintiff and Class members have been and will continue to be deceived or misled by Defendants' deceptive representations touting the effectiveness of the Osteo Bi-Flex products.  Plaintiff purchased and used the Osteo Bi-Flex products during the Class period and in doing so, read, considered and based her decisions to buy the Products on the above cited label representations.  Because the Products' sole purpose is to provide joint relief for the three major symptoms of arthritis, Defendants' representations and omissions were a material factor in influencing Plaintiff's decision to purchase and use the Osteo Bi-Flex products.  There is no other reason for Plaintiff to have purchased the Osteo Bi-Flex products and Plaintiff would not have purchased the Products had she known that Defendants did not possess competent scientific evidence to support the claims that they made about these Products.

35.    As a result, Plaintiff and the Class members have been damaged in their purchases of these Products and have been deceived into purchasing Products that they believed, based on Defendants' representations, were proven to be effective in treating the three major symptoms of arthritis and other joint related ailments when, in fact, they are not.

36.    Defendants, by contrast, reaped enormous profits from their false marketing and sale of these Products.

## CLASS ALLEGATIONS

37.    Plaintiff brings this action on behalf of herself and all other similarly situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All California residents who, within the applicable statute of limitations, purchased the Osteo Bi-Flex products[3].

[3]The Osteo Bi-Flex products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.

1
2
Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Osteo Bi-Flex products for the purpose of resale.

3   38.   Members of the Class are so numerous and geographically dispersed that

4   joinder of all Class members is impracticable.  Plaintiff is informed and believes, and on

5   that basis alleges, that the proposed Class contains many thousands of members.  The

6   precise number of Class members is unknown to Plaintiff.

7   39.   Common questions of law and fact exist as to all members of the Class and

8   predominate over questions affecting only individual Class members.  The common legal

9   and factual questions include, but are not limited to, the following:

10   •   Whether Defendants have competent scientific evidence to support

11   each of the claims that they made about their Products;

12   •   Whether the claims discussed herein that Defendants made about

13   their Products were or are misleading, or reasonably likely to deceive;

14   •   Whether Defendants' alleged conduct violates public policy;

15   •   Whether the alleged conduct constitutes violations of the laws

16   asserted herein;

17   •   Whether Defendants engaged in false and misleading advertising;

18   •   Whether Plaintiff and Class members have sustained monetary loss

19   and the proper measure of that loss;

20   •   Whether Plaintiff and Class members are entitled to restitution,

21   disgorgement of Defendants' profits, declaratory and/or injunctive relief; and

22   •   Whether Plaintiff and Class members are entitled to an award of

23   compensatory damages.

24   40.   The claims asserted by Plaintiff in this action are typical of the claims of the

25   members of the Class, as the claims arise from the same course of conduct by

26   Defendants, and the relief sought is common.  Plaintiff and Class members suffered

27   uniform damages caused by their purchase of the Osteo Bi-Flex products manufactured,

28

1    marketed, and sold by Defendants.

2        41.    Plaintiff will fairly and adequately represent and protect the interests of the

3    members of the Class.  Plaintiff has retained counsel competent and experienced in both

4    consumer protection and class litigation.

5        42.    A class action is superior to other available methods for the fair and

6    efficient adjudication of this controversy.   The expense and burden of individual

7    litigation would make it impracticable or impossible for proposed Class members to

8    prosecute their claims individually.  It would thus be virtually impossible for the Class,

9    on an individual basis, to obtain effective redress for the wrongs done to them.

10   Furthermore, even if Class members could afford such individualized litigation, the court

11   system could not.  Individualized litigation would create the danger of inconsistent or

12   contradictory judgments arising from the same set of facts.   Individualized litigation

13   would also increase the delay and expense to all parties and the court system from the

14   issues raised by this action.  By contrast, the class action device provides the benefits of

15   adjudication of these issues in a single proceeding, economies of scale, and

16   comprehensive supervision by a single court, and presents no unusual management

17   difficulties under the circumstances here.

18       43.    In the alternative, the Class also may be certified because Defendants have

19   acted or refused to act on grounds generally applicable to the Class thereby making

20   appropriate final declaratory and/or injunctive relief with respect to the members of the

21   Class as a whole.

22       44.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on

23   behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin

24   and prevent Defendants from engaging in the acts described, and requiring Defendants to

25   provide full restitution to Plaintiff and Class members.

26       45.    Unless a Class is certified, Defendants will retain monies received as a

27   result of their conduct that were taken from Plaintiff and Class members.  Unless a Class-

28

wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## COUNT I
**Violation of the Consumers Legal Remedies Act –Civil Code §1750 *et seq.***

46.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

47.    This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). Defendants' Osteo Bi-Flex products are goods within the meaning of the Act.

48.    Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendants' Osteo Bi-Flex products:

(5)    Representing that [the Osteo Bi-Flex products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

\*      \*      \*

(7)    Representing that [the Osteo Bi-Flex products are] of a particular standard, quality or grade, . . . if [they are] of another.

\*      \*      \*

(9)    Advertising goods . . . with the intent not to sell them as advertised.

\*      \*      \*

(16) Representing that [the Osteo Bi-Flex products have] been supplied in accordance with a previous representation when [they have] not.

49.    Defendants violated and continue to violate the Act by representing the Osteo Bi-Flex products, *inter alia*, increase mobility, rebuild cartilage, maintain joint tissue and improve joint comfort when Defendants knew that the representations were

- 13 -

unsubstantiated, false and misleading.

50.     Pursuant to §1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

51.     Pursuant to §1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Copies of the letters are attached hereto as Exhibit B.

52.     If Defendants fail to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act, Plaintiff will amend this complaint to add claims for actual, punitive and statutory damages, as appropriate.

53.     Defendants' conduct is malicious, fraudulent and wanton, and provides misleading information.

54.     Pursuant to §1780(d) of the Act, attached hereto as Exhibit C is the affidavit showing that this action has been commenced in the proper forum.

## COUNT II
### Violation of Business & Professions Code §17200, *et seq.*

55.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

56.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased the Osteo Bi-Flex products.

57.     In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth

- 14 -

1   more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business &

2   Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

3        58.     Plaintiff and the Class reserve the right to allege other violations of law,

4   which constitute other unlawful business acts or practices.  Such conduct is ongoing and

5   continues to this date.

6        59.     Defendants' acts, omissions, misrepresentations, practices and non-

7   disclosures as alleged herein also constitute "unfair" business acts and practices within

8   the meaning of Business and Professions Code §17200 *et seq.*, in that their conduct is

9   substantially injurious to consumers, offends public policy, and is immoral, unethical,

10  oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged

11  benefits attributable to such conduct.

12       60.     As stated in this complaint, Plaintiff alleges violations of consumer

13  protection, unfair competition and truth in advertising laws resulting in harm to

14  consumers.  Plaintiff asserts violations of the public policy of engaging in false and

15  misleading advertising, unfair competition and deceptive conduct towards consumers.

16  This conduct constitutes violations of the unfair prong of Business & Professions Code

17  §17200 *et seq.*

18       61.     There were reasonably available alternatives to further Defendants'

19  legitimate business interests, other than the conduct described herein.

20       62.     Defendants' claims, nondisclosures and misleading statements, as more

21  fully set forth above, are also false, misleading and/or likely to deceive the consuming

22  public within the meaning of Business & Professions Code §17200 *et seq.*

23       63.     Defendants' labeling and packaging as described herein, also constitute

24  unfair, deceptive, untrue and misleading advertising.

25       64.     Defendants' conduct caused and continues to cause substantial injury to

26  Plaintiff and the other Class members.  Plaintiff has suffered injury in fact and has lost

27  money as a result of Defendants' unfair conduct.

28

65.     Plaintiff, on behalf of herself, and all other similarly situated California residents, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT III
### Breach of Express Warranty

66.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

67.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased the Osteo Bi-Flex products.  The terms of that contract include the promises and affirmations of fact made by Defendants on their Osteo Bi-Flex products' labels and packages, as described above. These representations constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

68.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

69.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing products that could provide the benefits described above which was the only reason Plaintiff and Class members purchased the Osteo Bi-Flex products.

70.     As a result of Defendants' breach of their warranty, Plaintiff and Class members have been damaged in the amount of the purchase price of the Osteo Bi-Flex products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

- 16 -

A.   Certifying the class as requested herein;

B.   Awarding Plaintiff and the proposed Class members damages;

C.   Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.   Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.   Ordering Defendants to engage in a corrective advertising campaign;

F.   Awarding attorneys' fees and costs; and

G.   Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: June 14, 2011                    BONNETT FAIRBOURN FRIEDMAN
                                        & BALINT, PC


                                        By:   s/ Patricia N. Syverson
                                        ANDREW S. FRIEDMAN
                                        ELAINE A. RYAN
                                        PATRICIA N. SYVERSON
                                        2901 North Central Avenue, Suite 1000
                                        Phoenix, Arizona 85012
                                        Telephone: 602-274-1100

                                        BONNETT, FAIRBOURN, FRIEDMAN
                                        & BALINT, P.C.
                                        TODD D. CARPENTER
                                        600 West Broadway, Suite 900
                                        San Diego, California 92101
                                        Telephone:   (619) 756-6978

- 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: 312-427-3600

Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Liliana Cardenas

**DEFENDANTS**
NBTY, Inc.; Rexall Sundown, Inc.

**(b)** County of Residence of First Listed Plaintiff   Placer
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patricia N. Syverson, Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Ave., Ste. 1000, Phoenix, AZ  85012

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(d)(2)
Brief description of cause:
Violation of Civil Code 1750, Business & Professional Code 17200, Breach of Express Warranty

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE

DOCKET NUMBER

DATE
06/14/2011

SIGNATURE OF ATTORNEY OF RECORD
s/ Patricia N. Syverson

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

















**BONNETT, FAIRBOURN,**
**FRIEDMAN & BALINT, PC**

| | | |
|---|---|---|
| JERRY C. BONNETT | WILLIAM G. FAIRBOURN | ANDREW S. FRIEDMAN |
| FRANCIS J. BALINT, JR. | VAN BUNCH | ROBERT J. SPURLOCK |
| C. KEVIN DYKSTRA | ELAINE A. RYAN | WENDY J. HARRISON |
| ANDREW Q. EVERROAD | KATHRYN A. HONECKER | PATRICIA N. SYVERSON |
| JONATHAN S. WALLACK | GUY A. HANSON | KIMBERLY C. PAGE |
| CHRISTINA L. BANNON | MANFRED P. MUECKE[1] | TODD D. CARPENTER[1] |
| WILLIAM F. KING | TONNA K. FARRAR[2] | T. BRENT JORDAN[3] |
| ANDREW M. EVANS | TY D. FRANKEL | LINDSEY M. GOMEZ |
| KEVIN R. HANGER | ERIC D. ZARD | |

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri and Kansas
[3] Admitted Only in Pennsylvania

June 14, 2011

<u>**VIA CERTIFIED MAIL (RETURN RECEIPT)**</u>
**(RECEIPT NO. 7009-0080-0000-4200-3898)**

Irene Fisher, Esq.
General Counsel
NBTY, Inc.
2100 Smithtown Avenue
Ronkonkoma, NY 11779

Re:    Cardenas v. NBTY, Inc., *et al.*

Dear Ms. Fisher:

Our law firm represents Lilian Cardenas and all other similarly situated California Residents in an action against NBTY, Inc. ("NBTY") and Rexall Sundown, Inc. ("Rexall") (collectively, "Defendants") arising out of, *inter alia*, misrepresentations, either express or implied, by Defendants to consumers that the Osteo Bi-Flex line of joint dietary supplements[1] are effective treatments for arthritis and other joint related ailments.

Ms. Cardenas and other similarly situated California residents purchased the Osteo Bi-Flex products unaware that Defendants' representations found on the Products' labels and packages were not substantiated by competent scientific evidence, including, among others, that Osteo Bi-Flex will increase mobility, renew cartilage, and maintain healthy connective tissue. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

These representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to result in the sale of Osteo Bi-Flex to the consuming public. In fact, these representations do not assist consumers; they simply mislead them.

This practice constitutes a violation of California Civil Code §1770(a) under, *inter alia,*

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

the following subdivisions:

>    (5)    Representing that [Osteo Bi-Flex has] . . . characteristics, . . . uses [or]
>           benefits. . .which [it does] not have.
>
>                              * * *
>
>    (7)    Representing that [Osteo Bi-Flex is] of a particular standard, quality or
>           grade, . . . if [it is] of another.
>
>                              * * *
>
>    (9)    Advertising goods . . . with the intent not to sell them as advertised.
>
>                              * * *
>
>    (16)   Representing that [Osteo Bi-Flex has] been supplied in accordance with a
>           previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all other similarly situated California residents that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted theories of unlawful business acts, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address this problem immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

>    1.     Identify or make a reasonable attempt to identify purchasers of the subject

Products who reside in California;

2.    Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

3.    Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Osteo Bi-Flex purchasers who so request; and

4.    Cease from expressly or impliedly representing to consumers that these Products are effective at treating arthritis related symptoms or any other joint ailments when there is no reasonable basis for so claiming, as more fully described in the attached Complaint.

We await your response.

Very truly yours,

Patricia N. Syverson
For the Firm

PNS:lmg
Enclosures

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, PC

JERRY C. BONNETT          WILLIAM G. FAIRBOURN      ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.    VAN BUNCH                 ROBERT J. SPURLOCK
C. KEVIN DYKSTRA          ELAINE A. RYAN            WENDY J. HARRISON
ANDREW Q. EVERROAD        KATHRYN A. HONECKER       PATRICIA N. SYVERSON
JONATHAN S. WALLACK       GUY A. HANSON             KIMBERLY C. PAGE
CHRISTINA L. BANNON       MANFRED P. MUECKE[1]      TODD D. CARPENTER[1]
WILLIAM F. KING           TONNA K. FARRAR[2]        T. BRENT JORDAN[3]
ANDREW M. EVANS           TY D. FRANKEL             LINDSEY M. GOMEZ
KEVIN R. HANGER           ERIC D. ZARD

MICHAEL N. WIDENER, Of Counsel

[1] Admitted Only in California
[2] Admitted Only in California, Missouri
and Kansas
[3] Admitted Only in Pennsylvania

June 14, 2011

**VIA CERTIFIED MAIL (RETURN RECEIPT)**
**(RECEIPT NO. 7009-0080-0000-4081-5424)**

Rexall Sundown, Inc.,
General Counsel
2100 Smithtown Ave.,
Ronkonkoma, New York 11779

     Re:    Cardenas v. NBTY, Inc., *et al.*

Dear Sir or Madam:

     Our law firm represents Lilian Cardenas and all other similarly situated California Residents in an action against NBTY, Inc. ("NBTY") and Rexall Sundown, Inc. ("Rexall") (collectively, "Defendants") arising out of, *inter alia*, misrepresentations, either express or implied, by Defendants to consumers that the Osteo Bi-Flex line of joint dietary supplements[1] are effective treatments for arthritis and other joint related ailments.

     Ms. Cardenas and other similarly situated California residents purchased the Osteo Bi-Flex products unaware that Defendants' representations found on the Products' labels and packages were not substantiated by competent scientific evidence, including, among others, that Osteo Bi-Flex will increase mobility, renew cartilage, and maintain healthy connective tissue. The full claims, including the facts and circumstances surrounding these claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

     These representations are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices, undertaken by Defendants with the intent to result in the sale of Osteo Bi-Flex to the consuming public. In fact, these representations do not assist consumers; they simply mislead them.

     This practice constitutes a violation of California Civil Code §1770(a) under, *inter alia*, the following subdivisions:

---

[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex" or "the Products").

(5)     Representing that [Osteo Bi-Flex has] . . . characteristics, . . . uses [or] benefits. . .which [it does] not have.

\* \* \*

(7)     Representing that [Osteo Bi-Flex is] of a particular standard, quality or grade, . . . if [it is] of another.

\* \* \*

(9)     Advertising goods . . . with the intent not to sell them as advertised.

\* \* \*

(16)    Representing that [Osteo Bi-Flex has] been supplied in accordance with a previous representation when [it has] not.

California Civil Code §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code §17200, *et seq.*, and a breach of express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782, we hereby demand on behalf of our client and all other similarly situated California residents that Defendants immediately correct and rectify this violation of California Civil Code §1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information as described in the enclosed Complaint. In addition, Defendants should offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code §1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims also would include claims under already asserted theories of unlawful business acts, as well as the claims under the Consumers Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that Defendants address this problem immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code §1782(c):

1.     Identify or make a reasonable attempt to identify purchasers of the subject Products who reside in California;

2.      Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

3.      Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all Osteo Bi-Flex purchasers who so request; and

4.      Cease from expressly or impliedly representing to consumers that these Products are effective at treating arthritis related symptoms or any other joint ailments when there is no reasonable basis for so claiming, as more fully described in the attached Complaint.

We await your response.


                              Very truly yours,



                              Patricia N. Syverson
                              For the Firm


PNS:lmg
Enclosures

1

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.

2

ANDREW S. FRIEDMAN (*To be admitted Pro Hac Vice*)
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)

3

PATRICIA N. SYVERSON (203111)
2901 N. Central Avenue, Suite 1000

4

Phoenix, AZ 85012
Telephone: 602-274-1100

5

Facsimile: 602-274-1199

6

BONNETT, FAIRBOURN, FRIEDMAN

7

& BALINT, P.C.
TODD D. CARPENTER (234464)

8

600 W. Broadway, Suite 900
San Diego, California 92101

9

Telephone: 619-756-6978

10

Facsimile: 602-798-5860

11

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.

12

STEWART WELTMAN (*To be admitted Pro Hac Vice*)
122 S. Michigan Avenue, Suite 1850

13

Chicago, Illinois 6060
Telephone: 312-427-3600

14

Fax: 312-427-1850

15

Attorneys for Plaintiff

16

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

18

19

LILIANA CARDENAS, On Behalf of

20

Herself and All Other Similarly Situated
California Residents,

21

22

Plaintiff,

23

v.

24

NBTY, INC., a Delaware corporation and
REXALL SUNDOWN, INC., a Florida

25

corporation,

26

Defendants.

27

//

28

Case No.:

CLASS ACTION

DECLARATION OF PATRICIA N.
SYVERSON PURSUANT TO CALIFORNIA
CIVIL CODE §1780(d)

I, Patricia N. Syverson, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California.  I am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C., the counsel of record for plaintiff in the above-entitled action.

2.      Defendants NBTY, Inc., and Rexall Sundown, Inc., have done and are doing business in the Eastern District of California.   Such business includes the marketing, distributing and sale of their Osteo Bi-Flex line of joint dietary supplements.  Furthermore, Plaintiff Trujillo purchased the Osteo Bi-Flex products in Roseville, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 14th day of June, 2011, at Phoenix, Arizona.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
ELAINE A. RYAN
PATRICIA N. SYVERSON (203111)

s/ Patricia N. Syverson
Patricia N. Syverson

2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

1

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
Telephone:  (619) 756-6978
Facsimile:  (602) 798-5860

FUTTERMAN HOWARD ASHLEY
& WELTMAN, P.C.
STEWART WELTMAN
122 S. Michigan Avenue, Suite 1850
Chicago, Illinois 6060
Telephone:  312-427-3600
Fax: 312-427-1850

1    BONNETT, FAIRBOURN, FRIEDMAN
        & BALINT, P.C.
2    ANDREW S. FRIEDMAN (*To be admitted Pro Hac Vice*)
     ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
3    PATRICIA N. SYVERSON (203111)
     2901 N. Central Ave., Suite 1000
4    Phoenix, AZ 85012
     afriedman@bffb.com
5    eryan@bffb.com
     psyverson@bffb.com
6    Telephone:   (602) 274-1100

7    BONNETT, FAIRBOURN, FRIEDMAN
     & BALINT, P.C.
8    TODD D. CARPENTER (234464)
     600 W. Broadway, Suite 900
9    San Diego, California 92101
     tcarpenter@bffb.com
10   Telephone: 619-756-6978

11   FUTTERMAN HOWARD ASHLEY
     & WELTMAN, P.C.
12   STEWART WELTMAN (*To be admitted Pro Hac Vice*)
     122 S. Michigan Avenue, Suite 1850
13   Chicago, Illinois 60603
     SWELTMAN@FUTTERMANHOWARD.COM
14   Telephone: 312-427-3600

15   Attorneys for Plaintiff

16 |        **UNITED STATES DISTRICT COURT**
   |        **EASTERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| 18  LILIANA CARDENAS, On Behalf of Herself and All Other Similarly Situated California Residents, | Case No.: 2:11-CV-01615-LKK-EFB |
| 19 | **CLASS ACTION** |
| 20          Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| 21       v. | |
| 22  NBTY, INC., a Delaware corporation and REXALL SUNDOWN, INC., a Florida corporation, | 1.  VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, Civil Code §1750 *et seq.*; |
| 23 | 2.  VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.*; and |
| 24          Defendants. | 3.  BREACH OF EXPRESS WARRANTY. |
| 25 | |
| 26 | DEMAND FOR JURY TRIAL |
| 27 | |
| 28 | |

1    Pursuant Plaintiff Liliana Cardenas ("Plaintiff"), by and through her attorneys,

2  brings this action on behalf of herself and all other similarly situated California residents

3  against Defendants NBTY, Inc. and Rexall Sundown, Inc. (collectively "Defendants"),

4  and alleges as follows:

5                              **NATURE OF ACTION**

6    1.    Forty-six million Americans suffer from arthritis.    Osteoarthritis, also

7  called degenerative joint tissue disease, is the most prevalent and disabling form of

8  arthritis.  Osteoarthritis is caused by the breakdown of cartilage, which is the connective

9  tissue that cushions the ends of bones within the joint.  Osteoarthritis is characterized by

10 pain, joint damage, and limited motion (hereafter referred to as the "three major

11 symptoms of arthritis").  The disease generally occurs late in life, and most commonly

12 affects the hands and large weight bearing joints, such as the knees, hips and back.  There

13 is no cure for the three major symptoms of arthritis.  Yet, Defendants promise a cure for

14 each of the three major symptoms of arthritis in the form of a pill which they manufacture,

15 market, and sell as the Osteo Bi-Flex line of joint health dietary supplements.[1]

16   2.    It has been the accepted standard for over four decades in both the medical

17 and scientific community, that in order for someone to make a health benefit claim about a

18 product,  the  party  making  that  claim  must  possess  competent  scientific

19 evidence—meaning that they have at least two adequate and well controlled clinical trials

20 supporting a particular health benefit claim about a particular product (hereafter referred

21 to as "competent scientific evidence").

22   3.    On each and every Osteo Bi-Flex product label and/or package, Defendants

23 prominently state that Osteo Bi-Flex will "promote mobility", "renew cartilage",

24 "maintain healthy connective tissue" and "improve joint comfort."

25 _____
[1] The Osteo Bi-Flex line includes: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-
26 Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-Flex
   Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced (collectively, "Osteo Bi-Flex"
27 or "the Products").

28
                                   - 2 -

4.    In making these affirmative representations, Defendants represent to each purchaser of Osteo Bi-Flex that they have competent scientific evidence that these Products are effective in relieving and reducing the three major symptoms of arthritis and other joint related ailments.

5.    Yet, Defendants do not possess such competent scientific evidence.  In fact, the Osteo Bi-Flex products are not effective arthritis remedies.  In short, Defendants have not obtained the necessary scientific proof with regard to each of the Osteo Bi-Flex products they market and sell in order to make the representations that they have made about each of these Products.

6.    As a result, Defendants are guilty of deceptive conduct in their marketing and sales of the Osteo Bi-Flex products.

7.    Defendants are also guilty of deception by omission in that, after affirmatively asserting that these Products are effective remedies against the three major symptoms of arthritis, Defendants had a duty to tell Plaintiff and the Class members that they did not have competent scientific evidence to support the efficacy representations that they make about the Osteo Bi-Flex products.

8.    By making representations on the box of each Osteo Bi-Flex product that it was an arthritis remedy, Defendants represented (and continue to represent) to Plaintiff and the Class members that they had competent scientific evidence to back up these assertions when they did not possess such evidence.   These were material misrepresentations concerning the only reason that Plaintiff and the Class members would have purchased Defendants' Osteo Bi-Flex products—that they were proven by competent scientific evidence to be effective against the three major symptoms of arthritis.

9.    Other than to use the Osteo Bi-Flex products to relieve these symptoms of arthritis, there is no reason for Plaintiff or the Class members to have purchased these Products.  Plaintiff and the Class members would not have purchased an Osteo Bi-Flex

- 3 -

1   product without believing that it was a proven effective arthritis remedy and that it

2   provided relief from the three major symptoms of arthritis.

3       10.     Thus, through the act of purchasing one of Defendants' Osteo Bi-Flex

4   products, Plaintiff and each Class member necessarily was deceived by Defendants'

5   representations that these Products were effective arthritis remedies and would provide

6   relief from the three major symptoms of arthritis.

7       11.     Plaintiff and the Class members were also deceived by Defendants in that,

8   after affirmatively asserting that these Products would provide relief from the three major

9   symptoms of arthritis, Defendants committed deception by omission in that they failed to

10  inform Plaintiff and the Class members that they did not possess competent scientific

11  evidence to support these health benefit claims.

12      12.     Every purchase of the Osteo Bi-Flex products was tainted with Defendants'

13  deceptions in that just by looking at the package on the shelf or following the directions

14  for use, Plaintiff and the Class members would have seen Defendants' deceptive

15  representations.

16      13.     Defendants' deceptive marketing and advertising, as well as the complete

17  lack of any disclosure that no competent scientific evidence exists to substantiate the

18  claim that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy

19  connective tissue", and "improve[] joint comfort", is designed to cause consumers to buy

20  Osteo Bi-Flex. Defendants' deceptive marketing and advertising campaign has

21  succeeded. Estimated sales of dietary supplements for osteoarthritis, including Osteo Bi-

22  Flex, approached $820 million in 2006.[2]

23      14.     Plaintiff brings this action on behalf of herself and other similarly situated

24  California consumers who have purchased the Products to halt the dissemination of this

25  false and misleading advertising message, correct the false and misleading perception it

26

27  [2] 2007 Nutrition Industry Overview, Nutrition Business J., *available at* http://newhope360.com/managing-your-business/2007-nutrition-industry-overview (last visited Apr. 4, 2011).

28

-4-

has created in the minds of consumers, and obtain redress for those who have purchased Osteo Bi-Flex products. Plaintiff alleges violations of the Consumers Legal Remedies Act, the Unfair Competition Law, and Breach of Express Warranty created by Defendants' advertising, including false labeling.

## JURISDICTION AND VENUE

15. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the class are citizens of a state different from Defendants.

16. The Court has personal jurisdiction over Defendants because Defendants are authorized to do and conduct business in California. Defendants have marketed, promoted, distributed, and sold the Osteo Bi-Flex products in California, and Defendants have sufficient minimum contacts with the State and/or sufficiently avail themselves of the markets in this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by the Court permissible.

17. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in the judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendants transact substantial business in this District.

## PARTIES

18. Plaintiff Liliana Cardenas resides in Roseville, California. During the Class Period, Plaintiff Cardenas was exposed to and saw Defendants' claims by reading the Osteo Bi-Flex label, purchased the Osteo Bi-Flex products in reliance on those claims, and suffered injury in fact and lost money. Had Plaintiff Cardenas known the truth about Defendants' misrepresentations and omissions, Plaintiff would not have purchased and used the Osteo Bi-Flex products.

19. Defendant NBTY Inc. ("NBTY") is a corporation organized and existing

1    under the laws of the state of Delaware.  Defendant NBTY's headquarters is at 2100

2    Smithtown Ave., Ronkonkoma, New York 11779.

3        20.    Defendant Rexall Sundown Inc. ("Rexall") is a corporation organized and

4    existing under the laws of the state of Florida.  Defendant Rexall's headquarters is at

5    2100 Smithtown Ave., Ronkonkoma, New York 11779.

6        21.    Defendant NBTY together with Defendant Rexall Sundown, have

7    manufactured, advertised, marketed, distributed, or sold, the Osteo Bi-Flex products to

8    tens of thousands of consumers in California.

9        22.    Plaintiff is informed and believes, and thus alleges, that at all times herein

10   mentioned, each of the Defendants was the agent, employee, representative, partner, joint

11   venturer, and/or alter ego of the other Defendant and, in doing the things alleged herein,

12   was acting within the course and scope of such agency, employment, representation, on

13   behalf of such partnership or joint venture, and/or as such alter ego, with the authority,

14   permission, consent, and/or ratification of the other Defendant.

## FACTUAL ALLEGATIONS

### The Osteo Bi-Flex Products

17       23.    Defendants develop, manufacture, market, distribute and sell a line of joint

18   supplements under the Osteo Bi-Flex brand name.  These Products include: (1) Osteo Bi-

19   Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo Bi-Flex Double Strength;

20   (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-

21   Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex

22   Advanced.  Defendants began manufacturing, marketing and selling the Osteo Bi-Flex

23   products nationwide in 1996.

24       24.    The Osteo Bi-Flex products are sold in virtually every major food, drug,

25   and mass retail outlet store in California, including, but not limited to: Wal-Mart, Costco

- 6 -

Wholesale, Sam's Club, Target, and Walgreens.  A 120-count bottle of Osteo Bi-Flex retails for approximately $27.00.  The following are screen shots of the Products:

  

   

25.    Since the Products' launch, Defendants have consistently conveyed the message to consumers throughout California that Osteo Bi-Flex will "promote mobility", "renew cartilage", "maintain healthy connective tissue" and  "improve[] joint comfort" simply by taking the recommended number of tablets each day.  These claims are not substantiated by competent scientific evidence and are factually baseless.

26.    The primary active ingredients in all the Osteo Bi-Flex products are glucosamine hydrochloride and chondroitin sulfate.  Glucosamine is an amino sugar that the body produces and distributes in cartilage and other connective tissue.  Chondroitin sulfate is a complex carbohydrate found in the body's connective tissues. There is no

competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that relieves the three symptoms of arthritis.

27.   All of the Osteo Bi-Flex products also contain lesser amounts of other ingredients including hyaluronic acid, a component of synovial fluid found in the fluids of the eyes and joints; methylsulfonylmethane ("MSM"), an organic sulfur compound found in fruits, corn, tomatoes, tea, coffee, and milk; vitamin D; and Defendants' 5-loxin advanced formula, a combination of MSM, chondroitin sulfate, vitamin C, hyaluronic acid, manganese collagen, and *boswellia serrata* (resin).   There is no competent scientific evidence that taking any of these ingredients—let alone through oral administration—results in the body metabolizing it into something that relieves the three major symptoms of arthritis.

28.   Contrary to the stated representations on all the Products' labeling and packaging, Defendants do not possess (and have not possessed) competent scientific evidence that any of these ingredients, taken alone or in combination, are effective in treating the three major symptoms of arthritis or any other joint related ailments.

29.   Despite inadequate testing and no scientifically valid confirmation that Osteo Bi-Flex is an effective joint treatment—let alone an effective treatment for *all* joints in the human body, for customers of *all* ages and for *all* stages of joint disease— Defendants state on the Products' packaging and labeling that Osteo Bi-Flex will, *inter alia*: "promote mobility", "renew cartilage", "maintain healthy connective tissue" and "improve[] joint comfort".   Front, back, and side shots of a representative Osteo Bi-Flex product label appear as follows:

. . .

. . .

-8-



Copies of all Osteo Bi-Flex product labels are attached hereto as Exhibit A.

### The Impact Of Defendants' Wrongful Conduct

30.     Despite the lack of competent scientific evidence, Defendants continue to unequivocally claim that Osteo Bi-Flex provides joint health benefits to all persons.

31.     As the manufacturer and distributor of Osteo Bi-Flex, Defendants possess specialized knowledge regarding the content and effects of the ingredients contained in their Products and are in a superior position to learn of the effects—and have learned of the effects—their Products have on consumers.

32.     Specifically, Defendants knew or should have known, but failed to disclose that they have no competent scientific evidence that their Osteo Bi-Flex products are effective in treating the three major symptoms of arthritis or other joint related ailments.

33.     Notwithstanding these deceptive representations and material omissions, Defendants conveyed and continue to convey one uniform message: Osteo Bi-Flex is

1    effective in treating the three major symptoms of arthritis.

2        34.    Plaintiff and Class members have been and will continue to be deceived or

3    misled by Defendants' deceptive representations touting the effectiveness of the Osteo

4    Bi-Flex products.  Plaintiff purchased and used the Osteo Bi-Flex products during the

5    Class period and in doing so, read, considered and based her decisions to buy the

6    Products on the above cited label representations.  Because the Products' sole purpose is

7    to provide joint relief for the three major symptoms of arthritis, Defendants'

8    representations and omissions were a material factor in influencing Plaintiff's decision to

9    purchase and use the Osteo Bi-Flex products.  There is no other reason for Plaintiff to

10   have purchased the Osteo Bi-Flex products and Plaintiff would not have purchased the

11   Products had she known that Defendants did not possess competent scientific evidence to

12   support the claims that they made about these Products.

13       35.    As a result, Plaintiff and the Class members have been damaged in their

14   purchases of these Products and have been deceived into purchasing Products that they

15   believed, based on Defendants' representations, were proven to be effective in treating

16   the three major symptoms of arthritis and other joint related ailments when, in fact, they

17   are not.

18       36.    Defendants, by contrast, reaped enormous profits from their false

19   marketing and sale of these Products.

20                              **CLASS ALLEGATIONS**

21       37.    Plaintiff brings this action on behalf of herself and all other similarly

22   situated California residents pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal

23   Rules of Civil Procedure and seeks certification of the following Class:

24           All California residents who, within the applicable statute of
25           limitations, purchased the Osteo Bi-Flex products[3].

26   _____
     [3]The Osteo Bi-Flex products include: (1) Osteo Bi-Flex One Per Day; (2) Osteo Bi-Flex Triple Strength; (3) Osteo
27   Bi-Flex Double Strength; (4) Osteo Bi-Flex Triple Strength with Vitamin D; (5) Osteo Bi-Flex MSM; (6) Osteo Bi-
     Flex Energy Formula; (7) Osteo Bi-Flex Regular Strength; and (8) Osteo Bi-Flex Advanced.
28
                                    - 10 -

1

2

Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, and those who purchased the Osteo Bi-Flex products for the purpose of resale.

3    38.    Members of the Class are so numerous and geographically dispersed that

4    joinder of all Class members is impracticable.  Plaintiff is informed and believes, and on

5    that basis alleges, that the proposed Class contains many thousands of members.  The

6    precise number of Class members is unknown to Plaintiff.

7    39.    Common questions of law and fact exist as to all members of the Class and

8    predominate over questions affecting only individual Class members.  The common legal

9    and factual questions include, but are not limited to, the following:

10    •    Whether Defendants have competent scientific evidence to support

11    each of the claims that they made about their Products;

12    •    Whether the claims discussed herein that Defendants made about

13    their Products were or are misleading, or reasonably likely to deceive;

14    •    Whether Defendants' alleged conduct violates public policy;

15    •    Whether the alleged conduct constitutes violations of the laws

16    asserted herein;

17    •    Whether Defendants engaged in false and misleading advertising;

18    •    Whether Plaintiff and Class members have sustained monetary loss

19    and the proper measure of that loss;

20    •    Whether Plaintiff and Class members are entitled to restitution,

21    disgorgement of Defendants' profits, declaratory and/or injunctive relief; and

22    •    Whether Plaintiff and Class members are entitled to an award of

23    punitive and/or compensatory damages.

24    40.    The claims asserted by Plaintiff in this action are typical of the claims of the

25    members of the Class, as the claims arise from the same course of conduct by

26    Defendants, and the relief sought is common.  Plaintiff and Class members suffered

27    uniform damages caused by their purchase of the Osteo Bi-Flex products manufactured,

28

1    marketed, and sold by Defendants.

2        41.    Plaintiff will fairly and adequately represent and protect the interests of the

3    members of the Class.  Plaintiff has retained counsel competent and experienced in both

4    consumer protection and class litigation.

5        42.    A class action is superior to other available methods for the fair and

6    efficient adjudication of this controversy.   The expense and burden of individual

7    litigation would make it impracticable or impossible for proposed Class members to

8    prosecute their claims individually.  It would thus be virtually impossible for the Class,

9    on an individual basis, to obtain effective redress for the wrongs done to them.

10   Furthermore, even if Class members could afford such individualized litigation, the court

11   system could not.  Individualized litigation would create the danger of inconsistent or

12   contradictory judgments arising from the same set of facts.   Individualized litigation

13   would also increase the delay and expense to all parties and the court system from the

14   issues raised by this action.  By contrast, the class action device provides the benefits of

15   adjudication of these issues in a single proceeding, economies of scale, and

16   comprehensive supervision by a single court, and presents no unusual management

17   difficulties under the circumstances here.

18       43.    In the alternative, the Class also may be certified because Defendants have

19   acted or refused to act on grounds generally applicable to the Class thereby making

20   appropriate final declaratory and/or injunctive relief with respect to the members of the

21   Class as a whole.

22       44.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on

23   behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin

24   and prevent Defendants from engaging in the acts described, and requiring Defendants to

25   provide full restitution to Plaintiff and Class members.

26       45.    Unless a Class is certified, Defendants will retain monies received as a

27   result of their conduct that were taken from Plaintiff and Class members.  Unless a Class-

28
                                    - 12 -

wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

### COUNT I
**Violation of the Consumers Legal Remedies Act –Civil Code §1750 *et seq.***

46.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

47.     This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act"). Plaintiff is a consumer as defined by California Civil Code §1761(d). Defendants' Osteo Bi-Flex products are goods within the meaning of the Act.

48.     Defendants violated and continue to violate the Act by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sale of Defendants' Osteo Bi-Flex products:

(5)     Representing that [the Osteo Bi-Flex products have] . . . characteristics, . . . uses [or] benefits . . . which [they] do not have.

     *    *    *

(7)     Representing that [the Osteo Bi-Flex products are] of a particular standard, quality or grade, . . . if [they are] of another.

     *    *    *

(9)     Advertising goods . . . with the intent not to sell them as advertised.

     *    *    *

(16) Representing that [the Osteo Bi-Flex products have] been supplied in accordance with a previous representation when [they have] not.

49.     Defendants violated and continue to violate the Act by representing and failing to disclose material facts on the Products labels and packages as described above when Defendants knew or should have known that the representations were

- 13 -

unsubstantiated, false and misleading and the omissions were of material facts.

50.    Pursuant to §1782(d) of the Act, Plaintiff and the Class seek a court order enjoining the above-described wrongful acts and practices of Defendants and for restitution and disgorgement.

51.    Pursuant to §1782 of the Act, by letters dated June 14, 2011, Plaintiff notified Defendants in writing by certified mail of the particular violations of §1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of Defendants' intent to so act. Copies of the letters dated June 14, 2011 are attached as Exhibit B.

52.    Defendants failed to rectify or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to §1782 of the Act.  Therefore, Plaintiff further seeks claims for actual, punitive and statutory damages, as appropriate.

53.    Defendants' conduct is malicious, fraudulent and wanton.

**COUNT II**
**Violation of Business & Professions Code §17200, *et seq.***

54.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

55.    As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of Defendants' conduct because she purchased the Osteo Bi-Flex products.

56.    In the course of conducting business, Defendants committed unlawful business practices by, *inter alia*, making the representations (which also constitute advertising within the meaning of §17200) and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1711, 1770, Business & Professions Code §§17200, *et seq.*, 17500, *et seq.*, and the common law.

57.    Plaintiff and the Class reserve the right to allege other violations of law,

- 14 -

which constitute other unlawful business acts or practices.  Such conduct is ongoing and continues to this date.

58.  Defendants' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business and Professions Code §17200 *et seq.*, in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

59.  As stated in this complaint, Plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws resulting in harm to consumers.  Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers. This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq.*

60.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

61.  Defendants' claims, nondisclosures and misleading statements, as more fully set forth above, are also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200 *et seq.*

62.  Defendants' labeling and packaging as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

63.  Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair conduct.

64.  Plaintiff, on behalf of herself, and all other similarly situated California residents, seeks restitution of all money obtained from Plaintiff and the members of the Class collected as a result of unfair competition, an injunction prohibiting Defendants

from continuing such practices, corrective advertising and all other relief this Court deems appropriate, consistent with Business & Professions Code §17203.

## COUNT III
### Breach of Express Warranty

65.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

66.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased the Osteo Bi-Flex products.  The terms of that contract include the promises and affirmations of fact made by Defendants on their Osteo Bi-Flex products' labels and packages, as described above.  These representations constitute express warranties, became part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

67.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

68.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing products that could provide the benefits described above which was the only reason Plaintiff and Class members purchased the Osteo Bi-Flex products.

69.     As a result of Defendants' breach of their warranty, Plaintiff and Class members have been damaged in the amount of the purchase price of the Osteo Bi-Flex products they purchased.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A.     Certifying the class as requested herein;

B.     Awarding Plaintiff and the proposed Class members damages;

C.   Awarding restitution and disgorgement of Defendants' revenues to Plaintiff and the proposed Class members;

D.   Awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendants to identify, with court supervision, victims of their conduct and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

E.   Ordering Defendants to engage in a corrective advertising campaign;

F.   Awarding attorneys' fees and costs; and

G.   Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: July 25, 2011                    BONNETT FAIRBOURN FRIEDMAN
                                        & BALINT, PC


                                        By:   s/ Patricia N. Syverson
                                        ANDREW S. FRIEDMAN
                                        ELAINE A. RYAN
                                        PATRICIA N. SYVERSON
                                        2901 North Central Avenue, Suite 1000
                                        Phoenix, Arizona 85012
                                        Telephone: 602-274-1100

                                        BONNETT, FAIRBOURN, FRIEDMAN
                                        & BALINT, P.C.
                                        TODD D. CARPENTER
                                        600 West Broadway, Suite 900
                                        San Diego, California 92101
                                        Telephone:   (619) 756-6978

                                        FUTTERMAN HOWARD ASHLEY
                                        & WELTMAN, P.C.
                                        STEWART WELTMAN
                                        122 South Michigan Avenue, Suite 1850
                                        Chicago, Illinois 60603

- 17 -

1

Telephone:  312-427-3600

2

Attorneys for Plaintiff

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28







