**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation, <br><br> Defendants. | Case No. 11-CV-07972 <br><br> <u>CLASS ACTION</u> <br><br> **Hon. James B. Zagel** |

**DECLARATION OF ELAINE A. RYAN, STEWART M. WELTMAN, AND
HOWARD J. SEDRAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND
EXPENSES AND INCENTIVE AWARDS**

Elaine A. Ryan, Stewart M. Weltman, and Howard J. Sedran, individually and jointly (as to paragraphs 4-16) declare as follows:

1.  I, Elaine A. Ryan, am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C. ("BFFB"). I am one of the attorneys representing Plaintiffs Pearson, Padilla, Linares, Blanco, and Gonzalez (hereafter the "Pearson Plaintiffs") and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses and Incentive Awards in the above-entitled action. BFFB has extensive experience prosecuting consumer class actions. The firm specializes in complex class action litigation, representing consumers, employees, and investors in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has successfully litigated over 100 class action cases and has made available hundreds of millions of dollars for class members. Attached as Exhibit A is a firm biography for BFFB.

2.  I, Stewart M. Weltman, am the owner of Stewart M. Weltman LLC (collectively referred to as ("WELTMAN LLC"). Since February 1, 2012, WELTMAN LLC has been Of Counsel to Levin Fishbein Sedran & Berman. WELTMAN LLC is one of the firms representing the Pearson Plaintiffs and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees, Expenses and Incentive Awards in the above-entitled action. Over 34 years, I have specialized in complex litigation, prosecuting and defending a variety of individual and class actions under the consumer fraud, securities fraud and antitrust laws. I have been in involved as lead counsel in cases that have made available hundreds of millions of dollars to victims of consumer fraud, securities fraud and antitrust violations. Attached as Exhibit B is my professional biography.

3.  I, Howard J. Sedran, am a member of the law firm of Levin Fishbein Sedran & Berman ("LFSB"). I am one of the attorneys representing the Pearson Plaintiffs and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for

Final Approval of Class Action Settlement, Attorneys' Fees, Expenses and Incentive Awards in the above-entitled action. LFSB has extensive experience prosecuting class actions. The firm specializes in complex class action litigation, representing plaintiffs in class actions in state and federal courts throughout the United States. The firm has successfully litigated numerous complex litigation matters and has made available hundreds of millions for its clients. Attached as Exhibit C is a firm biography for LFSB.

4. Based upon pre-suit investigation, including extensive research and analysis of the science regarding glucosamine and chondroitin, BFFB and WELTMAN LLC (hereafter "Pearson Plaintiffs' Counsel" or "PPC") concluded that one of the primary objectives of any glucosamine/chondroitin litigation must be the removal of false joint health benefit representations from the product labels, such as representations that the products "rebuild" or "renew" joint cartilage. This objective could not be accomplished in isolation – where only one manufacturer changed its labeling while others remained free to say what they wanted. PPC determined that the most appropriate and effective course of action would be to initiate similar litigation against the primary glucosamine/chondroitin manufacturers seeking the same injunctive relief and monetary relief as achieved against the parties to the Settlement Agreement.

5. On June 14, 2011, PPC filed the first class action involving any of the Covered Products in this litigation, *Cardenas and Padilla[1] v. NBTY, Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-LKK-CKD (E.D. Cal.), involving the Osteo Bi-Flex line of glucosamine/chondroitin products. Thereafter, PPC initiated litigation against two other large branded glucosamine/chondroitin product lines, Schiff Nutrition's Move Free products (*Lerma v. Schiff Nutrition Int'l, Inc.*, No. 3:11-cv-01056-JAH-MDD (S.D. Cal.) (filed May 13, 2011) and *Pearson v. Schiff Nutrition Int'l Inc., and Schiff Nutrition Group, Inc.*, No. 1:11-cv-08914 (N.D. Ill.) (filed December 15, 2011)); and Pharmavite's TripleFlex products (*Barrera v. Pharmavite*, LLC, No. 2:11-cv-04153-CAS-AGR (filed May 13, 2011)).

---

[1] Plaintiff Francisco Padilla was included as a named plaintiff in the Third Amended Complaint, filed on October 30, 2012.

6.     PPC also initiated litigation against various large private label glucosamine/chondroitin manufacturers: Costco (*Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-07686 (N.D. Ill.) (filed October 28, 2011) and *Linares and Gonzalez*[2] *v. Costco Wholesale, Inc.,* No. 3:11-cv-02547-MMA-RBB (S.D. Cal.) (filed November 2, 2011)); Target (*Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill.) (filed November 9, 2011)); and CVS (*Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-00406-JGB-SP (C.D. Cal.) (filed March 4, 2013). At the time that PPC filed suit against these private label glucosamine/chondroitin products, PPC was not aware that the Rexall defendants manufactured these private label products and first learned of this during settlement negotiations.

7.     PPC also has initiated litigation against other private label glucosamine/chondroitin sellers, including Walgreen Company (*Ehrman and Guilin v. Walgreen Company*, No. 1:11-cv-07763 (N.D. Ill.) (filed November 1, 2011) (a case that is currently pending before this Court); Wal-Mart (*Eckler v. Wal-Mart Stores, Inc.*, No. 3:12-cv-00727-W-NLS (S.D. Cal.) (filed March 26, 2012); Direct Digital (*Mullins v. Direct Digital, LLC.*, No. 1:13-cv-01829 (N.D. Ill.) (filed March 8, 2013); GNC (*Lerma v. GNC Corp.*, No. 3:13:cv-00933-CAB-KSC (filed April 18, 2013) and Nutramax (*Conrad v. Nutramax Laboratories, Inc.*, 1:13-cv-03780 (N.D. Ill.) (filed May 21, 2013).

8.     While PPC is, of course, not seeking compensation for its work on matters relating to products not covered by the Settlement Agreement, the existence of these other matters provides important context. If this Settlement is approved, it is likely that the benefits provided by this Settlement, in particular the important labeling changes described in the final approval papers, will be effected on an industry-wide basis, particularly since Rexall is one of the market leaders in sales of glucosamine products.

9.     PPC has aggressively prosecuted this case and vigorously represented the best interests of the Pearson Plaintiffs and the Class. PPC engaged in extensive pre-litigation

---

[2] Plaintiff Abel Gonzalez was included as a named plaintiff in the Second Amended Complaint, filed on April 25, 2012.

research of the scientific evidence regarding glucosamine/chondroitin by, *inter alia*, reviewing numerous studies and reviews and consulting with experts; drafted the original and various amended complaints filed in each of these actions, successfully defeated several motions to dismiss; retained and worked with various experts; engaged in discovery and review of documents; commenced and engaged in class certification proceedings, including the preparation of expert disclosures and reports; and defended expert depositions.

10.     PPC also played an instrumental role in settlement negotiations, which were hard-fought, involving numerous and extensive telephone conferences, emails, and in-person meetings. Even after all the material terms of the Settlement had been reached, PPC played an important role and expended a significant amount of effort in negotiating the definitive Settlement Agreement and the preparation and drafting of the exhibits (including the forms of Notice), preparing the preliminary approval papers and appearing at the preliminary approval hearing, monitoring the claims administration process, and preparing the final approval papers, including preparing responses to each of the objections that were filed.

### The Requested Fee In Relation to the Settlement

11.     Pursuant to the terms of the Settlement Agreement, PPC and LFSB are requesting, and Settling Defendants have agreed not to oppose, a combined attorneys' fee and expense award of $2 million.

12.     As set forth in the Final Approval Brief, the Parties' Joint Response to Objections and Plaintiffs' Response to Objections, filed herewith, several valuation methodologies can be utilized to evaluate the reasonableness of the requested attorneys' fees and expenses. Here, under any of the various approaches, the attorneys' fees and expenses requested by PPC are reasonable and justified.

13.     The total potential compensatory benefits made available to Class Members is approximately **$27.3 million** (12 million class members x 76% reach x $3.00 minimum claim) or **$14.2 million** (4.7 million direct notice recipients x $3.00). These amounts are conservative because class members are entitled to make multiple claims, up to $12 each for undocumented

purchases and up to $50 for documented purchases. *See* Final Approval Brief, at §III.C.1.a §V.B.1; Parties' Joint Response to Objections, at §II.A. Based on these valuations, the attorneys' fees requested in this Declaration represent **7.3%** and **14.0%** of the minimum value of the monetary relief provided by the Settlement.

14.     If the value of the amounts paid by Rexall for notice and administration, attorneys' fees, costs and incentive awards are added to the total potential compensatory benefits made available to Class Members for purposes of calculating attorneys' fees, the value of the settlement  increases to a minimum of either: (1) **$33.3 million** (Total Class Notice Value of $27.3 million, plus $1.5 million notice and administrative costs, plus $4.5 million in attorneys' fees and expenses); or (2) **$20.2 million** (Individual Notice Value of $14.2 million, plus $1.5 million in notice and administrative costs, plus $4.5 million in attorneys' fees and expenses). *See* Final Approval Brief, at §V.B.1; Parties' Joint Response to Objections, at §II.B. Based on these valuations, the attorneys' fees requested in this Declaration represent **6.0%** and **9.9%** of the value of the monetary relief provided by the Settlement.

15.     In addition to the monetary relief available to the Class, the injunctive relief provided by this Settlement has significant value. For the 30-month period set forth in the Settlement Agreement, the estimated benefit to the Class from the injunctive relief set forth in the Settlement is approximately $46.2 million to consumers and approximately $21.7 million to current Class members. *See* Final Approval Brief, at §III.C.1.b; §V.B.2; Plaintiffs' Response to Objections. If the value of the injunctive relief is included in the total monetary value of the settlement fund, it results in a value ranging from **$79.5 million** (Total Class Notice Value of $27.3 million, plus $46.2 million in injunctive relief, plus $1.5 million notice and administrative costs, plus $4.5 million in attorneys' fees and expenses) to **$41.9 million** (Individual Notice Value of $14.2 million, plus $21.7 million value of the injunctive relief to current Class members, plus $1.5 million in notice and administrative costs, plus $4.5 million in attorneys' fees and expenses). Using the lower range of the total value of the combined monetary and

injunctive relief valuations, the attorneys' fees and expenses requested in the Declaration represent **4.7%** of the value of the total relief provided by the Settlement.[3]

16.     Finally, a lodestar cross-check confirms the reasonableness of the requested attorneys' fees.  *See* Final Approval Brief, at §V.C.  The firms' respective lodestar totals (as set forth below in detail) are:  BFFB - $617,166.50; Weltman/LFSB - $377,636.25; this totals a combined lodestar of $$994,802.75.  If the Court considers Declarants' combined lodestar, this represents a multiplier of 2.

**BFFB Lodestar and Expense Detail**

17.     The total number of hours spent on this litigation by BFFB is 1,517.7.  BFFB spent approximately 91.1 hours on pre-suit investigation, approximately 194.9 hours on litigation strategy/coordination/management, approximately 229.7 hours drafting the Complaints and other submissions to the Court (including legal and other research and investigation), approximately 311.2 hours related to motions to dismiss and class certification (including legal research), approximately 236.1 hours on discovery and depositions, approximately 62.4 hours on court appearances and preparation, and approximately 392.3 hours related to settlement (including preparing court filings in support of preliminary and final approval).

18.     The total lodestar amount for attorney/professional time based on the BFFB's rates is $617,166.50.  The hourly rates shown below are the usual and customary rates charged for each individual in all of our class action cases.  A breakdown of the lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Elaine A. Ryan | Shareholder | 390.1 | $575.00 | $224,307.50 |
| Patricia N. Syverson | Shareholder | 399.3 | $525.00 | $209,632.50 |
| Todd D. Carpenter | Shareholder | 40.2 | $525.00 | $21,105.00 |
| T. Brent Jordan | Associate | 42.4 | $500.00 | $21,200.00 |

---

[3] If the Court were to consider the total attorneys' fee award requested by all Plaintiffs' Counsel pursuant to the terms of the Settlement (*i.e.*, $4.5 million), the corresponding percentage of fees compared to the total value of monetary relief would be 16.5% and 31.7%; total value of monetary relief, plus notice and administrative costs and attorneys' fees would be 13.6% and 22.3%; and total value of the lower range of injunctive relief would be 10.7%.

| | | | | |
|---|---|---|---|---|
| Lindsey M. Gomez-Gray | Associate | 365.2 | $250.00 | $91,300.00 |
| Kevin R. Hanger | Associate | 35.2 | $250.00 | $8,800.00 |
| Brian R. Elser | Litigation Support Specialist | 3.0 | $225.00 | $675.00 |
| Rose K. Creech | Paralegal | 16.7 | $175.00 | $2,922.50 |
| Lydia L. Rueda | Paralegal | 199.3 | $165.00 | $32,884.50 |
| David J. Streyle | Paralegal | 20.6 | $165.00 | $3,399.00 |
| Meredith K. Kight | Paralegal | 5.7 | $165.00 | $940.50 |
| | *TOTALS:* | *1,517.7* | | *$617,166.50* |

19.     The lodestar amount has been compiled based on BFFB's records.  Attorneys and professionals at BFFB record time on a daily basis and the time entries are entered into a computerized timekeeping system.  In computing the total compensable time, attorneys at BFFB consistently exercised their billing judgment by reducing some time entries based upon the task and to avoid unnecessary duplication of billing entries with other attorneys at BFFB and other PPC firms representing the Pearson Plaintiffs in the case.

20.     The hourly rates reflected in the foregoing BFFB table are consistent with those charged by similarly situated practitioners in the legal community.  In particular, BFFB's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

*Hohman v. Matrixx Initatives Inc. et. al,* No. 1:09-cv-03693  (N.D. Ill.);

*Payares v. J.P. Morgan Chase,* No. CV 07-05540 (C.D. Cal.);

*Negrete v. Fidelity and Guaranty Life Ins. Co.,* No. CV-05-6837 (C.D. Cal.);

*Allen v. Decision One Mortgage Co.,* No. 1:07-cv-11669 (D. Mass);

*Rand v. American National Ins. Co.,* No. CV 09-0639 (N.D. Cal.);

*Ramirez v. GreenPoint Mortgage Funding, Inc.,* No. 3:08-cv-00369 (N.D. Cal.);

*In re Midland National Life Ins. Co. Annuity Sales Practices Litig.,* No. 2:07-ml-1825 (C.D. Cal);

*In re Apollo Group, Inc. Securities Litig.,* No. CV 04-2147 (D. Ariz.); and

*In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig.*, No. 5:05-cv-04726 (N.D. Cal).

21.     BFFB incurred a total of $57,398.04 in un-reimbursed expenses in connection with the prosecution of this litigation.  They are broken down as follows:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Court/Filing Fees | $2,439.00 |
| Service of Process | $528.70 |
| Expert Fees | $42,001.32 |
| Electronic Research (Westlaw/Lexis Nexis/Pacer) | $3,518.12 |
| Outside Messenger | $441.00 |
| Overnight Delivery | $317.84 |
| Internal Reproduction | $74.40 |
| Telephone/Facsimile | $16.45 |
| Travel/Lodging/Transportation/Meals | $7,839.88 |
| Glucosamine Product Purchases | $221.33 |
| *TOTAL:* | *$57,398.04* |

22.     The aforementioned expenses pertaining to this case are reflected in the books and records of BFFB.  These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses.  All of the expenses listed were reasonably incurred in the normal course of business, were reasonably necessary to the conduct of the litigation, and were otherwise not duplicative.

23.     BFFB's compensation for the services rendered to the Class is wholly contingent. Any fees and reimbursement of expenses will be limited to the stipulated amount agreed to by the Defendants, subject to the approval of the Court.

24.     The lodestar summary reflects BFFB's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

25.     Based upon my experience with other class action matters, I, Elaine A. Ryan, declare and believe that the time expended by BFFB in connection with this action is reasonable in amount, was necessary to prosecute this litigation and represents BFFB's efforts to diligently litigate this case while at the same time recognizing the need to avoid needless billing and duplication of efforts both between the attorneys in BFFB and the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation.  Throughout this litigation I, as well as all the other attorneys at my firm involved in this litigation, have kept in mind our professional and fiduciary obligations to our clients, the Court, and the Class both in our litigation efforts and strategy, as well as in our billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

**WELTMAN LLC Lodestar and Expense Detail**

26.     WELTMAN LLC, along with BFFB spent substantial numbers of hours in initial research both legal and scientific before filing all of the actions set forth in paragraphs 6 and 7 above.  Many of those hours, while of benefit to the cases which are the subject of this litigation (because they provided initial background information both legally and scientifically) were not billed to this litigation and are not part of the lodestar analysis below.  The total number of hours spent on this litigation by WELTMAN LLC is 474.75.  WELTMAN LLC spent approximately 32.5 hours on pre-suit investigation, litigation strategy/coordination, drafting pleadings/complaints and other submissions to the Court; approximately 402.5 hours briefing/legal research and other research and investigation (including motions to dismiss, class certification and preliminary and final approval papers; approximately 4 hours on court appearances and preparation; and approximately 35.75 hours related to settlement negotiations.

27.     The total lodestar amount for attorney/professional time based on WELTMAN LLC's rates is $325,203.75.  Mr. Weltman's hourly rate is the usual and customary rate charged by WELTMAN LLC.  Mr. Weltman spent 474.75 hours at an hourly rate of $685 for a total lodestar of $325,203.75.

28.     The lodestar amount has been compiled based on WELTMAN LLC's records. Mr. Weltman records time on a daily basis and the time entries are compiled monthly on computerized data sheets.  In computing the total compensable time, WELTMAN LLC has consistently exercised its billing judgment by reducing some time entries based upon the task and to avoid unnecessary duplication of billing entries with other PPC firms representing the Pearson Plaintiffs in the case.

29.     The hourly rates reflected above for WELTMAN LLC are consistent if not lower than those charged by similarly situated practitioners in the legal community.  In particular, Mr. Weltman's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

*Hohman v. Matrixx Initatives Inc. et. al*, No. 1:09-cv-03693 (N.D. Ill.)

*In Re Carbon Black Antitrust Litigation,* No. 03-cv-10191, MDL NO. 1543 (D.C. Mass.)

*In Re EPDM Antitrust Litigation*, No. 3:03-md-1542 (D.C. Conn.)

*In Re Vitamins Antitrust Litigation*, Misc. No. 99-197, MDL 1285 (D.D.C.)

30.     In connection with its Of Counsel relationship with LFSB, WELTMAN LLC's expenses incurred in connection with the prosecution of this litigation have been paid for and advanced by LFSB.

31.     WELTMAN LLC's compensation for the services rendered to the Class is wholly contingent.  Any fees will be limited to the stipulated amount agreed to by the Defendants, subject to the approval of the Court.

32.     The lodestar summary reflects WELTMAN LLC's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

33.     Based upon my experience with other class action matters, I, Stewart M. Weltman, declare  and believe that the time expended by WELTMAN LLC in connection with this action is reasonable in amount, was necessary to prosecute this litigation, and represents WELTMAN LLC's efforts to diligently litigate this case while at the same time recognizing the

need to avoid needless billing and duplication of efforts between the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation. Throughout this litigation I have kept in mind my professional and fiduciary obligations to our clients, the Court, and the Class both in my litigation efforts and strategy, as well as in my billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

### LFSB Lodestar and Expense Detail

34. The total number of hours spent on this litigation by LFSB is 116.3. LFSB's paralegal assisted in finalizing and proofing briefs and attended to other administrative filing matters. Additionally, LFSB participated in legal research, case oversight, and settlement.

35. The total lodestar amount for attorney/professional time based on the LFSB's rates is $52,432.50. The hourly rates shown below are the usual and customary rates charged for each individual in all of our class action cases. A breakdown of the lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|------|------|------|------|------|
| Howard J. Sedran | Partner | 12.3 | $775.00 | $9,532.50 |
| Charles Sweedler | Associate | 59.0 | $525.00 | $30,975.00 |
| James Rapone | Paralegal | 45.0 | $265.00 | $11,925.00 |
| | *TOTALS:* | *116.30* | | *$52,432.50* |

36. The lodestar amount has been compiled based on LFSB's records. Attorneys and professionals at LFSB contemporaneously record their time and the time entries are compiled on a monthly basis.

37. The hourly rates reflected in the foregoing LFSB table are consistent with those charged by similarly situated practitioners in the legal community. In particular, LFSB's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

> *In re Air Cargo Shipping Services Antitrust Litigation*, No. 1:06-md–01775 (E.D. N.Y.), MDL No. 1775

*In re Municipal Derivatives Antitrust Litigation*, No. 1:08-md-01950 (S.D. N.Y.), MDL No. 1950

*In re Potash Antitrust Litigation*, No. 1:08-cv-06910 (N.D. IL) Eastern Division, MDL No. 1996

*In re Processed Egg Products Antitrust Litigation*, No. 2:08-md-02002 (E.D. Pa.), MDL No. 2002

*In re Urethane Antitrust Litigation*, No. 2:04-md-01616 (D.C. KS), MDL 1616

38.     LFSB incurred a total of $29,091.06 in unreimbursed expenses in connection with the prosecution of this litigation.  They are broken down as follows:

| *EXPENSE CATEGORY* | *AMOUNT* |
|---|---:|
| Court/Filing Fees | $1,584.00 |
| Expert Fees | $22,826.36 |
| Deposition/Transcript Fees | $2,400.05 |
| Electronic Research (Westlaw/Lexis Nexis/Pacer) | $1,811.40 |
| Outside Messenger | $0.00 |
| Overnight Delivery | $0.00 |
| Postage | $24.17 |
| Outside Photocopy Expense | $15.00 |
| Internal Reproduction | $0.00 |
| Telephone/Facsimile | $27.93 |
| Travel/Lodging/Transportation/Meals | $402.15 |
| Mediation Fees | $0.00 |
| *TOTAL:* | *$29,091.06* |

39.     The aforementioned expenses pertaining to this case are reflected in the books and records of LFSB.  These books and records are prepared from expense vouchers, check records and other documents and are an accurate record of the expenses.  All of the expenses listed were reasonably incurred in the normal course of business, were reasonably necessary to the conduct of the litigation and were otherwise not duplicative.

40. LFSB's compensation for the services rendered to the Class is wholly contingent. Any fees and reimbursement of expenses will be limited to the stipulated amount agreed to by the Defendants, subject to the approval of the Court.

41. The lodestar summary reflects LFSB's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

42. Based upon my experience with other class action matters, I, Howard Sedran, declare and believe that the time expended by LFSB in connection with this action is reasonable in amount, was necessary to prosecute this litigation, and represents LFSB's efforts to diligently litigate this case while at the same time recognizing the need to avoid needless billing and duplication of efforts both between the attorneys in LFSB and the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation. Throughout this litigation I, as well as all the other attorneys at my firm involved in this litigation, have kept in mind our professional and fiduciary obligations to our clients, the Court and the Class both in our litigation efforts and strategy, as well as in our billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of September, 2013 at Phoenix. Arizona.

_____
Elaine A. Ryan

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of September, 2013 at Chicago, Illinois.

_____
Stewart M. Weltman

14

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of September, 2013 at Philadelphia, Pennsylvania.

Howard J. Sedran

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system: **Declaration of Elaine A. Ryan, Stewart M. Weltman, and Howard J. Sedran in Support of Motion For Attorneys' Fees and Expenses and Incentive Awards.**

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

C. Jane Radlinski
309 E. Church Street
Jacksonville, FL 32202-2725
(904) 633-2699
*Pro se* Objector

Peggy Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(954) 761-1589
*Pro se* Objector

Rhonda L. Paulson
13383 E. Marie Creek Road
Couer d'Alene, ID 83814
*Pro se* Objector

Anthony Leardi
1813 Renwick Street
Bethlehem, PA 18017
(610) 865-7821
*Pro se* Objector

John Michael Buckley
370 Canyon Spring Dr.
Rio Vista, CA 94571
(707) 374-3853
*Pro se* Objector

Simone Thomas
2109 N.W. 12th Avenue
Ft. Lauderdale, FL 33311
(305) 903-6935
*Pro se* Objector

Donald Charles Koneval
8314 Manorford Drive
Parma, OH 44129-5309
(440) 842-6232
*Pro se* Objector

Joseph Darrell Palmer
Law Office of Darrell Palmer PC
603 N. Highway 101, Suite A
Solana Beach, CA 92075
(858) 792-5600
Attorney for Objectors Kathleen McNeal
    and Alison Paul

Melissa A. Holyoak
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
(573) 823-5377
Attorney for Objector Ted Frank

Jonathan E. Fortman #40319
250 Saint Catherine Street
Florissant, Missouri 63031
(314) 522-2312
Attorney for Objector Pamela Easton

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
(303) 892-9933
Attorney for Objector Pamela Easton

Maureen Connors (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
(216) 640-9860
Attorney for Objector Pamela Easton

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
(314) 631-3883
Attorney for Objector Pamela Easton

# Exhibit A

*Bonnett Fairbourn*
*Friedman & Balint, P.C.*



## ABOUT THE FIRM

Bonnett, Fairbourn, Friedman & Balint, P.C. is an AV rated firm of 27 lawyers. Our clients include many individuals and local businesses, as well as major national and international companies in a wide range of civil litigation in both federal and state courts.

The firm has developed a recognized practice in the area of complex commercial litigation, including major class actions and is widely regarded as the preeminent firm in Arizona representing plaintiffs in class action proceedings. Over the last twenty years, the firm has successfully handled more than 100 class action lawsuits. We have represented consumers and victims in a wide range of class action proceedings, including actions alleging antitrust claims, securities fraud, civil rights claims and consumer fraud.

Our antitrust practice includes the prosecution of class claims on behalf of direct purchasers of products as well as indirect purchaser claims. These antitrust cases include, among others, class actions against Microsoft, MasterCard, Apple Computer and sellers of products such as polyester and rubber chemicals, waste management services, financial products and other industries. In addition to our class action practice, the firm also has represented plaintiffs in individual litigation asserting antitrust claims, including Culligan International.

Bonnett, Fairbourn, Friedman & Balint has taken a leading role in numerous important actions on behalf of consumers and investors, and we have been responsible for many outstanding results that have yielded dozens of multi-million dollar recoveries for class members in Arizona and throughout the United States.

**Bonnett, Fairbourn, Friedman & Balint, P.C.**
**2325 E. Camelback Road, Suite 300**
**Phoenix, Arizona 85016**
**Phone: (602) 274-1100**
**Toll Free Number: (800) 847-9094**
**Fax: (602) 274-1199**

# PRACTICE AREAS

## CLASS ACTION

Bonnett, Fairbourn, Friedman & Balint represents consumers and investors in major class action cases in federal and state courts throughout the United States. Under the direction of Andrew S. Friedman, the firm's class action section represents plaintiff classes in the following areas:

> Securities Fraud: Protects institutional shareholders and individual investors from corporate fraud and mismanagement.

> Consumer Protection: Protects consumers from defective products and fraudulent marketing practices.

> Antitrust: Protects individuals and businesses from price fixing, unfair business practices and other anticompetitive conduct.

> Civil Rights and Employment: Protects employees and consumers against unfair practices and racial, age, gender, and other forms of discrimination.

> Insurance and Health Care: Represents victims of fraud and unfair sales practices by life insurance companies and HMOs.

> Tobacco: Seeks redress for fraudulent marketing of "Light" cigarettes as a less toxic version of "Full Flavor" varieties.

> False Claims and Whistleblowers: Provides for awards to individuals who uncover false claims for payment submitted to the federal government.

## SECURITIES

Bonnett, Fairbourn, Friedman & Balint has extensive experience in plaintiffs' class action securities cases in and out of the State of Arizona. Its attorneys have recovered substantial verdicts and settlements in various high-profile cases representing bondholders who have suffered significant losses due to the criminal activities of individuals in the securities and banking industries, including victimized investors in the Lincoln Savings scandal.

## APPELLATE LITIGATION

Bonnett, Fairbourn, Friedman & Balint has extensive appellate experience at all levels of the state and federal court systems. Attorneys from the firm have appeared before the Arizona Court of Appeals, the Arizona Supreme Court, and numerous U.S. Circuit Courts. Decisions to appeal a matter are not made lightly by the firm; we carefully analyze the likelihood of a positive result for the client against the potential cost of an unfavorable outcome. Although we draw on the clerking and practical experience of many of our attorneys in making this analysis, a fully informed client is always an integral part of this process.



**ELAINE A. RYAN** is a firm shareholder. Her practice has focused on complex litigation, including class action litigation, since the early 1990's.

Ms. Ryan has represented millions of retail consumers, holders of automobile and health insurance policies, credit card customers, and debit card holders. She practices in both state and federal courts throughout the country.

Ms. Ryan was trial counsel in *Smith v. American Family Insurance Company*, a Missouri class action, wherein after a 3 and a half week jury trial, a unanimous jury awarded plaintiffs $17.4 million in damages. Ms. Ryan was also trial counsel in *Lebrilla v. Farmers Insurance Group, Inc.*, a multi-state class action which settled on terms favorable to the class after a month long trial and just before closing arguments. Also, Ms. Ryan was involved in obtaining a settlement in *White v. State Farm Mut. Auto. Ins. Co*. (exceeding $2.25 million) in Arizona state court.

Ms. Ryan has represented millions of purchasers of consumer products, including food, vitamin supplements and over-the-counter drugs, cosmetics and sunscreen products, and fitness apparel, in state and federal courts throughout the United States in cases arising out of various unfair business practices and false and deceptive advertising claims made by manufacturers and retailers, including: Procter & Gamble, Chattem, General Mills, Kellogg, Bayer, Clorox, WD-40, Dean Foods, Mead Johnson, Pharmavite, NBTY/Rexall, Schiff, Neutrogena, Maybelline, Walgreen Co., Wal-Mart, CVS, Groupon, Living Social, Reebok and Sketchers. Ms. Ryan assumed a leadership role in many of these cases, and was appointed Co-Lead Plaintiffs' Counsel in *In re: Hydroxycut Marketing and Sales Practices Litigation*, No. 09-02087 (S.D. Cal.). Ms. Ryan had an instrumental role in reaching settlements with many of the above retailers and manufacturers, resulting in millions of dollars of relief to the class members, including the following: *Hartless v. Clorox Company*, 3:06-cv-02705-CAB (S.D. Cal.) (final approval Jan. 20, 2011); *In re: Enfamil Lipil Marketing and Sales Practices Litig*., 11-MD-02222 (S.D. Fla.) (final approval Dec. 19, 2011); *Godec v. Bayer Corp*., 1:10-cv-00224-JG (N.D. Ohio) (final approval March 14, 2013); *Duffer v. Chattem*, 3:11-cv-02735-W-WVG (S.D. Cal.) (final approval July 10, 2013).

Ms. Ryan has extensive experience litigating against life, auto and health insurance carriers on behalf of consumers. Her experience litigating against auto insurance companies includes representing policyholders whose cars were repaired with imitation parts, who were not compensated for necessary repairs and were not paid for their diminished value loss against a number of major insurers, including State Farm, Geico, Farmers, American Family, SafeCo, Hartford, Nationwide, Esurance and Allstate. Ms. Ryan also has represented policyholders in "vanishing premium" life insurance actions and medical providers in lawsuits against health insurers.

Ms. Ryan also has represented consumer credit card holders against several major retailers, and debit cardholders against major lending institutions. She was designated Team Co-Leader in *In re: Checking Account Overdraft Litigation*, *Larsen v. Union Bank* and *Dee v. Bank of the West*, MDL No. 2036 (S.D. Fl.).

Ms. Ryan also has been involved in precedent-setting appellate decisions in areas which include consumer and insurance law and class action procedure. These appellate decisions include *State ex rel. American Family Mut. Ins. Co. v. Clark*, 106 S.W.3d 483 (Mo. 2003) (automobile insurance and class action procedure); and *Lebrilla v. Farmers Group, Inc*., 119 Cal. App. 4th 1070 (2004) (automobile insurance and class actions procedure).

Ms. Ryan is admitted to practice in the states of Arizona, Texas, Kansas, Missouri, Washington, Colorado, Utah and Idaho as well as the United States District Court for the District of Arizona, District of Eastern Michigan, District of Idaho, Western District of Wisconsin, and Northern District of Illinois. Ms. Ryan received her Juris Doctor from Duke University in 1989 and her Bachelor of Science with honors in Economics and Political Science from the University of Iowa in 1986.

**PATRICIA N. SYVERSON** is a firm shareholder. Her practice has focused on complex litigation, including class action litigation, since the early 2000's.

Ms. Syverson has represented millions of retail consumers, holders of automobile insurance policies, and credit card and debit card customers. She practices in both state and federal courts throughout the country.

Ms. Syverson was trial counsel in *Smith v. American Family Insurance Company*, a Missouri class action, wherein after a 3 and a half week jury trial, a unanimous jury awarded plaintiffs $17.4 million in damages. Ms. Syverson was also trial counsel in *Lebrilla v. Farmers Insurance Group, Inc.*, a multi-state class action which settled on terms favorable to the class after a month long trial and just before closing arguments. Also, Ms. Syverson was involved in obtaining a settlement in *White v. State Farm Mut. Auto. Ins. Co.* (exceeding $2.25 million) in Arizona state court.

Ms. Syverson has represented millions of purchasers of consumer products, including food, vitamin supplements and over-the-counter drugs, cosmetics and sunscreen products, and fitness apparel, in state and federal courts throughout the United States in cases arising out of various unfair business practices and false and deceptive advertising claims made by manufacturers and retailers, including: Procter & Gamble, Chattem, General Mills, Kellogg, Bayer, Clorox, WD-40, Dean Foods, Mead Johnson, Pharmavite, NBTY/Rexall, Schiff, Neutrogena, Maybelline, Walgreen Co., Wal-Mart, CVS, Groupon, Living Social, Reebok and Sketchers. Ms. Syverson was involved in reaching settlements with many of the above retailers and manufacturers, resulting in millions of dollars of relief to the class members, including the following: *Hartless v. Clorox Company*, 3:06-cv-02705-CAB (S.D. Cal.) (final approval Jan. 20, 2011); *In re: Enfamil Lipil Marketing and Sales Practices Litig.*, 11-MD-02222 (S.D. Fla.) (final approval Dec. 19, 2011); *Duffer v. Chattem*, 3:11-cv-02735-W-WVG (S.D. Cal.) (final approval July 10, 2013).

Ms. Syverson also has represented consumer credit card holders against several major retailers, and debit cardholders against major lending institutions, including assuming a leadership role in *In re: Checking Account Overdraft Litigation*, *Larsen v. Union Bank* and *Dee v. Bank of the West*, MDL No. 2036 (S.D. Fl.).

Ms. Syverson has extensive experience litigating against auto insurance carriers on behalf of policyholders whose cars were repaired with imitation parts, who were not compensated for necessary repairs and were not paid for their diminished value loss against a number of major insurers, including State Farm, Geico, Farmers, American Family, SafeCo, Hartford, Nationwide, Esurance and Allstate.

Ms. Syverson has been involved in precedent-setting appellate decisions in areas which include consumer and insurance law and class action procedure. These appellate decisions include *State ex rel. American Family Mut. Ins. Co. v. Clark*, 106 S.W.3d 483 (Mo. 2003) (automobile insurance and class action procedure); and *Lebrilla v. Farmers Group, Inc.*, 119 Cal. App. 4th 1070 (2004) (automobile insurance and class actions procedure).

Ms. Syverson also has worked on numerous complex class action litigation matters involving annuity policies marketed and sold to senior citizens, insurer kickbacks known as "contingent commissions" in the insurance brokerage industry and discriminatory mortgage lending policies.

Ms. Syverson received her Bachelor of Arts in Political Science and Urban Studies and Planning from the University of California at San Diego in 1996 and received her law degree in 1999 from California Western School of Law. Ms. Syverson was admitted to the Bar of the State of California in 1999 and the State of Arizona in 2000, and is admitted to practice before the United States District Court for the District of Arizona, the Southern, Central, Eastern and Northern Districts of California, and the Northern District of Illinois.

## BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

## ATTORNEYS

**JERRY C. BONNETT**, born Canton, Illinois, April 3, 1946; admitted to bar, 1973, Arizona; 1977, United States Supreme Court; U.S. Court of Appeals, Seventh, Eighth and Ninth Circuits; U.S. District Court, District of Arizona, and U.S. Tax Court. Education: University of Illinois (B.S., with highest honors, 1969; LL.M., 1974); Arizona State University (J.D., *magna cum laude*, 1973). Author and Articles Editor, Arizona State Law Journal, 1972-1973. Judge Pro Tem, Arizona Court of Appeals, Division One, 1986 and 1992.

**WILLIAM G. FAIRBOURN**, born Salt Lake City, Utah, April 21, 1947; admitted to bar, 1973, Arizona; U.S. District Court, District of Arizona. Education: University of Utah (B.S., 1970); Arizona State University (J.D., 1973). Member: Maricopa County Bar Association (Member, Board of Directors, 1984-1986); Arizona Association of Defense Counsel (Member, Board of Directors, 1981-1989; President, 1986); National Association of Railroad Trial Counsel; American Board of Trial Advocates (President Phoenix Chapter, 1994); Arizona State Bar Certified Specialist in Personal Injury and Wrongful Death.

**ANDREW S. FRIEDMAN**, born Plainfield, New Jersey, September 26, 1953; admitted to bar, 1978, Arizona; U.S. Court of Appeals, Ninth Circuit; U.S. District Court, District of Arizona; U.S. Supreme Court. Education: University of Rochester (B.A., with high distinction, 1975); Duke University (J.D., with high distinction, 1978). Order of the Coif. Member: State Bar Committee on Civil Practice and Procedure (1980-1984); State Bar Committee on Bench-Bar Relations (1991); State Bar Bankruptcy Section; National Association of Commercial Trial Attorneys (1991-present); American Bar Association, Trial Practice Committee, Subcommittees and Class and Derivative Actions.

**FRANCIS J. BALINT, JR.**, born Pittsburgh, Pennsylvania, January 9, 1957; admitted to bar, 1982, Virginia and District of Columbia; 1983, Arizona; U.S. District Court, Districts of Arizona and Virginia; U.S. Court of Appeals, Fourth and Ninth Circuits; U.S. Supreme Court. Education: University of Virginia (B.A., with high distinction, 1979; J.D., 1982). Former President and Current Director: Arizona Association of Defense Counsel (Member of Board of Directors 1988 through 2001; president 1999-2000).

**VAN BUNCH**, born Chattanooga, Tennessee, April 28, 1957; admitted to bar, 1984, Arizona; 2007, West Virginia; U.S. District Court, District of Arizona. Education: Vanderbilt University (B.A., 1979); University of Tennessee at Knoxville (J.D., with high honors, 1984). Order of the Coif. Member: State Bar of Arizona Bankruptcy Section.

**MICHAEL N. WIDENER**, born Mt. Ranier, Maryland, June 10, 1950; admitted to bar, 1983, Arizona and Tennessee; United States Supreme Court; U.S. Court of Appeals, Ninth Circuit; U.S. District Court, District of Arizona. Education: University of Virginia (B.A., with distinction, 1972); University of Illinois (M.S., 1974); University of Arizona (J.D., 1982). Author and Articles Editor, Arizona Law Review, 1980-1982. Law Clerk to Hon. James Duke Cameron, Supreme Court of Arizona, 1982-1983. (Certified Specialist, Real Estate Law, Arizona Board of Legal Specialization).

**ROBERT J. SPURLOCK**, born Janesville, Wisconsin, November 23, 1954; admitted to Arizona bar, 1984; U.S. District Court, District of Arizona. Education: University of Wisconsin-Madison (B.S., with honors, 1976), Arizona State University (J.D., 1984). Law Clerk to the Honorable D.L. Greer, Arizona Court of Appeals, 1984-1985; Member: Phoenix Association of Defense Counsel; State Bar Bankruptcy Section; Defense Research Institute; Arizona Association of Defense Counsel; American Bankruptcy Institute.

**C. KEVIN DYKSTRA**, born Phoenix, Arizona, March 30, 1964; admitted to Arizona bar, 1989; U.S. Court of Appeals, Ninth Circuit; U.S. District Court, District of Arizona. Education: Northern Arizona University (B.S., 1986); California Western School of Law (J.D., 1989). Director: Arizona Association of Defense Counsel.

**ELAINE A. RYAN**, born Emmetsburg, Iowa, June 15, 1963; admitted to Arizona bar, 1989; Texas bar, 2008; Kansas bar, 2010; Missouri bar, 2010; Washington bar, 2010; Colorado bar, 2011; Utah bar, 2011; Idaho bar, 2011; U.S. District Court, District of Arizona; U.S. District Court, District of Eastern Michigan; U.S. District Court, District of Idaho; U.S. District Court, Western District of Wisconsin; U.S. District Court, Northern District of Illinois. Education: University of Iowa (B.S., with distinction, 1986); Duke University (J.D., 1989).

**WENDY J. HARRISON**, born Walnut Creek, California, May 24, 1965; admitted to California bar, 1990, Arizona bar, 1992; U.S. Court of Appeals, First, Third, Fifth, Sixth and Ninth Circuits; U.S. District Court, District of Arizona; U.S. District Court, Central, Northern and Southern Districts of California. Education: University of California, Berkeley (B.A., with honors, 1987); University of Southern California Law Center (J.D., 1990).

**ANDREW Q. EVERROAD**, born Phoenix, Arizona, August 8, 1969; admitted to Arizona bar, 1995; U.S. District Court, District of Arizona. Education: University of Arizona (B.A., 1992); University of London – Bloomsburg, 1990; Arizona State University (J.D., 1995). Law clerk to the Honorable Thomas C. Kleinschmidt, Arizona Court of Appeals, 1995-1996.

**KATHRYN A. HONECKER**, born Naples, Florida, May 9, 1973; admitted to Illinois bar, 1998; Arizona bar, 2001; U.S. Court of Appeals, Tenth Circuit; U.S. District Court, District of Arizona; U.S. District Court, Northern District of Illinois; U.S. District Court, District of Colorado. Education: Carthage College (B.A., *cum laude*, 1995); Creighton University (J.D., *cum laude*, 1998).

**PATRICIA N. SYVERSON**, born San Diego, California, July 16, 1975; admitted to California bar, 1999; Arizona bar, 2000; U.S. District Court, Southern, Central, Eastern and Northern Districts of California; U.S. District Court, District of Arizona; U.S. District Court, Northern District of Illinois. Education: University of California at San Diego (B.A., 1996); California Western School of Law (J.D., 1999).

**JONATHAN S. WALLACK**, born Huntington, New York, June 7, 1975; admitted to Arizona bar, 2001; U.S. District Court, District of Arizona. Education: University of Arizona (B.A., 1998); University of Arizona (J.D., *cum laude*, 2001).

**GUY A. HANSON**, born Baltimore, Maryland, November 12, 1952; admitted to Arizona bar, 1991; U.S. District Court, District of Arizona. Education: University of Florida (B.S., 1976); University of Florida (J.D., 1990).

**KIMBERLY C. PAGE**, born Washington, D.C., February 16, 1968; admitted to Georgia bar, 1993; Alabama bar, 1993; Arizona bar, 2004; U.S. District Court, Northern, Middle and Southern Districts of Alabama; U.S. Court of Appeals, Eleventh Circuit. Education: Miami University (B.A., 1990); Cumberland School of Law of Samford University (J.D., *magna cum laude*, 1993).

**CHRISTINA L. BANNON**, born Ames, Iowa, September 16, 1968; admitted to Arizona bar, 1995; U.S. Court of Appeals, Ninth Circuit, 1997; U.S. District Court, District of Arizona. Education: Arizona State University (B.A., *summa cum laude*, 1989); Arizona State University College of Law (J.D., *cum laude*, 1995). Associate Articles Editor, Arizona State University Law Journal, 1994-1995. Law Clerk to Hon. E. G. Noyes, Jr., Arizona Court of Appeals, 1995-1996.

**MANFRED P. MUECKE**, born Inglewood, California, August 28, 1971; admitted to California bar, 2002; U.S. District Court, Southern District of California. Education: California State University Northridge (B.A., 1996); University of San Diego (J.D., 2002).

**WILLIAM F. KING,** born Phoenix, Arizona, October 21, 1978; admitted to Arizona bar, 2005; U.S. District Court, District of Arizona. Education: Rockhurst College (B.A., 2001); Creighton University School of Law (J.D., *cum laude,* 2005).

**TONNA K. FARRAR**, born Sedalia, Missouri, April 9, 1972; admitted to Missouri bar, 1997; Kansas bar, 1998, California bar, 2005; U.S. District Court, Eastern and Western Districts of Missouri; U.S. District Court, District of Kansas; U.S. District Court, Central, Eastern, Northern and Southern Districts of California. Education: University of Missouri, Columbia (B.A. 1994); University of Missouri, Kansas City School of Law (J.D. 1997).

**T. BRENT JORDAN**, born Urbana, Illinois, November 21, 1967; admitted to Minnesota bar, 1993, Pennsylvania bar, 2003; U.S. District Court, Eastern District of Pennsylvania. Education: University of Illinois (B.A., B.S., *magna cum laude*, 1990); University of Minnesota Law School (J.D., *cum laude*, 1993). Judicial clerkship: United States Magistrate Judge Raymond L. Erickson, United States District Court, District of Minnesota, 1993-1995.

**ANDREW M. EVANS**, born Hanover, New Hampshire, September 26, 1973; admitted to Arizona bar, 2006. Education: University of Colorado at Boulder (B.S., *cum laude*, 1997); Arizona State University College of Law (J.D., 2006).

**TY D. FRANKEL**, born Phoenix, Arizona, November 13, 1983; admitted to Arizona bar, 2009; U.S. District Court, District of Arizona. Education: Boston College (B.A., Dean's List, 2006); Boston College Law School (J.D., *cum laude*, 2009).

**LINDSEY M. GOMEZ-GRAY**, born San Leandro, California, June 24, 1984; admitted to Arizona bar, 2009; U.S. District Court, District of Arizona. Education: Arizona State University (B.A., *magna cum laude*, 2006); Arizona State University College of Law (J.D., *cum laude*, 2009).

**KEVIN R. HANGER**, born Chandler, Arizona, September 1, 1983; admitted to Arizona bar, 2009; U.S. District Court, District of Arizona. Education: University of Arizona (B.S., *cum laude*, 2006); University of Oklahoma College of Law (J.D., with honors, 2009).

**ERIC D. ZARD**, born Brainerd, Minnesota, April 4, 1984; admitted to Arizona bar, 2009; U.S. District Court, District of Arizona.  Education: University of Minnesota (B.S., 2006); University of Saint Thomas, Minneapolis (J.D., 2009).

**BARRETT N. LINDSEY**, born Phoenix, Arizona, May 14, 1985; admitted to Arizona bar, 2011.  Education: Arizona State University (B.S., *magna cum laude*, 2007); Creighton University (J.D., *magna cum laude*, 2010).  Law Clerk to the Honorable Richard E. Dorr, United States District Court, Western District of Missouri, 2010-2012.

# Exhibit B

## STEWART M. WELTMAN, LLC

Of Counsel
Levin Fishbein Sedran & Berman
53 W. Jackson, Suite 364
Chicago, IL 60604
(312) 588-5033
sweltman@weltmanlawfirm.com

Mr. Weltman has been a complex litigator for over thirty-three years, leading and trying complex litigation matters in both Federal and State courts throughout the United States.  Formerly a partner with Much Shelist and an Antitrust and Securities litigation partner with the Washington D.C. based litigation boutique formerly known as Cohen Milstein Hausfeld & Toll P.L.L.C., in February 2012, Mr. Weltman joined Levin Fishbein Sedran & Berman, a Philadelphia based litigation boutique, as Of Counsel.

Mr. Weltman has been a lead and trial counsel in numerous complex litigation matters for both plaintiffs and defendants, ranging from antitrust, accounting malpractice, legal malpractice, securities fraud, patent issues, contract actions, and consumer fraud.

While much of his practice has centered on pursuing claims on behalf of individuals and classes who have been injured as the result of fraud, consumer fraud or antitrust violations, Mr. Weltman has also successfully defended complex matters.

He has been lead counsel in numerous consumer fraud class actions, the most recent being *Hohman v. Matrixx Initatives Inc. et. al*, (N.D. Ill.).

Mr. Weltman was one of the lead trial counsel in *In re Carbon Black Antitrust Litigation* ( D.C. Mass.), which settled for $20 million.  He was a lead counsel and one of the members of the trial preparation team *In Re EPDM Antitrust Litigation* (D.C. Conn.), in which three defendants settled claims for a total of $81 million.

He formerly served as lead counsel in *In re PCP Antitrust Litigation* (D.C. Conn.), which settled for $80 million and was lead counsel in *In Re Pressure Sensitive Labelstock Antitrust Litigation* (M.D. Pa.).

Mr. Weltman was a member of the trial team in *In re Vitamins Antitrust Litigation* (D.D.C.), which resulted in a verdict in favor of the plaintiffs and the class of $148.5 million after trebling.

In addition to his antitrust experience, Mr. Weltman also acted as lead attorney or lead counsel in several securities fraud matters.  He was the lead attorney for his client Pacific Life Insurance Company in individual actions brought against various underwriter defendants arising out of (1) the WorldCom frauds and (2) the RepublicBank frauds.

He served as Derivative Plaintiffs' Lead Counsel in a securities fraud and derivative/breach of fiduciary duty case in which a $33 million settlement was reached with the former directors and officers of the Public Service Company of New Mexico. He was co-lead counsel in a securities fraud class action that resulted in a combined settlement of $31 million against a law firm and a national accounting firm arising out of the Sunderman Limited Partnerships.

Mr. Weltman served as co-lead counsel in *Benfield v. Steindler and General Electric Co.* (S.D. Ohio), a derivative action in which a settlement of $21 million was reached. He was also co-lead counsel for a class of 1,500 homeowners in South Florida and obtained a $15 million settlement arising out of defective construction claims.

He has argued before the Illinois Appellate Court, the Seventh, Fifth and Federal Circuit Courts of Appeals. He has appeared before the United States Supreme Court as both counsel of record and as amicus counsel.

Mr. Weltman graduated from Roosevelt University with a B.A. in English Literature in 1975 and from the John Marshall Law School (J.D., *High Distinction* 1978), where he was a member of the Law Review.

# Exhibit C

# *LEVIN FISHBEIN SEDRAN & BERMAN*

# *FIRM BIOGRAPHY*

The law firm of Levin, Fishbein, Sedran & Berman (formerly known as Levin & Fishbein) was established on August 17, 1981. Earlier, the founding partners of Levin, Fishbein, Sedran & Berman, Messrs. Arnold Levin and Michael D. Fishbein, were with the law firm of Adler, Barish, Levin & Creskoff, a Philadelphia firm specializing in litigation. Arnold Levin was a senior partner in that firm and Michael D. Fishbein was an associate. Laurence S. Berman was also an associate in that firm.

The curricula vitae of the firm's attorneys are as follows:

(a) **ARNOLD LEVIN**, a member of the firm, graduated from Temple University, B.S., in 1961, with Honors and Temple Law School, LLB, in 1964. He was Articles Editor of the Temple Law Quarterly. He is a member of the Philadelphia, Pennsylvania, American and International Bar Associations. He is a member of the Philadelphia Trial Lawyers Association, Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America. He is admitted to the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeals and the United States Supreme Court. He has appeared pro hac vice in various federal and state courts throughout the United States. He has lectured on class actions, environmental, antitrust and tort litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, The Association of Trial Lawyers of America, The Belli Seminars, the Philadelphia Bar Association, American Bar Association and the New York Law Journal Press.

Mr. Levin is a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America. He is a member of the Pennsylvania Trial Lawyers Consultation Committee, Class Action Section, a fellow of the Roscoe Pound Foundation and past Vice-Chairman of the Maritime Insurance Law Committee of the American Bar Association. He is also a fellow of the International Society of Barristers.

Recently, Mr. Levin served on the Plaintiffs' Steering Committee in *In re Vioxx Products Liability Litigation*, MDL No. 1657 (settlement valued at $4.85 billion). Also, Mr. Levin was

appointed Lead Counsel by the Court in *In re Chinese Manufactured Drywall Product Liability Litigation*, MDL 2047. Plaintiffs have recently announced a partial settlement with one defendant requiring remediation of damaged properties. The value of the remediation is estimated to be about $800 million. The settlement is subject to final approval by the Court.

(b)  **MICHAEL D. FISHBEIN**, a member of the firm, is a graduate of Brown University (B.A., 1974). He graduated from Villanova University Law School with Honors, receiving a degree of Juris Doctor in 1977. Mr. Fishbein was a member of the Villanova Law Review and is a member of the Villanova University Law School Chapter of the Order of Coif. He is admitted to practice before the Pennsylvania Supreme Court, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals. Mr. Fishbein has been extensively involved in the prosecution of a variety of commercial class actions. He is Class Counsel in *In re Diet Drug Litigation*, MDL 1203, and the principal architect of the seminal National Diet Drug Settlement Agreement that produced a settlement of approximately $6.4 billion. Chief Judge Bartle is the presiding judge of the actions.

(c)  **HOWARD J. SEDRAN**, a member of the firm, graduated cum laude from the University of Miami School of Law in 1976. He was a law clerk to United States District Court Judge, C. Clyde Atkins, of the Southern District of Florida from 1976-1977. He is a member of the District of Columbia and Pennsylvania bars and is admitted to practice in various federal district and appellate courts. From 1977 to 1981, he was an associate at the former Washington, D.C. firm of Howrey & Simon which specialized in antitrust and complex litigation. During that period he worked on the following antitrust class actions: *In re Uranium Antitrust Litigation*; *In re Fine Paper Antitrust Litigation*; *Bogosian v. Gulf Oil Corporation*; *FTC v. Exxon, et al.*; and *In re Petroleum Products Antitrust Litigation*.

In 1982, Mr. Sedran joined the firm of Levin, Fishbein, Sedran & Berman and has continued to practice in the areas of antitrust and other complex litigation. Mr. Sedran also has extensive trial experience. In the area of environmental law, Mr. Sedran was responsible for the first certified "Superfund" class action.

As a result of his trial work in an environmental case in Missouri, Mr. Sedran was nominated to receive the Missouri Bar Foundation's outstanding young trial lawyer's award, the Lon Hocker Award.

In Lazy Oil Co. v. Witco Corp., (M.D. Pa.), where Mr. Sedran served as one of two Co-Lead Counsel, the District Court made the following comments concerning the work of Co-Lead Counsel:

> [t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of this litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.

In July, 2003, the *National Law Journal* listed Levin, Fishbein, Sedran and Berman among the top 23 plaintiffs' firms in the nation. Chambers USA (2004)(2005) listed Mr. Sedran as one of the top antitrust attorneys in the Commonwealth of Pennsylvania.

In 2007, Mr. Sedran was appointed by the Court to serve as Plaintiffs' Co-Lead Counsel in *In re Air Cargo Shipping Services Antitrust Litigation*, MDL NO. 1775, one of the largest price-fixing cases in the last decade. The Court's selection was not the result of a stipulation among counsel but instead was made in a contested proceeding. To date. Plaintiffs' Co-Lead Counsel have achieved approximately $500 million in settlements.

In *Kristian v. Comcast Corp.*, 446 F.3d 25, 57-60 (1st Cir. 2006), the First Circuit recognized Mr. Sedran as an antitrust class action expert.

In *In re Electrical Carbon Products Antitrust Litigation*, MDL No. 1244, 447 F.Supp.2d 389 389, (D. N.J. 2006) where Mr. Sedran served as Co-Lead Counsel, the Court observed:

> Class Counsel and Liaison Counsel demonstrated the skills and effectiveness that come from seasoning and experience in class action litigation, and more particularly in antitrust cases. In this case, the Court observed Class Counsel closely and found them to be well-prepared, knowledgeable, industrious, fair with opposing counsel, and unfailingly candid with the Court. .... Counsel devised successful settlement strategies including obtaining of early promises of cooperation by various defendants against others.

>Plaintiffs' counsel appeared, in all respects, to be a good match with Defendants' various excellent counsel.
>
>Counsel's skill was especially reflected by the delicate renegotiations of the Morgan, Schunk and Carbone settlements. . . .
>
>In short, Class Counsel's skills and effectiveness in preparing, litigating, strategizing, and successfully resolving the case with a fair settlement were of the highest order of professionalism.

Mr. Sedran also served or has served as <u>Co-Lead Counsel</u> in *In re Graphite Electrodes Antitrust Litigation* (E.D. Pa. - MDL No. 1244); (settlement at about 100% of damages); *In re Bulk [Extruded] Antitrust Litigation* (D.N.J.) (settlement exceeding 100% of damages); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation*, MDL No. 1542 (D. Conn.); (settlement at about 90% of damages); *In re Polychloroprene Rubber (CR) Antitrust Litigation*, MDL 1642 (D. Conn.); *In re Foundry Resins Antitrust Litigation*, MDL No. 1638 (S.D. Ohio); *In re Clozapine Antitrust Litigation*, MDL No. 874 (N.D. Ill.) (<u>Plaintiffs' Co-Lead Counsel</u>); *In re Commercial Explosives Antitrust Litigation*, MDL No. 1093 (<u>Plaintiffs' Co-Lead Counsel</u>); *In re Maltol Antitrust Litigation* (<u>Co-Lead Counsel</u>); and *In re Vitamins Antitrust Litigation* (D.D.C.). The recoveries obtained in those antitrust cases where Mr. Sedran served as Co-Lead Counsel are now approaching $1 billion.

On May 25, 2005, in another contested matter, Judge Hochberg appointed Mr. Sedran to served on the Executive Committee in *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663.

Mr. Sedran has also successfully appeared before many federal courts of appeal:

- *In re Charter Company*, 876 F.2d 861 (11th Cir. 1989) (motion for relief from automatic stay constituted an informal proof of claim).

- *Shaw v. Dallas Cowboys Football Club, Ltd.*, 172 F.3d 299 (3rd Cir. 1999) (satellite broadcasts not exempted from antitrust claims under the Sports Broadcasting Act, 15 U.S.C. § 1291).

- *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581 (3rd Cir. 1999) (in class actions, rules for attorney disqualification require a balancing test).

- *Texas International Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 Fed. Appx. 738, 2002 WL 385569 (2nd Cir. N.Y.) (reversal of dismissal for lack of personal jurisdiction over foreign defendant).

- *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204 (2d Cir. 2003) (foreign defendant that conspires overseas to fix U.S. prices may be subject to personal jurisdiction in United States; under Rule 44.1 F.R.Civ.P., reliance on foreign law requires reasonable notice or defense is barred).

Mr. Sedran also participated in the following antitrust cases, among others: *In re Automotive Refinishing Paint Antitrust Litigation*; *In re Carbon Black Antitrust Litigation*; *In re Plastic Additives Antitrust Litigation*; *In re Linerboard Antitrust Litigation*; *In re MSG Antitrust Litigation* (Executive Committee); *In re Sulfuric Acid Antitrust Litigation*; *In re Labelstock Antitrust Litigation*; *In re NBR Antitrust Litigation*; *In re Hydrogen Peroxide Antitrust Litigation*, MDL No. 1682 (E.D. Pa.); *In re Catfish Antitrust Litigation*, MDL No. 928 (Plaintiffs' Executive Committee); *In re Carbon Dioxide Antitrust Litigation*, MDL No. 940 (N.D. Miss.) (Plaintiffs' Executive Committee); *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.); *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, Civil Action No. 87-3713 (E.D. Pa.); *In re Airlines Antitrust Litigation*, MDL No. 861 (N.D. Ga.); *In re Nasdaq Market-Makers Antitrust Litigation*, MDL No. 1023 (S.D.N.Y.) (Co-Chair Discovery); and *In re Travel Agency Commission Antitrust Litigation*, Master File No. 4-95-107 (D. Minn.) (Co-Chair Discovery); *Erie Forge and Steel, Inc. v. Cyprus Minerals Co.*, C.A. No. 94-0404 (W.D. Pa.) (Plaintiffs' Executive Committee); *In re Brand Name Prescription Drug Antitrust Litigation*, MDL No. 997; *In re High Fructose Corn Syrup Antitrust Litigation*, MDL No. 1087; *In re Carpet Antitrust Litigation*, MDL 1075; *In re Flat Glass Antitrust Litigation*, MDL No. 1200 (Discovery Co-Chair); *In re Commercial Tissue Products Antitrust Litigation*, MDL No. 1189; *In re Thermal Fax Antitrust Litigation*, C.A. No. 96-C-0959 (E.D. Wisc.) (Co-trial Counsel); *In re Lysine Indirect Purchaser Antitrust Litigation*, (D. Minn.); *In re Citric Acid Indirect Purchaser Antitrust Litigation*, C.A. No. 96-CV-009729 (Cir. Ct. Wisc.);

(d) **LAURENCE S. BERMAN**, a member of the firm, was born in Philadelphia, Pennsylvania on January 17, 1953. He was admitted to the bar in 1977. He is admitted to practice before the U.S. Courts of Appeals for the Third, Fourth and Seventh Circuits; the U.S. District Court, Eastern District of Pennsylvania; and the Bar of Pennsylvania. He is a graduate of Temple University (B.B.A., magna cum laude, 1974, J.D. 1977). He is a member of the Betta Gamma Sigma Honor Society. Mr. Berman was the law clerk to the Honorable Charles R. Weiner, U.S. District Court for the Eastern District of Pennsylvania 1978-1980. Member: Philadelphia, Pennsylvania and American Bar Associations.

Mr. Berman has participated in, *inter alia*, the following actions: *Donald A. Stibitz, et al. v. General Public Utilities Corp., et al.*, No. 654 S 1985, (C.P. Dauphin County, Pa.); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre, et al. v. Syntex Agribusiness, Inc., et al.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re Electric Weld Steel Tubing Antitrust Litigation - II*, Master File No. 83-0163, U.S.D.C., Eastern District of Pennsylvania; *Township of Susquehanna, et al. v. GPU, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 81-0437; *In re Fiddler's Woods Bondholders Litigation*, Civil Action No. 83-2340 U.S.D.C., E.D. Pa., (Newcomer, J.); and *Ursula Stiglich Wagner, et al. v. Anzon, Inc., et al.*, No. 4420, June Term, 1987 (C.C.P. Phila. Cty.)

(e) **FREDERICK S. LONGER**, specializes in representing individuals who have been harmed by dangerous drugs, medical devices, other defective products and antitrust violations.

Mr. Longer has extensive experience in prosecuting individual, complex and class action litigations in both state and federal courts across the country. Mr. Longer has been involved in the resolution of several of the largest settlements involving personal injuries including the $6.75 billion settlement involving Diet Drugs and the $4.85 billion settlement involving Vioxx. Mr. Longer was part of the team responsible for the settlements in the Chinese Drywall litigation involving various suppliers and manufacturers of Chinese Drywall valued in excess of $800

million. Mr. Longer has a wealth of experience in mass torts and has frequently been the chairman or member of the Law and Briefing Committee in numerous multi-district litigations in *In re Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.); *In re Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D.La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

Mr. Longer has substantial trial experience and is one of the few counsel in the country to have a client's claim involving Baycol tried to verdict in Philadelphia County Court of Common Pleas.

Mr. Longer, originally from Philadelphia, Pennsylvania, completed his undergraduate work at Carnegie Mellon University. He then attended the University Pittsburgh School of Law and was a Notes and Comments Editor for the University of Pittsburgh Law Review. Mr. Longer practiced for 3 years in Allegheny County with the law firm of Berger, Kapatan, Malakoff & Myers on complex litigation and civil rights matters, including *Kelly v. County of Allegheny*, No. 6D 84-17962 (C.P. Allegheny County, PA). Thereafter, Mr. Longer joined the law firm of Levin, Fishbein, Sedran & Berman and is now a partner in the firm.

Mr. Longer is a frequent lecturer and has presented numerous seminars on various legal topics for professional groups. Some of Mr. Longer's speaking engagements include Harris Martin Chinese Drywall Litigation Conference (October 20-21, 2011); Harris Martins' MDL Conference: Current Issues in Multi-district Litigation Practice (September 26, 2011); Mass Torts Made Perfect, FDA Preemption: Is this the end? (May 2008). He has authored several articles and been published in Trial. The Federal Judiciary's Super Magnetic (July 2009).

Mr. Longer is a member of the American Bar Association, American Association for Justice, Pennsylvania and Philadelphia Association for Justice, the Pennsylvania Bar Association and the Philadelphia Bar Association. He is an active member of the Historical Society for the Eastern District of Pennsylvania. He is admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey, the United States Supreme Court; the United

States Courts of Appeals for the Third, Fourth, Fifth and Ninth Circuits, and the United States District Courts for the Western and Eastern Districts of Pennsylvania, United States District Court Northern District of New York; United States District Court for the Western District of New York; United States District Court of New Jersey; United States District Court for District of Arizona; and the United Sates District Court District of Nebraska.

Mr. Longer has received Martindale-Hubbell's highest rating (AV) as a pre-eminent lawyer for his legal ability and ethical standards. Since he has also been recognized by his peers as a Super Lawyer since 2008.

(f)    **DANIEL C. LEVIN**, was born in Philadelphia, Pennsylvania. He received his undergraduate degree from the University of Pittsburgh (B.A. 1994) and his law degree from Oklahoma City University (J.D. 1997). He is a member of Phi Delta Phi. He is also member of the Pennsylvania Bar Association; Pennsylvania Trial Lawyers Association, and the Association of Trial Attorneys of America. He is admitted to practice before the Supreme Court of Pennsylvania; the United States District Court for The Eastern District of Pennsylvania, and the United States Court of Appeals for the Third Circuit. Mr. Levin has been part of the litigation team in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.) and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

(g)    **CHARLES E. SCHAFFER**, a member of the firm, born in Philadelphia, Pennsylvania, is a graduate of Villanova University, (B.S., *Magna Cum Laude*, 1989) and Widener University School of Law (J.D. 1995) and Temple University School of Law (LL.M. in Trial Advocacy, 1998). He is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals.

Mr. Schaffer was lead counsel in *Davis v. SOH Distribution Company, Inc.*, No. 09-CV-237 (M.D. Pa.) and has participated as a member of the executive committee as well as various other committees in, *inter alia*, the following class actions: *In re CertainTeed Corporation Roofing Shingles Products Liability Litigation,* MDL No. 1817 (E.D. Pa.); *In Re Chinese-Manufactured*

*Drywall Product Liability Litigation,* MDL No. 2047 (E.D.La.); *In re Vioxx Products Liability Litigation,* MDL No. 1657 (E.D.La.); *In re Orthopedic Bone Screw Products Liability Litigation,* MDL No. 1014 (E.D. Pa.); *In re Diet Drug Litigation,* MDL No. 1203 (E.D. Pa.). He is currently lead counsel in *In re IKO Roofing Products Liability Litigation,* MDL No. 2104 (C.D.Ill.), lead counsel in *Meneghin v. Exxon Mobil Corporation, et. al.,* No. OCN- L-002696-07 (Superior Court, Ocean County, NJ), a member of the Plaintiffs' Steering Committee in *In re Navistar Diesel Engine Products Liability Litigation, MDL No. 2223 (N.D. Ill.)*; and is actively participating in a number of other class actions.

(h)     **AUSTIN B. COHEN,** is a graduate of the University of Pennsylvania (B.A., 1990) and a graduate of the University of Pittsburgh School of Law (J.D., cum laude, 1996) where he served on the Journal of Law and Commerce as an assistant and executive editor. He has authored an article titled "Why Subsequent Remedial Modifications Should Be Inadmissible in Pennsylvania Products Liability Actions," which was published in the Pennsylvania Bar Association Quarterly. He is a member of the Pennsylvania and New Jersey bars, and is a member of the Pennsylvania and American Bar Associations.

(i)     **MICHAEL M. WEINKOWITZ,** born Wilmington, Delaware, June 11, 1969; admitted to bar 1995, Pennsylvania and New Jersey, U.S. District Courts, Eastern District of Pennsylvania, District of New Jersey; U.S. Court of Appeals, Third Circuit. Education: West Virginia University (B.A., magna cum laude, 1991); Temple University (J.D., cum laude, 1995); Member, Temple International & Comparative Law Journal, 1994-95; American Jurisprudence Award for Legal Writing.

(j)     **CHARLES C. SWEEDLER,** is a graduate of William & Mary Law School (J.D. 1997), where he was Publication Editor of the William & Mary Law Review. He is also a graduate of Cornell University (B.A. 1983) and the University of Maryland (M.Ed. 1989). He is admitted to practice before the Pennsylvania Supreme Court, the New Jersey Supreme Court, the U.S. District Courts for the Eastern and Middle Districts of Pennsylvania and the District of New Jersey, and

the U.S. Court of Appeals for the Third Circuit. He is a member of the Philadelphia and American Bar Associations.

(k) **MATTHEW C. GAUGHAN,** born in Boston, Massachusetts, is a graduate of the University of Massachusetts at Amherst, (B.B.A., 2000) and Villanova University School of Law (J.D., *Cum Laude*, 2003). He is admitted to practice in the States of New Jersey, New York and Pennsylvania. He is also admitted to practice before the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. Mr. Gaughan has extensive involvement in products liability and commercial litigation cases.

(l) **KEITH J. VERRIER,** is a graduate of Temple University School of Law (J.D., magna cum laude, 2000), where he was a member of the Law Review, and the University of Rhode Island (B.S., 1992). After law school, he was a law clerk for the Honorable Herbert J. Hutton in the United States District Court for the Eastern District of Pennsylvania. Mr. Verrier has experience litigating a wide range of commercial disputes with an emphasis on litigating and counseling clients on antitrust matters. He currently spends the majority of his time litigating antitrust class actions, predominantly those seeking overcharge damages on behalf of direct purchasers of products under both Section 1 and Section 2 of the Sherman Act. He is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey as well as in the United States Court of Appeals for the Third Circuit, the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the District of New Jersey. He is a member of the American Bar Association.

(m) **BRIAN F. FOX,** born in Philadelphia, Pennsylvania, is a graduate of La Salle University (B.S., 2004) and Widener University School of Law (J.D., 2010). He is admitted to practice in the States of Pennsylvania and New Jersey. He is a member of the Pennsylvania Bar Association.