**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | Case No.:    11 CV 07972 |
| | CLASS ACTION |
| v. | **Judge James B. Zagel** |
| NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation, | |
| Defendants. | |

## RESPONSE TO OBJECTOR THEODORE H. FRANK'S MOTION TO UNSEAL

Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, Abel

Gonzalez, and Richard Jennings ("Plaintiffs"), through their counsel; and Defendants NBTY,

Inc.; Rexall Sundown, Inc. ("Rexall"); and Target Corporation (collectively with Rexall,

"Defendants"), through their counsel (Plaintiffs and Defendants collectively, the "Parties"),

request that the Court deny Objector Theodore H. Frank's Motion to Unseal certain materials

that the Parties filed under seal (the "Motion" or "Mot.") [D.E. 133]. The class was given

adequate notice of the settlement, which explained the terms of the settlement (including the

injunctive relief) and the maximum amount of attorneys' fees that could be requested.  In filing

their pleadings in connection with final approval, the Parties properly redacted certain

confidential information and materials.  Objector Frank and his counsel were then given the

opportunity (as were all of the objectors) to obtain unredacted copies of the documents filed

1

under seal, upon the execution of an agreement to keep the documents confidential. Frank and his counsel refused to do so, apparently so they could continue their efforts to disrupt this class action settlement. It is difficult, if not impossible, to see how Objector Frank's due process rights were deprived when he was offered unredacted versions of the very documents he seeks to unseal. Accordingly, the Motion should be denied.

## BACKGROUND

### I. THE REDACTED MATERIALS

On September 4, 2013, the Parties sought leave to file redacted versions of Exhibits B, J, S, and Z [D.E. 109] to their Joint Response to Objections ("Joint Response") [D.E. 113].

***Contact Information for Class Members Who Opted Out.*** Exhibit B is the affidavit of Michael E. Hamer, an employee of the settlement claims administrator Heffler Claims Group. The Parties redacted portions of Exhibit B to keep confidential the names and addresses of class members who elected to opt out of the settlement [D.E. 113-2 at 43–50; 113-3 at 1–18].

***Sales Data.*** Exhibits J and Z are declarations by two NBTY, Inc. employees attesting to sales figures and the repeat purchase rate for some of the products covered by the settlement [D.E. 113-11; D.E. 113-27]. Two paragraphs in Exhibit J and two paragraphs in Exhibit Z were redacted to preserve the confidentiality of sales data that belongs to Defendants and/or their business associates [D.E. 113-11 at 2–3; D.E. 113-27 at 2].

***Reutter Report/Marketing Strategy.*** The Parties redacted portions of Exhibit S, which is the report of Plaintiffs' economic expert Dr. Keith Reutter, to maintain the confidentiality of proprietary sales information and marketing strategy discussed therein [D.E. 113-20 at 5–10, 27, 29]. Exhibit S also included three presentations reporting on consumer testing of certain marketing and advertising strategies [D.E. 113-20 at 21, 23, 25], which Rexall had produced and designated confidential pursuant to protective orders in two related cases that are part of this

settlement.  *See Cardenas v. NBTY, Inc*., No. 2:11-cv-01615-TLN-CKD, Stipulation and

Protective Order [D.E. 58] (E.D. Cal. Aug. 17, 2012); *Jennings v. Rexall Sundown, Inc*., No.

1:11-cv-11488-WGY, Joint Confidentiality Stipulation and Protective Order [D.E. 37] (D. Mass.

June 1, 2012).

 Because confidential information from Exhibits J, S, and Z was revealed in Plaintiffs'

Response to Objections ("Pl. Resp. to Objections") [D.E. 120] and Plaintiffs' Memorandum of

Law in Support of Their Motion for Final Approval of Class Action Settlement ("Final Approval

Brief") [D.E. 121], Plaintiffs separately sought leave to file those briefs under seal [D.E. 118;

D.E. 122].  The redactions to these briefs were likewise minimal [D.E. 120 at 4–5, 7–8 (redacting

portions of two paragraphs); D.E. 121 at 31, 32–33 (redacting portions of three paragraphs and

one footnote)].  Mr. Frank was served with the motions for leave to file under seal, but did not

file any opposition thereto, instead waiting until the Court had granted the motions before

moving to unseal.[1]  The Court granted all of the motions to seal on September 11, 2013 [D.E.

129].

## II. OBJECTORS ARE GIVEN ACCESS TO THE SEALED DOCUMENTS.

 The Parties provided all objectors with a fair opportunity to review the sealed materials in

advance of the October 4, 2013 fairness hearing.  On August 27, 2013 – a week before moving

for leave to file these materials under seal – Defendants' counsel informed the objectors –

included Objector Frank – of the Parties' intent to file materials under seal in accordance with

the *Cardenas* and *Jennings* protective orders.  *See* Ex. A (emails from Christopher Gaul to the

objectors or their counsel).  The objectors were told that they could obtain unredacted versions of

---

[1] Even then, Frank did not file his motion to unseal until almost two weeks after the Court sealed
the documents and noticed the Motion for the date of the hearing instead of the Court's regular
Tuesday/Thursday motion call.

these materials by executing the Confidentiality Undertaking from the *Cardenas* case. *See id.*

Objector John Michael Buckley executed and returned the Confidentiality Undertaking on

August 27, 2013. *See id.* at 1; Ex. B. Objector Frank's counsel first indicated that she would

sign the Confidentiality Undertaking, *see* Ex. A at 3, but ultimately decided not to execute it,

apparently in hopes of preserving Frank's putative standing to challenge the sealing of these

documents (Mot. [D.E. 133] at 4 n.3). At no time prior to the filing of the Motion did Objector

Frank raise any issue with the motion to seal.

Defendants' counsel provided the objectors with another opportunity to execute the

Confidentiality Undertaking when they mailed hard copies of the redacted Joint Response to

Objections to the Objectors on September 4, 2013. Ex. C (Sept. 4, 2013 letters from Kara

McCall to the objectors or their counsel). After Objector Anthony Leardi subsequently executed

the Confidentiality Undertaking, *see* Ex. D, Defendants' counsel mailed copies of the materials

filed under seal to him, *see* Ex. E (Sept. 17, 2013 letter). The Parties have received no inquiries

about the sealed materials, or other responses, from the other objectors.

## ARGUMENT

## I. THE CLASS RECEIVED ADEQUATE NOTICE OF THE SETTLEMENT'S TERMS.

Mr. Frank asserts that the minimal redactions to the sealed materials "deprived class

members from fully analyzing the purported value of the injunctive relief" and that "class

members cannot fully assess the adequacy and fairness of the settlement, as well as class

counsel's fee application, if deprived of such information" (Mot. [D.E. 133] at 8). What

Objector Frank disregards is that in not objecting, the vast majority of the class has already

concluded, based upon the class notice and its description of the settlement, that the settlement is

fair and adequate. So these class members are not being deprived of anything; it is only the objectors who have shown any interest in further details about the settlement.

Objector Frank focuses on the redactions to Dr. Reutter's explanation of his basis for valuing the injunctive relief [D.E. 113-20 at 10–11]. The redactions to Dr. Reutter's report were minor, *see id.* at 7–10 (redacting portions of 3 paragraphs and 5 footnotes), and do not prevent class members from seeing and understanding Dr. Reutter's valuation of the injunctive relief.[2] At any rate, Frank cannot claim that the redactions at issue deprived him or the other objectors of the opportunity to assess the value of the injunctive relief because the Parties afforded all objectors access to the sealed materials. Indeed, it is apparent that Frank chose not to execute the Confidentiality Undertaking solely to create another spurious obstacle to finalizing the settlement of this class action (Mot. [D.E. 133] at 4 n.3 (explaining that "Objector Frank did not execute a Confidentiality Undertaking in order not to waive any argument regarding the impropriety of the motions to seal")). The Parties remain willing to provide Frank with copies of all materials filed under seal, provided that he executes the Confidentiality Undertaking.[3] Indeed, Frank could have signed the Confidentiality Undertaking, viewed the documents, and then could have argued that the documents were in fact not confidential. That Frank did not do so reflects that he is not interested in what the documents actually say, but rather that he, in reality, wanted a second bite at the apple to argue his already-pled objections.

--------

[2] Frank's focus on this section of Dr. Reutter's report is immaterial given that Frank's argument against valuing the injunctive relief is legal, not economic, in nature [D.E. 133].

[3] Frank noticed the Motion to Unseal for the same day as the fairness hearing, and asked the Court for "an opportunity after the fairness hearing to respond" in the event the Court does unseal the redacted materials [D.E. 133 at 8]. There is no reason to prolong the final approval process any further, especially in light of the Parties' willingness to provide the sealed materials to Frank and the other objectors.

Objector Frank's claim that *absent* class members were deprived of their due process

rights is also unfounded (Mot. [D.E. 133] at 4). The absent class members were afforded due

process because the class notice provided pursuant to the Court's Preliminary Approval Order

satisfied the Due Process Clause and the requirements of Rule 23. *See generally* Final Approval

Brief [D.E. 121] at 23 (describing notice program). The notice given to the class met all of the

requirements under Rule 23: it described the nature of the action; defined the class, the claims,

and the defenses; explained the terms of the settlement, including the scope of the release;

identified the maximum amount of attorneys' fees that could be requested; and provided the

opportunity to appear through counsel, opt-out, or object. *See* Rule 23(e), (c)(2). Neither

Objector Frank nor any of the other objectors challenged the adequacy of the notice program in

their objections, and the program's adequacy was not somehow retroactively vitiated by the fact

that limited portions of a handful of documents were redacted when Plaintiffs filed their papers

in support of final approval.

Further, neither of the cases Objector Frank cites support his novel theory that the Due

Process Clause or Rule 23 require that class members who never objected to the settlement be

provided with access to an expert's basis for valuing a class action settlement. *In re Cendant

Corp.*, 260 F.3d 183, 188–89 (3d Cir. 2001), is inapposite because that case involved the

propriety of sealing bids that attorneys submitted in hopes of being named class counsel for a

securities fraud action. In concluding that the bidding process had been improperly sealed, the

Third Circuit observed that "the information sealed in this case and kept secret from most of the

parties was of the utmost importance in the administration of the case; it was directly relevant to

the selection of lead counsel." *Id*. at 193. Moreover, the court noted that sealing the auction

process contravened Congress's intent in enacting the Private Securities Litigation Reform Act

("PSLRA"), which was intended "to transfer control of securities class actions from the attorneys to the class members (through a properly selected lead plaintiff)." *Id*. at 197. The wholesale sealing of an attorney bidding process in the context of a PSLRA class action bears no resemblance to the Parties' redaction of a handful of documents that Frank and the other objectors were offered a fair opportunity to review prior to the fairness hearing.

Frank's reliance on *Reynolds v. Beneficial National Bank*, 288 F.3d 277 (7th Cir. 2002), is likewise misplaced. There, the Seventh Circuit disapproved the practice of permitting class counsel to submit their entire application for attorneys' fees *in camera*. *Id*. at 286. Here, Plaintiffs' counsel's fee applications are matters of public record that contain no redactions [D.E. 124; D.E. 125].

Finally, in making his baseless Due Process argument, Frank disregards the procedural safeguards actually provided by Rule 23. The Court, acting in its fiduciary capacity to the class, can evaluate the redacted materials, such that it is neither necessary nor appropriate to require that all such materials be made public and that all class members be provided the kind of information that Frank seeks to unseal. *See Mirfasihi v. Fleet Mortg. Corp*., 356 F.3d 781, 785 (7th Cir. 2004) ("district judges presiding over such actions are expected to give careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole"). The Parties settled this litigation only after conducting substantial discovery, briefing numerous issues, retaining scientific and economic experts, and engaging in hard-fought negotiations. *See* Final Approval Brief [D.E. 121] at 17–18 (summarizing history of this litigation). Under Rule 23, the Court must determine, among other things, whether "the representative parties . . . fairly and adequately . . . protect[ed] the interests of the class," Fed. R. Civ. P. 23(a)(4); whether reasonable notice was directed to "all class

members who would be bound by the proposal," *id*. 23(e)(1); and whether the proposed

settlement is "fair, reasonable, and adequate," *id*. 23(e)(2). In light of the safeguards afforded by

Rule 23, it is unnecessary to make available to absent class members – who by definition did not

object to the proposed settlement – the finely grained details that Frank seeks to unseal. The

requirements of Due Process and Rule 23 are more than met if the Court and any objectors are

given access to all redacted materials.[4] This is precisely what has been done; Objector Frank's

claim that Due Process requires more should be rejected.

## II.     THE MATERIALS FILED UNDER SEAL WERE PROPERLY REDACTED.

Frank's contention that the redactions deprived class members of their ability to assess

the fairness of the settlement is also belied by the limited scope of the redactions. With respect

to Exhibit B, the Parties properly redacted the names and addresses of class members who

elected to opt out of the settlement (Joint Response [D.E. 113-2 at 43–50; 113-3 at 1–18]).

Protecting the anonymity of such individuals is a common and accepted practice. *See, e.g*., *Sabo*

*v. U.S.*, 102 Fed. Cl. 619, 624 (2011) (noting that the parties filed a joint motion to seal various

exhibits listing the names of opt outs); *In re Prudential Ins. Co. of Am. Sales Pracs. Litig*., 962 F.

Supp. 450, 565 (D.N.J. 1997) (noting that a "list of those persons who have timely excluded their

policies from the class has been filed with the Court under Seal, and is made a confidential part

---

[4] The case law indicates that the Parties were not even necessarily obligated to share the sealed
filings with the objectors. *See, e.g*., *Jaffe v. Morgan Stanley & Co., Inc*., No. C 06-3903, 2008
WL 346417, at *2 (N.D. Cal. Feb. 7, 2008) (concluding that objector was not entitled to discover
workforce data and privileged work product contained in a declaration submitted by class
counsel under seal because the Court had "sufficient facts before it to intelligently evaluate the
settlement, and discovery would cause unnecessary delay"). An objector's right to access
materials filed under seal is not absolute because the court, not the objector, is the arbiter of the
proposed settlement's fairness, reasonableness, and adequacy. *See Hemphill v. San Diego Ass'n
of Realtors, Inc*., 225 F.R.D. 616, 619–20 (S.D. Cal. 2005).

hereof"); *In re CertainTeed Corp. Roofing Shingle Prods. Liab. Litig.*, 269 F.R.D. 468, 492 (E.D. Pa. 2010) (concluding that it was acceptable to file under seal an exhibit listing the names of objectors who eventually withdrew their objections).

The remaining documents were redacted to preserve the confidentiality of Defendants' sales data and marketing strategy. The below chart summarizes the nature and scope of these redactions:

| Document | Subject Matter | Scope of Redactions |
|---|---|---|
| Exhibit J – Declaration of Michael Collins [D.E. 113-11 at 2–3] | Sales data | 2 paragraphs |
| Exhibit S – Report of Dr. Reutter [D.E. 113-20 at 5–10, 21, 23, 25, 27, 29] | Sales data and marketing research and strategy | 3 paragraphs, portions of 3 additional paragraphs, 6 footnotes, 3 internal marketing presentations, and figures in 2 charts |
| Exhibit Z – Declaration of Jorge Granja [D.E. 113-27 at 2] | Sales data | 2 paragraphs |
| Final Approval Brief [D.E. 121 at 31, 32–33] | Sales data and marketing strategy | Portions of 3 paragraphs and 1 footnote |
| Plaintiffs' Response to Objections [D.E. 120 at 4–5, 7–8] | Sales data and marketing strategy | Portions of 2 paragraphs |

These redactions were appropriate because Defendants' property and privacy interests outweigh the public's interest in knowing, for instance, the percentage of consumers who purchase Osteo Bi-Flex more than once per year or specific marketing strategies Defendants have considered implementing.

Contrary to Objector Frank's contention, a litigant's ability to seal materials is "not limited to very few categories of information" (Mot. [D.E. 133] at 5). The proper test is whether

the litigant's "property and privacy interests" predominate over the public's interest in accessing the confidential information "in the particular case." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("access [to judicial records] has been denied where court files might have become a vehicle for improper purposes"). Disclosure of the information at issue here would detrimentally impact Defendants by allowing their competitors to learn, for example, the amount of consumer loyalty to the Osteo Bi-Flex brand, or, as another example, what type of labeling claims motivate purchasers. A competitor could undoubtedly attempt to exploit this type of information. The Supreme Court has recognized the risk of competitive harm as a legitimate basis for sealing judicial records. *Id.* (stating that "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing" (citations omitted)). By comparison, the general public's interest in knowing the repeat purchase rate for Osteo Bi-Flex is negligible given that the persons best positioned to ensure the fairness of this settlement – class counsel, the Court, and the objectors – are free to access all information that has been redacted. The case law bears out the propriety of the modest redactions made here.

The cases on which Frank relies are distinguishable in several respects. In *Citizens First Nat'l Bank*, 178 F.3d at 944 (Mot. [D.E. 133] at 4), the Seventh Circuit criticized the entry of a protective order that "granted a virtual carte blanche to either party to seal whatever portions of the record the party wanted to seal." Based on this protective order, one of the parties sought to file an entire appendix of materials under seal on appeal. *Id.* Because the Seventh Circuit did not "know enough about the case to be able to assess the order's current validity," the case was remanded "for the limited purpose of enabling [the district judge] to advise us whether in his

view good cause exists for . . . allowing the appendix to be filed under seal." *Id*. The circumstances here are different because the Parties provided the Court with unredacted versions of all materials they sought to file under seal, redactions were limited, and there is no reason to believe the Court did not make a document-by-document determination that the redactions were appropriate.

Frank's reliance on *Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562 (7th Cir. 2000) (Mot. [D.E. 133] at 4–5), is also misguided because the issue in that case was the sealing of an entire proceeding, not the redaction of portions of a handful of materials that were publicly filed. *Id*. at 567–68. Likewise, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46 (7th Cir. 2002) (Mot. [D.E. 133] at 5–6), addressed a blanket motion to seal that did not attempt to "separate genuinely secret documents" from others "that could be released without risk." Further, the Seventh Circuit made clear that it was addressing the standard for disclosing documents essential to the *appellate* record. *Id*. at 548 ("The strong presumption of public disclosure applies only to the materials that formed the basis of the parties' dispute and the district court's resolution."). Because the Parties appropriately redacted the materials filed under seal, Frank's Motion should be denied.

## III. OBJECTOR FRANK'S "REPLY" ARGUMENTS CONCERNING THE VALUE OF THE INJUNCTIVE RELIEF ARE IMPROPER AND BASELESS.

In the guise of his Motion to Unseal, Objector Frank attempts to resuscitate his previously-debunked contentions about the reasonableness of attorneys' fees. As a threshold matter, this Court should reject Frank's attempts to argue the merits of his objections in his motion to unseal; the objection briefing schedule did not allow for reply briefs. To the extent

that the Court considers the improper arguments made in footnote 1 and the Introduction of his

brief, Frank's arguments should be rejected.[5]

### A.     *BOEING* IS GOOD LAW IN THIS CIRCUIT.

In response to the Parties' citation of *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), in

their Joint Response [D.E. 113 at 14], Objector Frank contends that *Boeing* was "superseded by

the 2003 amendments to Federal Rule of Civil Procedure 23, which created Rule 23(h)" (Mot.

[D.E. 133] at 2 n.1).  But Rule 23(h) merely provides that "the court may award reasonable

attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."

Neither the Rule nor its comments even mention *Boeing*, much less supersede it.  Moreover, the

2003 comments to Rule 23(h) note that "results achieved" is simply a "basic starting point" for a

percentage approach to fee measurement and further recognize that "in some class actions the

monetary relief obtained is not the sole determinant of an appropriate attorney fees award"

(citing *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989)).  Subsequent to the 2003 amendments,

numerous courts in this District and elsewhere have continued to apply the *Boeing* approach to

the calculation of  the monetary benefits provided by a settlement in awarding fees, and have

continued to value injunctive relief (*see* Joint Response [D.E 113] at 14, 16 n.6; Pl. Resp. to

Objections [D.E. 120] at 6–13).  Objector Frank's citation to a law review article and a Third

Circuit case (*In re Baby Products Antitrust Litig.*) discussing the Class Action Fairness Act's fee

---

[5] Frank completely reargues his previous objection about the timing of the fee applications (Mot.
[D.E. 133] at 3).  The Parties already responded to this objection (*see* Joint Response [D.E. 113]
at 21–22), citing to case law limiting the holding of *In re Mercury Interactive Corp. Secs. Litig.*,
618 F.3d 988 (9th Cir. 2010), and additional case law finding that Rule 23(h) requires only that
the existence and amount of the attorneys' fee request (and not the complete basis for any such
request) be disclosed in a notice to settlement class members (Joint Response [D.E. 113] at 12–
14).

provisions related to coupon settlements (Mot. [D.E. 133] at 2 n.1) is equally unavailing, given that the Settlement before this Court does not involve coupons.

## B. THE INJUNCTIVE RELIEF IN THIS SETTLEMENT HAS REAL VALUE.

Objector Frank contends yet again, without citation to any authority, that the injunctive relief "is wholly irrelevant in analyzing the fairness of the settlement and in awarding attorneys' fees" (Mot. [D.E. 133] at 2). As Plaintiffs explained in earlier briefing (*see, e.g.*, Final Approval Brief [D.E. 121] at 30–34), the injunctive relief offered here is relevant to the fairness of the settlement and an award of attorneys' fees, in that it furthers the primary purposes of consumer fraud laws – consumer protection (*see, e.g.*, Pl. Resp. to Objections [D.E. 120] at 6–8). Even Objector Frank's keystone case, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011), recognized that future injunctive relief should be taken into consideration in determining an award of fees "to ensure compensation for counsel undertaking socially beneficial litigation." *Id.* at 941.

Objector Frank also contends that "Plaintiffs' settlement valuation wrongly assumes that future labeling changes can compensate class members for their past injuries" (Mot. [D.E. 133] at 2–3) (citing *Synfuel Techs. Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006), and *Crawford v. Equifax Payment Servs.*, 201 F. 3d 877, 880 (7th Cir. 2000)).[6] Plaintiffs' settlement valuation, however, does not assume that labeling changes alone will compensate

---

[6] Most notably, in *Crawford*, amongst numerous other problems (including the fact that the class did not receive notice), the settlement provided no benefits for any absent class members. *Crawford*, 201 F.3d at 882. Additionally, unlike *Synfuels* and *Crawford*, where the purported injunctive relief was nebulous at best, here the injunctive relief is robust – resulting in the removal of a representation prominently made on the front label of the Defendants' products. Thus, the valuation of the injunctive relief is highly relevant to the reasonableness and fairness of the settlement as a whole and the award of attorneys' fees.

class members for their past injuries. Rather, the uncapped monetary award compensates class members for their past injuries. In addition to the monetary compensation for past injuries provided by the settlement, the injunctive relief is a further and important benefit provided by the settlement. Thus, Plaintiffs' expert's valuation of the injunctive relief sets forth how, in addition to the monetary compensation component of this settlement, the injunctive relief provided by the settlement will provide substantial and quantifiable monetary benefits to *both* current class members and future consumers (Reutter Rep. at 6–9 [D.E. 113-20 at 7–11]). Indeed, according to Plaintiffs' expert, the value of the injunctive relief just to the members of the Class and just for the 30-month period is approximately $21.7 million.

## CONCLUSION

In conclusion, and based on the foregoing reasons, Plaintiffs and Defendants hereby request that Objector Frank's Motion to Unseal be denied.

Dated:  September 30, 2013                    By:  */s/ Kara L. McCall*

Kara L. McCall
Michael W. Davis
Theodore R. Scarborough, Jr.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
*Counsel for Defendants NBTY, Inc.; Rexall*
*Sundown, Inc.; and Target Corp.*

Stewart M. Weltman
STEWART M. WELTMAN, LLC
53 W. Jackson, Suite 364
Chicago, Illinois 60604
Telephone: (312) 588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)

Of Counsel:

Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
*Attorneys for Plaintiffs Nick Pearson, Francisco*
*Padilla, Cecilia Linares, Augustina Blanco, and*
*Abel Gonzalez*

Peter N. Freiberg (admitted *pro hac vice*)
Jeffrey I. Carton  (admitted *pro hac vice*)
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:   (914) 920-7400
*Attorneys for Plaintiff Richard Jennings*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2013, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system: **Response to Objector Theodore H. Frank's Motion to Unseal**.

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| C. Jane Radlinski<br>309 E. Church Street<br>Jacksonville, FL 32202-2725<br>(904) 633-2699<br>*Pro se* Objector | John Michael Buckley<br>370 Canyon Spring Dr.<br>Rio Vista, CA 94571<br>(707) 374-3853<br>*Pro se* Objector |
| Peggy Thomas<br>2109 N.W. 12th Avenue<br>Ft. Lauderdale, FL 33311<br>(954) 761-1589<br>*Pro se* Objector | Simone Thomas<br>2109 N.W. 12th Avenue<br>Ft. Lauderdale, FL 33311<br>(305) 903-6935<br>*Pro se* Objector |
| Rhonda L. Paulson<br>13383 E. Marie Creek Road<br>Couer d'Alene, ID 83814<br>*Pro se* Objector | Donald Charles Koneval<br>8314 Manorford Drive<br>Parma, OH 44129-5309<br>(440) 842-6232<br>*Pro se* Objector |
| Anthony Leardi<br>1813 Renwick Street<br>Bethlehem, PA 18017<br>(610) 865-7821<br>*Pro se* Objector | Joseph Darrell Palmer<br>Law Office of Darrell Palmer PC<br>603 N. Highway 101, Suite A<br>Solana Beach, CA 92075<br>(858) 792-5600<br>Attorney for Objectors Kathleen McNeal<br>and Alison Paul |

| | |
|---|---|
| Melissa A. Holyoak<br>Center for Class Action Fairness<br>1718 M Street NW, No. 236<br>Washington, DC 20036<br>(573) 823-5377<br>Attorney for Objector Ted Frank | Jonathan E. Fortman #40319<br>250 Saint Catherine Street<br>Florissant, Missouri 63031<br>(314) 522-2312<br>Attorney for Objector Pamela Easton |
| Steve A. Miller<br>Steve A. Miller, PC<br>1625 Larimer Street, No. 2905<br>Denver, CO  80202<br>(303) 892-9933<br>Attorney for Objector Pamela Easton | Maureen Connors<br>6625 Pearl Road<br>Parma Heights, OH 44130<br>(216) 640-9860<br>Attorney for Objector Pamela Easton |
| John C. Kress (53396MO)<br>The Kress Law Firm, LLC<br>4247 S. Grand Blvd.<br>St. Louis, MO 63111<br>(314) 631-3883<br>Attorney for Objector Pamela Easton | |