**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendants. | Case No.: 11 CV 07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel** |

PLAINTIFFS' SUPPLEMENTAL SUBMISSION REGARDING TOTAL PAYMENTS
TO BE MADE TO CLASS MEMBERS

Stewart M. Weltman
STEWART M. WELTMAN, LLC
53 W. Jackson, Suite 364
Chicago, Illinois 60604
Telephone: 312-588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)

Elaine A. Ryan
Patricia N. Syverson
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez*

Peter N. Freiberg
Jeffrey I. Carton
James R. Denlea
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone: (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

Pursuant to this Court's December 5, 2013 Order, Plaintiffs submit the report of Heffler Claims Group setting forth the total number of claims made and the amounts to be paid to class members who have submitted claims (Exhibit A). 30,245 claims were filed, amounting to $865,284.00 to be distributed to the members of the Class. As set forth in the Settlement Agreement, upon Court approval, an additional $1,134,716.00 will be provided as a *cy pres* award to Orthopedic Research and Education Foundation. *See Hughes v. Kore of Indiana Enterprise, Inc.*, 731 F.3d 672, 675-676 (7th Cir. 2013) (Seventh Circuit's most recent affirmation of *cy pres* awards as an appropriate settlement vehicle in cases involving relatively small claims).

The Court has also invited Plaintiffs' Counsel to opine on the significance of the data presented in the Heffler report. This is not a coupon settlement under CAFA, which might otherwise require a determination of the actual claims made and the value of the redress (*i.e.*, the coupons) provided to such claimants. 28 U.S.C. §1712. The law is clear that in a non-coupon, claims-made settlement, the valuation of the monetary component of the settlement is, under *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) and its progeny,[1] the amount <u>made available</u> to <u>all</u> class members eligible to submit a claim. (Parties' Joint Response to Objections, pp. 2, 4-7, Docket No. 113). The notice to the Class was designed to reach as many households as possible, and the amount of claims made should not be viewed in isolation given the significant labeling changes required by the Parties' settlement agreement, which directly redress the allegations made in Plaintiffs' Complaint. As further set forth in previous briefing, under the applicable valuation approach from *Boeing*, the minimum total benefit of the monetary relief is "either

---

[1] That CAFA's provisions were limited to coupon settlements means that the *Boeing* approach to valuation is still valid as to non-coupon settlements such as this.

$33.3 million or $20.2." (Parties' Joint Response to Objections p. 2, Docket No. 113). On this basis alone, "the attorneys' fees and expenses requested by Class Counsel are proportional to that value." (*Id.*)

Moreover, the settlement provides "substantial and valuable injunctive relief…." (Parties Joint Response to Objections p. 10, Docket No.113). The Settlement requires a substantial labeling change that (1) will result in a more truthful marketplace, and (2) inevitably lead to more appropriate pricing. *See FTC v. QT, Inc.,* 512 F.3d 858, 863 (7th Cir. 2008) ("One important reason for requiring truth is so that competition in the market will lead to appropriate prices."). Thus, as more fully set forth in Plaintiffs' recently filed Supplemental Memorandum in Support of Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Expenses, and Incentive Awards (Docket No. 137), even without placing a precise monetary value on the injunctive relief, it can and should serve as the basis for final approval of the settlement, a substantial attorneys' fee and expense award, and incentive awards. The Court has Plaintiffs' lodestar calculation before it, and should consider a reasonable multiplier to reward Class Counsel for the significant result obtained for the Class. Reducing the agreed-upon fee (which is in proportion to the value of the settlement) will not benefit the Class.

For the foregoing reasons, Plaintiffs respectfully submit that the settlement should be finally approved and Plaintiffs and their counsel should be rewarded for producing this result.

Dated: December 6, 2013                By:   /s/Stewart M. Weltman
                                                                           Stewart M. Weltman
                                                                           STEWART M. WELTMAN, LLC
                                                                           53 W. Jackson, Suite 364
                                                                           Chicago, Illinois 60604
                                                                           Telephone: 312-588-5033
                                                                           (Of Counsel: Levin Fishbein Sedran & Berman)

Elaine A. Ryan (ID 021870)
Patricia N. Syverson *(Admitted Pro Hac Vice)*
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

*Attorneys for Plaintiffs Nick Pearson, Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez*

Peter N. Freiberg *(Admitted Pro Hac Vice)*
Jeffrey I. Carton *(Admitted Pro Hac Vice)*
James R. Denlea *(Admitted Pro Hac Vice)*
DENLEA & CARTON LLP
One North Broadway, Suite 509
White Plains, New York 10601
Telephone:    (914) 920-7400

*Attorneys for Plaintiff Richard Jennings*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2013, a true and correct copy of the following document was electronically filed and served on all counsel of record in this action who are deemed to have consented to electronic service via the Court's CM/ECF system: **SUPPLEMENTAL SUBMISSION REGARDING TOTAL PAYMENTS TO BE MADE TO CLASS MEMBERS**

I also certify that the foregoing document is being served by U.S. Mail this day on all counsel of record or *pro se* parties identified below who are not authorized to receive electronically Notices of Electronic Filing.

| | |
|---|---|
| C. Jane Radlinski<br>309 E. Church Street<br>Jacksonville, FL 32202-2725<br>(904) 633-2699<br>*Pro se* Objector | John Michael Buckley<br>370 Canyon Spring Dr.<br>Rio Vista, CA 94571<br>(707) 374-3853<br>*Pro se* Objector |
| Peggy Thomas<br>2109 N.W. 12th Avenue<br>Ft. Lauderdale, FL 33311<br>(954) 761-1589<br>*Pro se* Objector | Simone Thomas<br>2109 N.W. 12th Avenue<br>Ft. Lauderdale, FL 33311<br>(305) 903-6935<br>*Pro se* Objector |
| Rhonda L. Paulson<br>13383 E. Marie Creek Road<br>Couer d'Alene, ID 83814<br>*Pro se* Objector | Donald Charles Koneval<br>8314 Manorford Drive<br>Parma, OH 44129-5309<br>(440) 842-6232<br>*Pro se* Objector |
| Anthony Leardi<br>1813 Renwick Street<br>Bethlehem, PA 18017<br>(610) 865-7821<br>*Pro se* Objector | Joseph Darrell Palmer<br>Law Office of Darrell Palmer PC<br>603 N. Highway 101, Suite A<br>Solana Beach, CA 92075<br>(858) 792-5600<br>Attorney for Objectors Kathleen McNeal and Alison Paul |

Melissa A. Holyoak
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
(573) 823-5377
Attorney for Objector Ted Frank

Steve A. Miller
Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
(303) 892-9933
Attorney for Objector Pamela Easton

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd.
St. Louis, MO 63111
(314) 631-3883
Attorney for Objector Pamela Easton

Jonathan E. Fortman #40319
250 Saint Catherine Street
Florissant, Missouri 63031
(314) 522-2312
Attorney for Objector Pamela Easton

Maureen Connors (0074094OH)
6625 Pearl Road
Parma Heights, OH 44130
(216) 640-9860
Attorney for Objector Pamela Easton

By: /s/Stewart M. Weltman
Stewart M. Weltman
STEWART M. WELTMAN, LLC
53 W. Jackson, Suite 364
Chicago, Illinois 60604
Telephone: 312-588-5033
(Of Counsel: Levin Fishbein Sedran & Berman)