UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation;<br><br>Defendants. | Case No.: 11 CV 07972<br><br>CLASS ACTION<br><br>Judge James B. Zagel |

## FINAL JUDGMENT AND ORDER

The matter came before the Court on Plaintiffs' motion for final approval of the proposed class action settlement with Rexall Sundown, Inc. and NBTY, Inc. and their affiliated parties ("Rexall"), set forth in the Settlement Agreement dated April 15, 2013 between Plaintiffs and Rexall Sundown, Inc., and NBTY, Inc. ("Settlement Agreement"), and preliminarily approved in this Court's order of May 30, 2013 [Dkt. No. 89]. The Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of the case, and provides for the dismissal of Plaintiffs' individual and class claims against Rexall with prejudice upon the Effective Final Judgment Date.

The Court having held a Fairness Hearing on the fairness, adequacy, and reasonableness of the settlement and considered all of the written submissions, objections, and oral arguments

made in connection with final settlement approval, and having issued a Memorandum Opinion and Order on January 3, 2014 [Dkt. No. 143], hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Final Judgment and Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

3. The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving consumer class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

4. All Settlement Class members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising the objection.

5. The Parties, the Released Parties, and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

6. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

7. Under Rule 23(b)(3), the Court makes final its previous conditional certification of the Settlement Class, defined as all consumers who, during particular time periods and in certain U.S. locations, purchased for personal use and not resale or distribution certain joint health dietary supplements (a) sold by Rexall or any of its affiliates under the brand names of Rexall or its affiliates; or, (b) manufactured by Rexall or any of its affiliates but sold under another brand name by a company not affiliated with Rexall (collectively, "Covered Products"). The Covered Products and their geographic areas and time periods of sale covered by this Settlement are identified in Exhibit A to the Settlement Agreement. The Settlement Class does not include persons who submitted valid requests for exclusion from the Settlement Class.

8. The requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

9.  The preliminary appointment of Jeffrey I. Carton and Peter N. Freiberg (Denlea & Carton LLP); Elaine A. Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.); and Stewart M. Weltman (Stewart M. Weltman, LLC, Of Counsel Levin Fishbein Sedran & Berman) as Settlement Class Counsel is hereby made final. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

10. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation without prejudice and without costs, except as provided in the Settlement Agreement. This dismissal without prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement.

11. By operation of this Final Judgment and Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the Released Parties release and forever discharge Plaintiffs and Settlement Class Counsel, as set forth in Paragraphs 11, 12, and 14 of the Settlement Agreement.

   a. As used in this Order, the Releasing Parties are Plaintiffs and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class), on their own behalf and on behalf of their spouses and former spouses, as well as the present, former, and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors of any of the foregoing.

   b. As used in this Order, the Released Parties are (i) NBTY, Inc. and Rexall Sundown, Inc.; (ii) Any person or entity in the chain of distribution of the Covered Products,

4

including but not limited to raw material suppliers, distributors, and retailers (including but not limited to Costco, Target, and CVS Pharmacy, Inc., to the extent that they are in the chain of distribution of the Covered Products); (iii) Entities and persons related to (i) and (ii), including but not limited to their present, former, and future direct and indirect parent companies, affiliates, agents, divisions, predecessors-in-interest, subsidiaries, successors, and any entities that manufactured or sold the Covered Products from which Rexall acquired assets or contracts; and (iv) Entities and persons related to (i), (ii), and (iii), including but not limited to their respective present, former, and future officers, directors, employees, independent contractors, shareholders, agents, assigns, and attorneys.

      c.      The Released Claims include any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that, as of the date that this Order is entered, arise out of or relate in any way to:

(i) allegations, claims, or contentions that were or could have been asserted in the Litigation; (ii) the Covered Products, including, but not limited to, their efficacy or performance, and any and all advertising, labeling, packaging, marketing, claims, or representations of any type whatsoever made in connection with the Covered Products; or (iii) all labels or packaging for the Covered Products that conform to the terms of the Settlement. The Released Claims do not include any claims for personal injury or safety-related concerns.

      12.      The Release includes claims that are currently unknown to the Releasing Parties. The Release in this Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or

unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Settlement Class members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of

common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

13. Rexall may elect, in its sole and unilateral discretion, to continue the label changes identified in Paragraph 8 and Exhibit B of the Settlement Agreement beyond the thirty-month required period. For as long as a product identified in Exhibit A continues to be sold and complies with the terms of Paragraph 8 beyond the thirty-month required period, no Releasing Party who purchases such product after the thirty-month period may sue any Released Party based on any claim that was or could have been asserted in the Litigation.

14. Except as to the rights and obligations provided for under the Agreement, by operation of this Order, NBTY, Inc. and Rexall Sundown, Inc. hereby release and forever discharge Plaintiffs, the Settlement Class, and Settlement Class Counsel from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, which the Released Parties may now have, own or hold or which the Released Parties at any time may have, own, or hold, against Plaintiffs, the Settlement Class, or Settlement Class Counsel by reason of any matter, cause, or thing whatsoever occurred, done, omitted, or suffered from the beginning of time to the date of the Settlement Agreement, related to the subject matter of the Litigation.

15. Plaintiffs, Settlement Class members, and the Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court,

or in any agency, or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the Rexall or any other Released Party as a result of such violation.

16. The Court makes the following awards to Plaintiffs and Settlement Class Counsel:

    a. $ 938,790.00 as attorneys' fees and $ 93,187.13 as costs to Denlea & Carton, LLP;

    b. $ 994,802.75 as attorneys' fees and $86,489.10 as costs to Bonnett, Fairbourn, Friedman & Balint, P.C.; Levin Fishbein Sedran & Berman; Stewart M. Weltman, LLC (Of Counsel Levin Fishbein Sedran & Berman); jointly, and

    c. $5,000.00 as an incentive award to each Class Representative.

17. Without affecting the finality of this Final Judgment and Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

18. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other litigation, court of law or equity, proceeding, arbitration,

tribunal, investigation, government action, administrative proceeding or other forum, or (b) any liability, responsibility, fault, wrongdoing or otherwise of Rexall. Rexall has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Court's approval of the settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation, the Underlying Actions, or any other action or proceeding.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. Neither Settlement Class Counsel's applications for incentive awards, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to such applications, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Final Judgment and Order.

21. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: 22 Jan, 2014

_____
JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE