UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; and TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendants. | Case No.:   11 CV 07972<br><br><u>CLASS ACTION</u><br><br>**Judge James B. Zagel** |

**JOINT STATUS REPORT**

1. On May 7, 2015, the Parties (Plaintiffs and Defendants) appeared before the Court on Randy Nunez's Motion to Intervene and Appoint Interim Lead Counsel [Dkt. 205]. At the hearing, the Court found the Motion to be premature given that Nunez's counsel had not yet seen the classwide Settlement Agreement between the Parties, and therefore could not determine if in fact Nunez would have any reason to intervene in the case.

2. The Court accordingly instructed all parties, including Nunez's Counsel, to meet and confer within two weeks of the filing of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, in order to determine if Nunez had any objections to the settlement and, if so, whether those objections could be resolved prior to the Preliminary Approval Hearing.

1

3. Plaintiffs' Motion for Preliminary Approval of Class Action Settlement was filed on May 14, 2015 [Dkt. 212, 213].

4. The Parties' Counsel and Nunez's Counsel held a meet and confer on May 26, 2015. The Parties hereby report to the Court on the outcome of that meet and confer.

5. Nunez's Counsel reported that they had reviewed the Settlement Agreement and that their "chief objection" was that they had not been involved in the negotiation process. They stated that they intended to continue to oppose the Settlement Agreement on the ground that they had been appointed interim lead counsel in the *Nunez* case. The Parties' counsel stated that they would continue to maintain the position that they had previously taken, *i.e.*, that appointment of interim lead counsel in the *Nunez* case, a separate case, has no bearing on these cases involving separate counsel and different plaintiffs.

6. Nunez's Counsel contended that the settlement should have been run through a District Court in the Ninth Circuit, which they believe is a more favorable forum for settlement approval. The Parties' counsel explained that they saw no reason not to present the new Settlement to this Court, particularly given the fact that the new Settlement satisfies the concerns previously raised by the Seventh Circuit.

7. Nunez's Counsel then inquired about the *cy pres* provision. The Parties' counsel explained that the *cy pres* provision would only kick in if money still remained in the fund after all claimants' payments had been increased *pro rata* up to $200 per household – a scenario that was unlikely to take place. The Parties also explained that paying a claimant more than $200 would create a windfall for some claimants and also incentivize potential fraud in the filing of claims. Upon being given this explanation, Nunez's counsel made no suggestion of how to alter the claims process set forth in the settlement agreement.

8.      Nunez's Counsel asked why direct notice was not going to the entire class, and the Parties' counsel explained that direct notice was going to all class members for whom Defendants have mailing address or emails, and that the unknown class members – who bought through a retailer – would receive publication notice with a notice program similar to the previous program, to which no one had objected.

9.      Given the fact that Nunez's Counsel did not ask the Parties to change any of the terms of the Settlement Agreement, the Parties wish to go forward with their Motion for Preliminary Approval of the Class Action Settlement Agreement.

10.     Pursuant to this Court's Minute Entry of May 7, 2015, Plaintiffs will respond to the Motion to Intervene separately.


DATED: June 2, 2015

By:   /s/Stewart M. Weltman
Stewart M. Weltman
BOODELL & DOMANSKIS, LLC
353 N. Clark Street
Suite 1800
Chicago, Illinois 60654
Telephone:  3 1 2 - 9 3 8 - 4 0 7 0

By:   /s/Elaine A. Ryan
Elaine A. Ryan
Patricia N. Syverson
Lindsey M. Gomez-Gray
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, Arizona 85016
Telephone: 602-274-1100

Attorneys for Plaintiffs Francisco Padilla, Cecilia Linares, Augustina Blanco, and Abel Gonzalez

By:   /s/Peter N. Freiberg
Peter N. Freiberg

Jeffrey I. Carton
DENLEA & CARTON LLP
2 Westchester Park Drive
Suite 410
White Plains, New York 10604
Telephone: 914-331-0100

Attorneys for Plaintiff Richard Jennings

By: /s/ Kara L. McCall
Kara L. McCall
T. Robert Scarborough
SIDLEY AUSTIN LLP
One S. Dearborn
Chicago, Illinois 60603
Telephone: 312-853-7000

Attorneys for Defendants