UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; and TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendants. | No. 11 C 7972<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Randy Nunez seeks to intervene and have his counsel appointed as interim lead counsel for the class of purchasers of one of the products, Flex-a-min. Nunez asserts that intervention in this case and appointment of his counsel as interim class counsel are necessary because he has "justifiably serious concerns" that the proposed settlement in this case would impede his rights.

The problem with Nunez's motion, however, is that Flex-a-min purchasers, including Nunez, are already represented by a class representative in this case. If Nunez wants to object to the settlement, he can do so at the final approval hearing. For these reasons, I am denying Nunez's motion in its entirety.

### BACKGROUND

This litigation began in November 2011. In mid-April 2013, the parties executed a written settlement agreement resolving the claims asserted against the settling Defendants (the "*Pearson* Settlement"). The *Pearson* settlement identified proposed class representatives who

1

had purchased various glucosamine/chondroitin products manufactured by Defendants, which included a proposed class representative, Francisco Padilla, who had purchased Flex-a-min.

In March 2013, Nunez filed a putative class action against Defendants in the Southern District of California alleging false and misleading statements in the marketing and sale of Flex-a-min. *Randy Nunez v. NBTY, Inc., Arthritis Research Corp., and Nature's Bounty, Inc.*, Case No. 13 CV 0495 (S.D. Cal.) (the "*Nunez* Litigation"). After the *Pearson* plaintiffs filed their Motion for Preliminary Approval, which included a publicly filed copy of the Settlement Agreement, Nunez moved to stay his case pending final approval of the *Pearson* Settlement, which was granted. Neither Nunez nor his counsel filed any objections to the *Pearson* Settlement.

In December 2014, the Seventh Circuit reversed the final approval of the *Pearson* Settlement and remanded the case for further proceedings. Approximately two months later, counsel for Nunez moved to lift the stay in *Nunez* and to be appointed as interim class counsel in the *Nunez* case pursuant to Federal Rule of Civil Procedure 23(g)(3). Nunez's motion was granted and the Court appointed James R. Patterson and Todd D. Carpenter as interim class counsel in the *Nunez* case. Defendants have filed a new Motion to Stay the *Nunez* case in light of the new settlement, which remains pending.

Nunez and his counsel allege that they were shocked to learn on April 7, 2015 that the parties in this case had entered into a global settlement that unilaterally settled Nunez's class claims. Nunez now seeks to intervene in this case.

## DISCUSSION

Nunez argues that he can satisfy both the requirements for intervention as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and for permissive intervention pursuant

2

to Rule 24(b).

To intervene as a matter of right under Rule 24(a)(2), a party must satisfy four requirements: (1) the application must be timely; (2) "the applicant must claim an interest relating to the property or transaction which is the subject of the action"; (3) "the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) "existing parties must not be adequate representatives of the applicant's interest." *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 945-46 (7th Cir. 2000). To permissively intervene under Rule 24(b), a party must satisfy four slightly different requirements: (1) his claims share a common question of law or fact with this case; (2) the motion for intervention is timely; and (3) the Court has independent jurisdiction over his claims. *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995).

Both standards—intervention as a right under Rule 24(a) and permissive intervention under 25(b)—require timeliness, which Nunez cannot establish here. A prospective intervenor must move to intervene as soon as it "knows or has reason to know that [its] interests might be adversely affected by the outcome of the litigation." *CE Design Ltd. v. King Supply Co.*, 791 F.3d 722, 726 (7th Cir. 2015) (citing *Babbitt*, 214 F.3d at 949). Here, Nunez's counsel was specifically informed of the renewed settlement negotiations being conducted in this case when Defendants responded to their motion to lift the stay in the *Nunez* litigation on January 26, 2015—long before they learned that those negotiations had resulted in another settlement agreement. Despite this notice, Nunez and his counsel, knowing that settlement negotiations were proceeding, did not request that the *Nunez* court prohibit the defendants in that case from negotiating a settlement with Plaintiffs' Counsel in this case, and they did not come to this Court

3


Case: 1:11-cv-07972 Document #: 227 Filed: 10/01/15 Page 4 of 4 PageID #:4711

at that time and seek to intervene.

In addition to being untimely, Nunez cannot establish that he is entitled to intervention as a right because nothing in the settlement impairs Nunez's individual claim, as he is free to opt-out of the settlement and continue to pursue his individual claim. Nunez would have a better argument if none of the named plaintiffs were Flex-a-min purchasers, but this is not the case. If Nunez decides not to opt-out and wants to object to the settlement, he can do so at the final approval hearing. Accordingly, I am denying Nunez's motion.

## CONCLUSION

Nunez fails to satisfy the standards for intervention under Federal Rule of Civil Procedure 24. Accordingly, I am denying his motion to intervene and have his counsel appointed as interim lead counsel for the Flex-a-min purchasers.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 1, 2015


4

