UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, AUGUSTINO BLANCO, ABEL GONZALEZ, RICHARD JENNINGS, CECILIA LINARES, FRANCISCO PADILLA, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>REXALL SUNDOWN, INC., a Florida corporation; and NBTY, INC., a Delaware corporation,<br><br>　　　　　　Defendants. | Case No. 11-cv-07972<br><br>CLASS ACTION<br><br>**Judge James B. Zagel** |

## PRELIMINARY APPROVAL ORDER

This case is part of a group of class action suits regarding the veracity of claims made about various glucosamine and chondroitin joint health dietary supplement products, which are manufactured by Defendant Rexall Sundown, Inc., NBTY, Inc., and their affiliated parties (collectively "Rexall") and sold by retailers including Costco, CVS, and Defendant Target Corporation ("Target"). In addition to this case, the related pending cases include *Cardenas, et al. v. NBTY, Inc. et al.*, 2:11-cv-01615-TLN-CKD (E.D. Cal.); *Jennings v. Rexall Sundown, Inc.*, 1:11-cv-11488-WGY (D. Mass.); *Linares, et al. v. Costco Wholesale, Inc.*, 3:11-cv-0547-MMA-BGS (S.D. Cal.); and *Blanco v. CVS Pharmacy, Inc.*, 5:13-cv-00406-JGB-SP (C.D. Cal.).

In April 2013, the Parties in each of the cases reached and executed a written settlement, to which this Court granted final approval with some modifications in January 2014. In November 2014, responding to an appeal brought by class members and objectors from the

Center for Class Action Fairness, the Seventh Circuit reversed the settlement and remanded the case to this Court. Plaintiffs and Rexall then embarked on negotiations with Hon. Wayne R. Andersen as a mediator and reached a revised settlement that addresses the concerns of the Seventh Circuit.

This matter came before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement set forth in the Settlement Agreement dated April 10, 2015 between Plaintiffs, on the one hand, and Rexall Sundown, Inc. and NBTY, Inc., on the other hand ("Settlement Agreement"). The Settlement Agreement, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of the case, and provides for the dismissal of Plaintiffs' individual and class claims against Rexall with prejudice upon the Effective Final Judgment Date.

The Court having duly considered the papers and arguments of counsel hereby finds and orders as follows:

1. **Defined Terms.** Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. **Settlement Agreement.** "In deciding whether to preliminarily approve a settlement, courts must consider: (1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among effected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *In re AT & T Mobility Wireless Data Services Sales Litigation*, 270 F.R.D. 330, 346 (N.D. Ill. 2010). *See also Kessler v. Am. Resorts Int'l's Holiday Network, Ltd.,* Nos. 05 C 5944 & 07 C 2439, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) ("Although [the 'fair, reasonable, and adequate']

standard and the factors used to measure it are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase."); *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (Courts "do not focus on individual components of the settlement [ ], but rather view them in their entirety in evaluating their fairness.").

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and based on the parties' careful consideration of the Seventh Circuit opinion, the efforts of Judge Andersen in overseeing the negotiations, the substantive changes the parties have made to the original agreement in response to the Seventh Circuit's concerns, and the Center for Class Action Fairness' stated approval of the revisions, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement [Dkt. 212] is granted.

Movants have established that, for purposes of preliminary approval, this settlement has been negotiated at arm's length; appears to be a fair, reasonable, and adequate settlement of the Litigation; and is in the best interests of the Class in light of the factual, legal, practical, and procedural considerations raised by the Litigation.

3. **Conditional Certification of the Settlement Class.** For settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of all persons in the U.S. who, during particular time periods and in certain U.S. locations, purchased for personal use and not resale or distribution certain joint health dietary supplements: (a) sold by Rexall or any of its affiliates under the brand names of Rexall or its affiliates; or (b) sold under another brand name by a company not affiliated with Rexall and manufactured by (i) Rexall, (ii) any of Rexall's affiliates, or (iii) any entities that manufactured or sold the Covered Products from which Rexall acquired assets or contracts (collectively, "Covered Products"). The Covered

Products and their time periods and locations of sale during which they are deemed Covered Products and therefore covered by this Settlement are identified in Exhibit A to the Settlement Agreement. The Settlement Class does not include persons who submit valid requests for exclusion from the Settlement Class.

4. **Designation of the Class Representatives.** For settlement purposes only, the Court hereby preliminarily appoints Plaintiffs Augustino Blanco, Abel Gonzalez, Richard Jennings, Cecilia Linares, and Francisco Padilla as representatives of the Settlement Class.

5. **Designation of Class Counsel.** For settlement purposes only, the Court hereby preliminarily designates Jeffrey I. Carton and Peter N. Freiberg (Denlea & Carton LLP); Elaine A. Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.); and Stewart M. Weltman (Boodell & Domanskis, LLC) as Settlement Class Counsel.

6. **Notice Plan.** The Court finds that the notice plan specified in and attached to the Settlement Agreement (the "Notice Plan") is the best notice practicable under the circumstances, that it satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure, and that it fairly apprises the Settlement Class members of the terms of the Settlement and the options available to them in connection with this proceeding. The Notice Plan is approved and the Parties are to issue notice of the proposed settlement to the Class in accordance with the terms of the Settlement Agreement and the Notice Plan. Costs of issuing notice shall be paid in accordance with the terms of the Settlement Agreement. Heffler Claims Group is designated as the Settlement Administrator, as defined in the Settlement Agreement, and the Parties are to ensure that the Settlement Administrator performs the functions specified in the Settlement Agreement.

7. **Fairness Hearing.** On June 30, 2016, at _____ a.m./p.m., this Court will hold a final hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and determine whether (a) final approval of the settlement should be granted; (b) Settlement Class Counsel's applications for attorneys' fees and expenses should be granted, and in what amount; and (c) the request for incentive awards for the Plaintiffs should be granted, and in what amount ("Fairness Hearing"). The Court will also hear from any objectors during the Fairness Hearing.

   a. No later than twenty-one (21) calendar days before the Fairness Hearing, Plaintiffs and Rexall shall file their papers in support of final settlement approval and in response to any objections filed to date.

   b. Plaintiffs and Rexall may file supplemental briefing in response to any objections no later than seven (7) calendar days before the Fairness Hearing.

   c. Settlement Class Counsel must file their applications for attorneys' fees, expenses, and incentive awards for the Plaintiffs no later than twenty-one (21) calendar days before the deadline for Settlement Class members to object to the Settlement.

8. **Exclusions.** All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class and the settlement must submit an exclusion request post-marked by May 26, 2016.

   a. The request for exclusion must be in writing and include the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the Glucosamine Products Litigation."

      b.     The request must be mailed to the Settlement Administrator at the address provided in the Notice, and post-marked no later than May 26, 2016.

      c.     A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not post-marked within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement.

      d.     The Settlement Administrator must promptly forward copies of all requests for exclusion to Settlement Class Counsel and counsel for Rexall.

      e.     Requests for exclusion made under the previous April 15, 2013 settlement agreement between the Parties will not be considered to be requests for exclusion from this current Settlement.

      f.     Any exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not by any appointees, assignees, claims, brokers, claims filing services, claims consultants, or third-party claims organizations; except that such exclusion may be submitted by a Settlement Class Member's attorney on an individual basis.

      **9.**     **Comments and Objections.**  Any member of the Settlement Class may comment in support of or in opposition to the Settlement; provided, however, that all comments and objections must be filed with the Court and mailed to both Settlement Class Counsel and Rexall's counsel prior to the Fairness Hearing in accordance with the Notices.

      a.     A Settlement Class member who objects to the settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all

arguments, papers, briefs, pleadings, or other documents that any objector would like the Court to consider, must be filed with the Court, with a copy mailed to Settlement Class Counsel and Rexall's counsel, such that it is post-marked by May 26, 2016.

      b.     All Objections shall include (i) the caption *Pearson, et al. v. NBTY, Inc., et al.*, No. 1:11-cv-07972; (ii) the Settlement Class member's full name, address, and telephone number; (iii) a signed statement that he or she is a member of the Settlement Class; (iv) the grounds for the objection; and (v) a notice of intention to appear (if any) that lists the name, address, and telephone number of the attorney, if any, who will appear.

      c.     Any Settlement Class member who fails to object in the manner described above shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding. To appeal from any provision of an order approving the settlement as fair, reasonable, and adequate; any incentive awards to the named Plaintiffs; or any award of attorneys' fees and expenses to Settlement Class Counsel, the Settlement Class member must appear in person, or through his or her counsel, or seek leave of Court excusing such appearance prior to the Fairness hearing, or as otherwise may be permitted by the Court at the Fairness Hearing.

      d.     While the statement described above is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Rexall or both may take discovery regarding the matter. Any Settlement Class Members who object shall make themselves available to be deposed by Class Counsel and counsel for Rexall in the county of the objector's residence within 21 days of service of his or her timely written objection.

      e.     Any objections by a Settlement Class Member must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass, not

by any appointees, assignees, claims, brokers, claims filing services, claims consultants, or third-party claims organizations; except that such objections may be submitted by a Settlement Class Member's attorney on an individual basis.

   f. Comments and objections made in relation to the previous April 15, 2013 settlement agreement between the Parties will not be considered as comments or objections to this current Settlement.

  10. **Declaration of Compliance.** Defendants shall file with the Court a declaration of compliance with the notice requirements, including the CAFA notice requirements, after Class Notice has been given following the terms of the Agreement and this Order.

  11. **Claim Deadline.** All Claim Forms must be postmarked or submitted online on or before the Claim Deadline set by the Court. The Claim Deadline is September 28, 2016.

  12. **Preliminary Injunction.** In further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any federal court. Any person or entity who knowingly violates such injunction shall pay the costs and attorneys' fees incurred by Rexall or any other Released Party as a result of such violation.

  13. **No Admissions.** Neither the Settlement Agreement, nor any of its provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement, are not and shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or

admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Rexall. Rexall has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

14. **Vacation of Certification.** The preliminary certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, this Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation or any other action or proceeding.

15. **Second Amended Class Action Complaint.** In connection with and solely in furtherance of the Settlement, a Second Amended Class Action complaint was filed on behalf of a nationwide class of all persons in the United States who purchased the Covered products. The filing of this Second Amended Class Action Complaint was purely for settlement purposes. If the Settlement is terminated for any reason, the Second Amended Class Action Complaint will be withdrawn.

16. **Schedule**. Based on the foregoing, the Court has established the following schedules and deadlines in this matter:

| Date | Deadline/Event |
| --- | --- |
| March 15, 2016 | Deadline for Settlement Administrator to begin mailing Class Notice and post settlement information to website; magazine publication notices to begin rolling out pursuant to magazine publication dates |
| May 5, 2016 | Deadline for Class Counsel to file fee application(s) |
| May 26, 2016 | Deadline for filing of statements by objectors; Deadline for filing notice of intent to appear at final approval hearing; Deadline for class members to file requests for exclusion |
| June 9, 2016 | Deadline for filing memoranda in support of final approval; Deadline for filing Response to Objections or Motions to Intervene |
| June 23, 2016 | Deadline for filing any supplemental responses to Objections or Motions to Intervene |
| June 30, 2016 | Fairness Hearing |
| September 28, 2016 | Claim Deadline |

**IT IS SO ORDERED.**

Dated: 2/01/16 , 2016

JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE