**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NBTY, INC., a Delaware corporation; and REXALL SUNDOWN, INC., a Florida corporation; TARGET CORPORATION, a Minnesota Corporation,<br><br>Defendants. | Case No. 11-CV-07972<br><br><u>CLASS ACTION</u><br><br>**Hon. James B. Zagel** |

**DECLARATION OF ELAINE A. RYAN, STEWART M. WELTMAN, AND HOWARD J. SEDRAN IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**

1

Elaine A. Ryan, Stewart M. Weltman, and Howard J. Sedran, individually and jointly (as to paragraphs 4-9) declare as follows:

1. I, Elaine A. Ryan, am a shareholder of the law firm of Bonnett, Fairbourn, Friedman & Balint, P.C. ("BFFB"). I am one of the attorneys representing Plaintiffs Pearson, Padilla, Linares, Blanco, and Gonzalez (hereafter the "Pearson Plaintiffs") and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Incentive Awards in the above-entitled action. BFFB has extensive experience prosecuting consumer class actions. The firm specializes in complex class action litigation, representing consumers, employees, and investors in class actions pending in state and federal courts throughout the United States. During its successful history, the firm has successfully litigated over 100 class action cases and has made available hundreds of millions of dollars for class members. Attached as **Exhibit A** is a firm biography for BFFB.

2. I, Stewart M. Weltman, was the owner of Stewart M. Weltman LLC and am currently Of Counsel to Boodell & Domanskis LLC. (collectively referred to as "WELTMAN") From February 1, 2012 to January 29, 2015 WELTMAN LLC was Of Counsel to Levin Fishbein Sedran & Berman and on February 1, 2015 I became Of Counsel to Boodell & Domanskis. In these various positions, I have been and still am an attorney representing the Pearson Plaintiffs and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Incentive Awards in the above-entitled action as to the fees and expenses of Weltman LLC up to and including January 29, 2015 and as to the fees and expenses of Boodell & Domanskis from February 1, 2015 to the present. Over 36 years, I have specialized in complex litigation, prosecuting and defending a variety of individual and class actions under the consumer fraud, securities fraud and antitrust laws. I have been in involved as lead counsel in cases that have made available hundreds of millions of dollars to victims of consumer fraud, securities fraud and antitrust violations. Attached as **Exhibit B** is my professional biography.

3. I, Howard J. Sedran, am a member of the law firm of Levin Fishbein Sedran & Berman ("LFSB"). I am one of the attorneys representing the Pearson Plaintiffs and the Class in the above entitled litigation. I am submitting this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses and Incentive Awards in the above-entitled action. LFSB has extensive experience prosecuting class actions. The firm specializes in complex class action litigation, representing plaintiffs in class actions in state and federal courts throughout the United States. The firm has successfully litigated numerous complex litigation matters and has made available hundreds of millions for its clients. Attached as **Exhibit C** is a firm biography for LFSB.

4. Based upon pre-suit investigation, including extensive research, analysis of the science, and consultations with experts regarding glucosamine and chondroitin, BFFB and WELTMAN (hereafter "Pearson Plaintiffs' Counsel" or "PPC") concluded that several manufacturers of glucosamine and chondroitin products were making similar or identical false representations, including Defendants here. Thus, PPC initiated lawsuits against major manufacturers of these products across the nation. On June 14, 2011, PPC filed the first class action involving any of the Covered Products in this litigation, *Cardenas and Padilla[1] v. NBTY, Inc. and Rexall Sundown, Inc.*, No. 2:11-CV-01615-LKK-CKD (E.D. Cal.), involving the Osteo Bi-Flex line of glucosamine/chondroitin products. Thereafter, PPC initiated litigation against two other large branded glucosamine/chondroitin product lines: Schiff Nutrition's Move Free products (*Lerma v. Schiff Nutrition Int'l, Inc.*, No. 3:11-cv-01056-JAH-MDD (S.D. Cal.) (filed May 13, 2011) and *Pearson v. Schiff Nutrition Int'l Inc., and Schiff Nutrition Group, Inc.*, No. 1:11-cv-08914 (N.D. Ill.) (filed December 15, 2011)) (final approval to settlement granted on November 3, 2015, *see* Order attached as **Exhibit D**); and Pharmavite's TripleFlex products (*Barrera v. Pharmavite*, LLC, No. 2:11-cv-04153-CAS-AGR (filed May 13, 2011) (California class certified and matter set for trial September 6, 2016)).

---

[1] Plaintiff Francisco Padilla was included as a named plaintiff in the Third Amended Complaint, filed on October 30, 2012.

5. PPC also initiated litigation against various large private label glucosamine/chondroitin manufacturers: Costco (*Padilla v. Costco Wholesale Corp.*, No. 1:11-cv-07686 (N.D. Ill.) (filed October 28, 2011) and *Linares and Gonzalez[2] v. Costco Wholesale, Inc.,* No. 3:11-cv-02547-MMA-RBB (S.D. Cal.) (filed November 2, 2011)); Target (*Pearson v. Target Corp.*, No. 1:11-cv-07972 (N.D. Ill.) (filed November 9, 2011)); and CVS (*Blanco v. CVS Pharmacy, Inc.*, No. 5:13-cv-00406-JGB-SP (C.D. Cal.) (filed March 4, 2013). At the time that PPC filed suit against these private label glucosamine/chondroitin products, PPC was not aware that the Rexall defendants manufactured these private label products and first learned of this during settlement negotiations.

6. PPC also has initiated litigation against other glucosamine/chondroitin sellers, including Walgreen Company (*Ehrman and Guilin v. Walgreen Company*, No. 1:11-cv-07763 (N.D. Ill.) (filed November 1, 2011) (a case that was the subject of a finally approved settlement in *Quinn v. Walgreen Co.,* Case No. 7:12-CV-8187-VB (S.D.N.Y.) on March 23, 2015, Order attached as **Exhibit D**)); Wal-Mart (*Eckler v. Wal-Mart Stores, Inc.*, No. 3:12-cv-00727-W-NLS (S.D. Cal.) (filed March 26, 2012)(case dismissed on March 21, 2015); Direct Digital (*Mullins v. Direct Digital, LLC*., No. 1:13-cv-01829 (N.D. Ill.) (filed March 8, 2013) (Judge Norgle certified a multi-stated class and the matter is stayed pending the completion of a settlement); GNC (*Lerma v. GNC Corp.*, No. 3:13:cv-00933-CAB-KSC (filed April 18, 2013 and dismissed on February 12, 2016) and Nutramax (*Conrad v. Nutramax Laboratories, Inc*., 1:13-cv-03780 (N.D. Ill.) (filed May 21, 2013 and dismissed February 8, 2016).

7. PPC has aggressively prosecuted this case and vigorously represented the best interests of the Pearson Plaintiffs and the Class. PPC engaged in extensive pre-litigation research of the scientific evidence regarding glucosamine/chondroitin by, *inter alia*, reviewing numerous studies and reviews and consulting with experts; drafted the original and various amended complaints filed in each of these actions; successfully defeated several motions to dismiss; retained

---

[2] Plaintiff Abel Gonzalez was included as a named plaintiff in the Second Amended Complaint, filed on April 25, 2012.

and worked with various experts; engaged in discovery and review of documents; commenced and engaged in class certification proceedings, including the preparation of expert disclosures and reports; and defended expert depositions. The expert retained and employed by Plaintiff's counsel in this case, Dr. Thomas J. Schnitzer, MD, PhD from Northwestern University Feinberg School of Medicine is one of the foremost experts in this area in the United States, having been one of the authors of the single most definitive study on glucosamine/chondroitin, the GAIT 2006 trial, and was found qualified to render opinions on these issues in *Barrera v. Pharmavite LLC* (Dkt. No 192.)

8. PPC also played an instrumental role in both series of settlement negotiations, and took a leading role in ensuring that the current settlement would pass muster under the new precedent set forth in *Pearson v. NBTY*, Case No. 14-1198 (7th Cir. 2014). While the first settlement negotiations, agreement and approval efforts did not result in an approved settlement, as the final approval of that settlement was reversed and remanded, much of the time spent on these efforts contributed to the ultimate results achieved in the current settlement. For example, while the money to be paid to the class in the current settlement is greater than the initial settlement, those initial negotiations established the base amount from which the current settlement was derived. Further, PPC was also able to draw heavily from the prior briefing and research regarding preliminary approval, final approval and other basic settlement-related issues in seeking final approval of the current settlement.

9. PPC's fee request is based upon a requested percent of the amount paid to the class. However, PPC understand that the Court may employ a lodestar check to confirm the percentage to be awarded. The lodestar set forth below represents the entire lodestar that PPC has expended on this cases from beginning to end, including the time spent on negotiating and seeking final approval of the original settlement as those efforts, as set forth above, materially contributed to the current settlement. If the Court desires, PPC can and will provide a breakdown of the lodestar devoted to work on the initial settlement.

10. Further, our clients, Plaintiffs Pearson, Padilla, Linares, Blanco, and Gonzalez fully and actively participated in the prosecution of this action. They met with counsel, participated in the drafting of the complaints and amended complaints and reviewed each complaint prior to it being filed, supervised counsel's efforts on behalf of the Class, participated in efforts leading to settlement, and approved the amount and type of settlement proposed for the Class. None of the Plaintiffs ever displayed any interests adverse to the Class and a service award for their efforts is appropriate.

**BFFB Lodestar and Expense Detail**

11. The total number of hours spent on this litigation by BFFB is 2,044.8. BFFB spent approximately 84.3 hours on pre-suit investigation, approximately 137.6 hours on litigation strategy and case coordination/management, approximately 229.1 hours drafting the Complaints and other submissions to the Court (including legal and other research and investigation), approximately 309.8 hours related to motions to dismiss and class certification (including legal research), approximately 233.0 hours on discovery and depositions, approximately 111.5 hours on court appearances and preparation, approximately 748.5 hours related to the 2013 settlement (including preparing court filings in support of preliminary and final approval) and subsequent appeal, and approximately 191.0 hours related to the 2015 settlement (including preparing court filings in support of preliminary and final approval).

12. The total lodestar amount for attorney/professional time based on the BFFB's rates is $918,292.00. The hourly rates shown below are the usual and customary rates charged for each individual in all of our class action cases. A breakdown of the lodestar is as follows:

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Elaine A. Ryan | Shareholder | 97.1 | $650.00 | $63,115.00 |
| Elaine A. Ryan | Shareholder | 631.7 | $575.00 | $363,227.50 |
| Patricia N. Syverson | Shareholder | 52.1 | $600.00 | $31,260.00 |
| Patricia N. Syverson | Shareholder | 501.7 | $525.00 | $263,392.50 |
| Todd D. Carpenter | Shareholder | 39.8 | $525.00 | $20,895.00 |

| T. Brent Jordan | Associate | 42.4 | $500.00 | $21,200.00 |
| --- | --- | --- | --- | --- |
| Lindsey M. Gomez-Gray | Associate | 4.2 | $350.00 | $1,470.00 |
| Lindsey M. Gomez-Gray | Associate | 395.2 | $250.00 | $98,800.00 |
| Kevin R. Hanger | Associate | 99.6 | $250.00 | $24,900.00 |
| Rose K. Creech | Paralegal | 16.7 | $175.00 | $2,922.50 |
| Lydia L. Rueda | Paralegal | 164.3 | $165.00 | $27,109.50 |
| | *TOTALS:* | *2,044.8* | | *$918,292.00* |

13. The lodestar amount has been compiled based on BFFB's records. Attorneys and professionals at BFFB record time on a daily basis and the time entries are entered into a computerized timekeeping system. In computing the total compensable time, attorneys at BFFB consistently exercised their billing judgment by reducing some time entries based upon the task and to avoid unnecessary duplication of billing entries with other attorneys at BFFB and other PPC firms representing the Pearson Plaintiffs in the case.

14. The hourly rates reflected in the foregoing BFFB table are consistent with those charged by similarly situated practitioners in the legal community. In particular, BFFB's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

> *Lerma v. Schiff Nutrition Int'l, Inc.,* No. 3:11-cv-01056-JAH-MDD (S.D. Cal.) and *Pearson v. Schiff Nutrition Int'l Inc., and Schiff Nutrition Group, Inc.,* No. 1:11-cv-08914 (N.D. Ill.) (11/2015);
>
> *Quinn v. Walgreen Co.,* Case No. 7:12-CV-8187-VB (S.D.N.Y.);
>
> *Hohman v. Matrixx Initatives Inc. et. al,* No. 1:09-cv-03693 (N.D. Ill.);
>
> *Payares v. J.P. Morgan Chase,* No. CV 07-05540 (C.D. Cal.);
>
> *Negrete v. Fidelity and Guaranty Life Ins. Co.,* No. CV-05-6837 (C.D. Cal.);
>
> *Allen v. Decision One Mortgage Co.,* No. 1:07-cv-11669 (D. Mass);
>
> *Rand v. American National Ins. Co.,* No. CV 09-0639 (N.D. Cal.);
>
> *Ramirez v. GreenPoint Mortgage Funding, Inc.,* No. 3:08-cv-00369 (N.D. Cal.);

*In re Midland National Life Ins. Co. Annuity Sales Practices Litig.,* No. 2:07-ml-1825 (C.D. Cal);

*In re Apollo Group, Inc. Securities Litig.,* No. CV 04-2147 (D. Ariz.); and

*In re Conseco Ins. Co. Annuity Marketing & Sales Practices Litig.,* No. 5:05-cv-04726 (N.D. Cal).

15. BFFB incurred a total of $77,067.35 in un-reimbursed expenses in connection with the prosecution of this litigation. They are broken down as follows:

| *EXPENSE CATEGORY* | *AMOUNT* |
|---|---|
| Court/Filing Fees | $3,135.00 |
| Service of Process | $528.70 |
| Expert Fees | $45,695.07 |
| Deposition/Transcript Fees | $392.86 |
| Electronic Research (Westlaw/LexisNexis/Pacer/TLO) | $6,436.85 |
| Outside Messenger | $441.00 |
| Overnight Delivery | $329.45 |
| Internal Reproduction | $339.00 |
| Telephone/Facsimile | $78.38 |
| Travel/Lodging/Transportation/Meals | $15,939.67 |
| Mediation Fees | $3,530.04 |
| Glucosamine Product Purchases | $221.33 |
| *TOTAL:* | *$77,067.35* |

16. The aforementioned expenses pertaining to this case are reflected in the books and records of BFFB. These books and records are prepared from expense vouchers, check records, and other documents and are an accurate record of the expenses. All of the expenses listed were reasonably incurred in the normal course of business, were reasonably necessary to the conduct of the litigation, and were otherwise not duplicative.

17. BFFB's compensation for the services rendered to the Class is wholly contingent. Any fees and reimbursement of expenses will be subject to the approval of the Court.

18. The lodestar summary reflects BFFB's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

19. Based upon my experience with other class action matters, I, Elaine A. Ryan, declare and believe that the time expended by BFFB in connection with this action is reasonable in amount, was necessary to prosecute this litigation and represents BFFB's efforts to diligently litigate this case while at the same time recognizing the need to avoid needless billing and duplication of efforts both between the attorneys in BFFB and the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation. Throughout this litigation I, as well as all the other attorneys at my firm involved in this litigation, have kept in mind our professional and fiduciary obligations to our clients, the Court, and the Class both in our litigation efforts and strategy, as well as in our billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

**WELTMAN LLC Lodestar and Expense Detail And Boodell & Domanskis LLC Lodestar and Expense Detail**

20. WELTMAN, along with BFFB, spent substantial numbers of hours in initial research, both legal and scientific, before filing all of the actions set forth in paragraphs 4 and 6 above. Many of those hours, while of benefit to the cases which are the subject of this litigation (because they provided initial background information both legally and scientifically) were not billed to this litigation and are not part of the lodestar analysis below. Mr. Weltman has been the lead attorney with regard to the development of the scientific analysis of the claims made in each of the lawsuits covered by this settlement – *Cardenas v. NBTY, Pearson v. Target, Padilla v. Costco, Linares v. Costco and Blanco v. CVS*.[3] For each of these cases Mr. Weltman devoted his time on pre-suit investigation, litigation strategy/coordination, drafting pleadings/complaints, briefing and other submissions to the Court. The total number of hours spent on this litigation since February 1, 2015 when he joined Boodell & Domanskis is 32.25 and this time was spent exclusively on the current settlement - negotiations and settlement approval for all of the cases, for

---

[3] Mr. Weltman, BFFB and LFSB are not counsel of record in *Jennings v. Rexall*.

a total lodestar during this period of $24,187.50 ($750 times 32.25 hours). Mr. Max Stein, a partner with Boodell & Domanskis, also spent 12.4 hours for a total lodestar of $7,130.00 ($575 times 12.4 hours).

21. Thus, the total lodestar amount for all of the cases covered by this settlement is $588,937.50 for attorney/professional time for Mr. Weltman based on Mr. Weltman's current hourly rate of $750 and is $7,130.00 for Mr. Stein based on his current hourly rate of $575 for a combined lodestar of $596,067.50. Messrs. Weltman's and Stein's hourly rates are their usual and customary rates for class action cases.

22. The lodestar amount has been compiled based on WELTMAN LLC's and Boodell & Domanskis records. Mr. Weltman and Mr. Stein record their time on a daily basis and the time entries are compiled monthly on computerized data sheets.

23. The hourly rates reflected above for Mr. Weltman are consistent if not lower than those charged by similarly situated practitioners in the legal community. In particular, Mr. Weltman's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

> *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 3:11-cv-01056-JAH-MDD (S.D. Cal.) and *Pearson v. Schiff Nutrition Int'l Inc., and Schiff Nutrition Group, Inc., No.* 1:11-cv-08914 (N.D. Ill.) (11/2015); [4]
>
> *Quinn v. Walgreen Co.,* Case No. 7:12-CV-8187-VB (S.D.N.Y.);
>
> *Hohman v. Matrixx Initatives Inc. et. al*, No. 1:09-cv-03693 (N.D. Ill.);
>
> *In Re Carbon Black Antitrust Litigation,* No. 03-cv-10191, MDL NO. 1543 (D.C. Mass.);
>
> *In Re EPDM Antitrust Litigation*, No. 3:03-md-1542 (D.C. Conn.); and
>
> *In Re Vitamins Antitrust Litigation*, Misc. No. 99-197, MDL 1285 (D.D.C.).

24. In connection with its Of Counsel relationship with LFSB, WELTMAN LLC's expenses incurred in connection with the prosecution of this litigation have been paid for and advanced by LFSB.

---

[4] Mr. Stein's rate was also accepted by the court in *Lerma v. Schiff*. Mr. Stein was not counsel on the other cases listed here.

25. Mr. Weltman and Mr. Stein's compensation for the services rendered to the Class is wholly contingent. Any fees will be limited to those approved by the Court.

26. The lodestar summary reflects Mr. Weltman's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

27. Based upon my experience with other class action matters, I, Stewart M. Weltman, declare and believe that the time I and Mr. Stein expended in connection with this action is reasonable in amount, was necessary to prosecute this litigation, and represents our efforts to diligently litigate this case while at the same time recognizing the need to avoid needless billing and duplication of efforts between the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation. Throughout this litigation I have kept in mind my professional and fiduciary obligations to our clients, the Court, and the Class both in my litigation efforts and strategy, as well as in my billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

**LFSB Lodestar and Expense Detail**

28. The total number of hours spent on this litigation by LFSB is 294.90. LFSB's paralegal assisted in finalizing and proofing briefs and attended to other administrative filing matters. Additionally, LFSB participated in legal research, case oversight, and settlement.

29. The total lodestar amount for attorney/professional time based on the LFSB's rates is $150,774.75. The hourly rates shown below are the usual and customary rates charged for each individual in all of our class action cases. A breakdown of the lodestar is as follows:

| Name | Hours | Rate | Lodestar |
|---|---:|---:|---:|
| Howard J. Sedran – Partner | 33.20 | $795.00 | $26,394.00 |
| Keith Verrier – Associate | 51.85 | $495.00 | $25,665.75 |
| Charles Sweedler – Associate | 161.10 | $525.00 | $84,577.50 |
| James Rapone - Paralegal | 48.75 | $290.00 | $14,137.50 |
| **TOTALS** | **294.90** | | **$150,774.75** |

30. The lodestar amount has been compiled based on LFSB's records. Attorneys and professionals at LFSB contemporaneously record their time and the time entries are compiled on a monthly basis.

31. The hourly rates reflected in the foregoing LFSB table are consistent with those charged by similarly situated practitioners in the legal community. In particular, LFSB's rates have been accepted for purposes of lodestar determinations and cross-checks made in the following class action cases among many others:

> *Lerma v. Schiff Nutrition Int'l, Inc., No. 3:11-cv-01056-JAH-MDD* (S.D. Cal.) and *Pearson v. Schiff Nutrition Int'l Inc., and Schiff Nutrition Group, Inc.,* No. 1:11-cv-08914 (N.D. Ill.) (11/2015);
>
> *Quinn v. Walgreen Co.,* Case No. 7:12-CV-8187-VB (S.D.N.Y.);
>
> *In re Air Cargo Shipping Services Antitrust Litigation*, No. 1:06-md–01775 (E.D. N.Y.), MDL No. 1775;
>
> *In re Municipal Derivatives Antitrust Litigation*, No. 1:08-md-01950 (S.D. N.Y.), MDL No. 1950;
>
> *In re Potash Antitrust Litigation*, No. 1:08-cv-06910 (N.D. IL) Eastern Division, MDL No. 1996;
>
> *In re Processed Egg Products Antitrust Litigation*, No. 2:08-md-02002 (E.D. Pa.), MDL No. 2002; and
>
> *In re Urethane Antitrust Litigation*, No. 2:04-md-01616 (D.C. KS), MDL 1616

32. LFSB incurred a total of $32,937.89 in unreimbursed expenses in connection with the prosecution of this litigation. They are broken down as follows:

| *EXPENSE CATEGORY* | *AMOUNT* |
|---|---:|
| Court/Filing Fees | $1,584.00 |
| Expert Fees | $24,401.36 |
| Deposition/Transcript Fees | $2,434.25 |
| Electronic Research (Westlaw/Lexis Nexis/Pacer) | $3,751.33 |
| Outside Messenger | $0.00 |

| | |
|---|---:|
| Overnight Delivery | $0.00 |
| Postage | $24.17 |
| Outside Photocopy Expense | $0.00 |
| Internal Reproduction | $304.50 |
| Telephone/Facsimile | $36.13 |
| Travel/Lodging/Transportation/Meals | $402.15 |
| Mediation Fees | $0.00 |
| ***TOTAL:*** | ***$32,937.89*** |

33. The aforementioned expenses pertaining to this case are reflected in the books and records of LFSB. These books and records are prepared from expense vouchers, check records and other documents and are an accurate record of the expenses. All of the expenses listed were reasonably incurred in the normal course of business, were reasonably necessary to the conduct of the litigation and were otherwise not duplicative.

34. LFSB's compensation for the services rendered to the Class is wholly contingent. Any fees and reimbursement of expenses will be subject to the approval of the Court.

35. The lodestar summary reflects LFSB's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

36. Based upon my experience with other class action matters, I, Howard Sedran, declare and believe that the time expended by LFSB in connection with this action is reasonable in amount, was necessary to prosecute this litigation, and represents LFSB's efforts to diligently litigate this case while at the same time recognizing the need to avoid needless billing and duplication of efforts both between the attorneys in LFSB and the attorneys in the other PPC firms representing the Pearson Plaintiffs in this litigation. Throughout this litigation I, as well as all the other attorneys at my firm involved in this litigation, have kept in mind our professional and fiduciary obligations to our clients, the Court and the Class both in our litigation efforts and strategy, as well as in our billing (including in the amount of time and exercise of judgment regarding specific tasks performed).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of May, 2016 at Phoenix. Arizona.

_____
Elaine A. Ryan

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of May, 2016 at Chicago, Illinois.

_____
Stewart M. Weltman

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of May, 2016 at Philadelphia, Pennsylvania.

_____
Howard J. Sedran

## CERTIFICATE OF SERVICE

I, Stewart M. Weltman, hereby certify that on May 5, 2016, I caused a true and correct copy of the foregoing document: **Declaration of Elaine A. Ryan, Stewart M. Weltman, and Howard J. Sedran In Support of Motion for Attorneys' Fees and Expenses and Incentive Awards** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel registered to receive such notice and I hereby certify that I have mailed the foregoing documents via the United States Postal Service to non-CM/ECF participants.

/s/*Stewart M. Weltman*

Stewart M. Weltman