UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, AUGUSTINO BLANCO, ABEL GONZALEZ, RICHARD JENNINGS, CECILIA LINARES, FRANCISCO PADILLA, On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> REXALL SUNDOWN, INC., a Florida corporation; and NBTY, INC., a Delaware corporation, <br><br> Defendants. | Case No. 11-cv-07972 <br><br> <u>CLASS ACTION</u> <br><br> **Judge James B. Zagel** |

**FINAL JUDGMENT AND ORDER**

This matter came before the Court on Plaintiffs' motion for final approval of the proposed class action settlement with Rexall Sundown, Inc. and NBTY, Inc. and their affiliated parties ("Rexall") set forth in the Settlement Agreement dated April 10, 2015 between Plaintiffs and Rexall Sundown, Inc., and NBTY, Inc. ("Settlement Agreement), and preliminarily approved in this Court's order of February 1, 2016 [Dkt. 238]. The Settlement Agreement [Dkt. 213-1 through 213-5], together with the exhibits attached thereto, sets forth the terms and conditions for the proposed settlement of the case, and provides for the dismissal of Plaintiffs' individual and class claims against Rexall with prejudice upon the Effective Final Judgment Date.

The Court having held a Fairness Hearing on the fairness, adequacy, and reasonableness of the settlement on July 14, 2016, and having considered all of the written submissions, objections, and oral arguments made in connection with final settlement approval, and having issued a Minute Order on July 14, 2016 granting Plaintiffs' Motion for Final Approval of Class Action Settlement [Dkt. No. 285], and a Minute Order on July 28, 2016 granting Plaintiffs' Motion for Attorneys' Fees and granting in part Objector Theodore H. Frank's Motion for Attorneys' Fees [Dkt. No. 286], hereby finds and orders as follows:

1.      Unless defined herein, all defined terms in this Final Judgment and Order shall have the respective meanings as the same terms in the Settlement Agreement.

2.      Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order. The notice, in form, method, and content, fully complied with the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled to notice of the settlement.

3.      The settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Settlement Agreement was arrived at through good-faith bargaining at arm's-length, without collusion, conducted by counsel with substantial experience in prosecuting and resolving consumer class actions. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and in light of the

complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

4.  All Settlement Class members who failed to submit an objection to the settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising any objection to the settlement.

5.  The Parties, the Released Parties, and each Settlement Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of, the Released Claims, the Settlement Agreement, or this Final Judgment and Order.

6.  The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and any and all Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

7.  Under Rule 23(b)(3), the Court makes final its previous conditional certification of the Settlement Class, defined as all persons in the U.S. who, during particular time periods and in certain U.S. locations, purchased for personal use and not resale or distribution certain joint health dietary supplements: (a) sold by Rexall or any of its affiliates under the brand names of Rexall or its affiliates; or (b) sold under another brand name by a company not affiliated with Rexall and manufactured by (i) Rexall, (ii) any of Rexall's affiliates, or (iii) any entities that manufactured or sold the Covered Products from which Rexall acquired assets or contracts (collectively, "Covered Products"). The Covered Products and locations and time periods of sale covered by this Settlement are identified in Exhibit A to the Settlement Agreement. The

Settlement Class does not include persons who submitted valid requests for exclusion from the Settlement Class.

8.     The requirements of Rule 23(a) and (b)(3) have been satisfied for purposes of settlement. The Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the Settlement Class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and the questions of law or fact common to Settlement Class members predominate over any questions affecting only individual members.

9.     The preliminary appointment of  Jeffrey I. Carton and Peter N. Freiberg (Denlea & Carton LLP); Elaine A.  Ryan (Bonnett, Fairbourn, Friedman & Balint, P.C.); and Stewart M. Weltman (Boodell & Domanskis, LLC) as Settlement Class Counsel is hereby made final. Settlement Class Counsel are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately protected the interests of the Settlement Class.

10.     Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation without prejudice and without fees or costs, except as provided in the Settlement Agreement or this Order.  This dismissal without prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement.

11.     By operation of this Final Judgment and Order, the Releasing Parties release and forever discharge the Released Parties from the Released Claims, and the Released Parties release and forever discharge Plaintiffs, the Settlement Class, and Settlement Class Counsel, as set forth in Paragraphs 12, 13, and 14 of the Settlement Agreement.

a.      As used in this Order, the Releasing Parties are Plaintiffs and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class), and their related individuals and entities (including but not limited to Plaintiffs' and Settlement Class members' spouses and former spouses, and their present, former, and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors) (collectively, the "Releasing Parties").

b.      As used in this Order, the Released Parties are (i) NBTY, Inc. and Rexall Sundown, Inc.; (ii) Any person or entity in the chain of distribution of the Covered Products, including but not limited to raw material suppliers, distributors, and retailers (including but not limited to Costco, Target, and CVS Pharmacy, Inc., to the extent that they are in the chain of distribution of the Covered Products); (iii) Entities and persons related to 11.b.(i) and 11.b.(ii), including but not limited to their present, former, and future direct and indirect parent companies, affiliates, agents, divisions, predecessors-in-interest, subsidiaries, successors, and any entities that manufactured or sold the Covered Products from which Rexall acquired assets or contracts; and (iv) Entities and persons related to 11.b.(i), 11.b.(ii), and 11.b.(iii), including but not limited to their respective present, former, and future officers, directors, employees, independent contractors, shareholders, agents, assigns, and attorneys (collectively, the entities and persons described in 11.b.(i), 11.b.(ii), 11.b.(iii), and 11.b.(iv) shall be referred to as "Released Parties").

c.      The Released Claims include any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, arising from any time in the past through the date of Preliminary Approval, arising

out of or relating in any way to: (i) Allegations, claims, or contentions that were or could have been asserted in the Litigation; or (ii) the Covered Products, including, but not limited to, their efficacy or performance, and any and all advertising, labeling, packaging, marketing, claims, or representations of any type whatsoever made in connection with the Covered Products (collectively, the "Released Claims").

12.     As long as a product identified on Exhibit A to the Settlement Agreement continues to be sold and does not include on its label any of the words prohibited by Paragraph 9 of the Settlement Agreement, or statements conveying the same message, no Releasing Party who purchases such product may sue based on any allegation, contention, claim, or cause of action that would have, had the matter occurred prior to the date of Preliminary Approval, been within the scope of the Released Claims. The Released Claims do not encompass any claim for personal injuries or safety-related concerns.

13.     The Release includes claims that are currently unknown to the Releasing Parties. The Release in this Final Judgment and Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that

6

possibility into account in reaching the Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Settlement Class members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

14.     Rexall shall have six (6) months from the Effective Final Judgment Date to begin shipping Covered Products covered by the Settlement with labels and packaging that conform to the terms of the Settlement. Neither Rexall nor any of the retailers of the Covered Products shall be required to recall, remove from shelves, or pull from distribution or inventory any Covered Products that are shipped by Rexall prior to the date commencing six (6) months after the Effective Final Judgment Date.

15. Subsequent to the Effective Final Judgment Date, if Rexall becomes aware of studies or other scientific support for any of the representations prohibited by the terms of Paragraph 9 of the Settlement Agreement, Rexall may, upon notice to Settlement Counsel to the extent such notice is practical, seek relief from the United States District Court for the Northern District of Illinois to change the labels accordingly. However, in no event shall notice to Class Counsel be required if relief is sought more than five years after the Effective Final Judgment Date.

16. Except as to the rights and obligations provided for under the Settlement Agreement, by operation of this Order, NBTY, Inc. and Rexall Sundown, Inc. hereby release and forever discharge Plaintiffs, the Settlement Class, and Settlement Class Counsel from any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, which the Released Parties may now have, own, or hold, or which the Released Parties at any time may have, own, or hold, against Plaintiffs, the Settlement Class, or Settlement Class Counsel by reason of any matter, cause, or thing whatsoever occurred, done, omitted, or suffered from the beginning of time to the date of the Preliminary Approval of the Settlement Agreement, related to the subject matter of the Litigation.

17. Plaintiffs, Settlement Class members, and the Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action or proceeding asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court,

8

or in any agency, or other authority or forum wherever located. Any person or entity that knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Rexall or any other Released Party as a result of such violation.

18.     The Court makes the following awards to Plaintiffs and Settlement Class Counsel:

a.     Denlea & Carton, LLP, Bonnett, Fairbourn, Friedman & Balint, P.C.; Levin Fishbein Sedran & Berman; and Boodell & Domanskis, LLC, are jointly awarded attorneys' fees and expenses in the amount of thirty three percent (33%) of the net Settlement Fund distributable to the Class Members; and

b.     Each of the five (5) Class Representatives is granted an incentive award in the amount of $5,000.00.

The amounts awarded pursuant to subsections a and b above shall be paid to the escrow/trust account of Denlea & Carton, LLP for further distribution to Plaintiffs and to Settlement Class Counsel.

19.     The Court awards $180,000.00 as attorneys' fees and expenses to the Competitive Enterprise Institite, as counsel for Objector Theodore H. Frank, which amount will be paid from the gross Settlement Fund.

20.     Without affecting the finality of this Final Judgment and Order, the Court retains exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to the administration, implementation, interpretation, or enforcement of such orders or Agreement.

21.     The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement

Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (a) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, or any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding or other forum, or (b) any liability, responsibility, fault, wrongdoing or otherwise of Rexall. Rexall has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

22.     The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation, the Underlying Actions, or any other action or proceeding.

23.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

24.     Neither Settlement Class Counsel's applications for incentive awards, attorneys' fees, and reimbursement of expenses, nor any order or proceedings relating to such applications, nor any appeal from any order relating thereto or reversal or modification thereof, shall in any

way affect or delay the finality of this Judgment, and all such matters shall be considered separate from this Final Judgment and Order.

25.     Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment.

**IT IS SO ORDERED.**

Dated: _25 August_ , 2016

JUDGE JAMES B. ZAGEL
UNITED STATES DISTRICT JUDGE