# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICK PEARSON, FRANCISCO PADILLA, CECILIA LINARES, AUGUSTINA BLANCO, ABEL GONZALEZ, and RICHARD JENNINGS, On Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>NBTY, INC., a Delaware corporation; REXALL SUNDOWN, INC., a Florida corporation; and TARGET CORPORATION, a Minnesota Corporation,<br><br>            Defendants. | Case No. 11 CV 07972<br><br><u>CLASS ACTION</u><br><br>**Judge James B. Zagel** |

## PLAINTIFF-INTERVENOR RANDY NUNEZ' OPPOSITION TO MOTION REQUIRING OBJECTORS TO POST AN APPEAL BOND

Plaintiff-Intervenor Randy Nunez opposes Plaintiffs' motion requiring objectors to post an appeal bond in the amount of $200,000 for the following reasons.[1]

---

[1] Plaintiffs' motion is procedurally deficient. Local Rule 5.3(b) requires that "every motion . . . be accompanied by a notice of presentment specifying the date and time on which, and judge before whom, the motion or objection is to be presented." Plaintiffs filed their motion without identifying a hearing date or time, thereby failing to put Nunez on notice of his deadline to file this opposition.

1

I. **Introduction**

Plaintiffs seek a $200,000 appeal bond which consists of $15,000 in "taxable costs," and unidentified amounts of "extra administrative costs," "delay damages," and attorneys' fees. However, this request stands in direct opposition to the confines of Federal Rule of Appellate Procedure ("FRAP") 7, which allows only for "a bond . . . necessary to ensure payment of costs on appeal." In seeking such an exorbitant amount, Plaintiffs ignore both the controlling authority of the Seventh Circuit and the unanimous agreement of sister circuit courts that delay damages and attorneys' fees cannot be included in a Rule 7 appeal bond. *See Allen v. J.P. Morgan Chase Bank, NA*, No. 15-3425 (7th Cir. Dec. 4, 2015). Notwithstanding the egregious bond amount, Plaintiffs' premature attempt to dismiss Nunez' appeal is meritless. Nunez' appeals are rooted in the parties' negotiation of a settlement that resolved Nunez' class claims in contravention of a Court order appointing Nunez' counsel as interim class counsel. This procedural defect is a matter of first impression and is not to be confused with an average run-of-the-mill settlement objection.

II. **Argument**

**A. Randy Nunez' Failure to File a Claim in Connection with the Settlement is Irrelevant to His Standing in the Instant Appeal**

Plaintiffs would have the Court believe that Nunez lacks any interest in the Settlement and on that ground, his appeal should be dismissed. Plaintiffs rely on *Silverman v. Motorola Solutions, Inc.,* 739 F.3d 956, 957 (7th Cir. 2012), which is

2

critically distinguishable. In *Motorola,* the Court found that the objector who failed to file a claim, and who protested the settlement on amount of attorneys' fees alone, lacked any interest in the outcome because he would not receive any money from the fund even if counsel's fees were reduced pursuant to the appeal. In contrast, Nunez' appeal is grounded in both the procedural defect of the parties negotiating a settlement without consulting or including his counsel, in direct contravention of the Southern District of California's order appointing Nunez' counsel interim lead counsel, thereby extinguishing Nunez' claims prejudicially, and the district court's denial of Nunez' motion to intervene. Because these grounds challenge the procedure in which the parties settled Nunez' interests without the involvement of his court-appointed interim lead counsel, any claim Nunez made to the Settlement fund, or lack thereof, is entirely irrelevant.

As addressed in Nunez' Objection to Final Settlement Approval ("Objection") (Dkt. No. 256), the parties in this case circumvented the Southern District Court of California's order appointing Nunez' counsel, James Patterson and Todd Carpenter, as interim class counsel of his proposed class of Flex-a-min purchasers.[2] *See* Exhibit "A," *Randy Nunez v. NBTY, Inc., Arthritis Research Corp., and Nature's Bounty, Inc.*, Case No. 13CV0495 (S.D. Cal. 2013), Order Appointing Interim Class

---

[2] Defendant NBTY, Inc. owns the "Nature's Bounty" brand which distributes the "Flex-a-min" Glucosamine product.

Counsel. The role of interim class counsel is well defined: "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and *negotiating settlement*." *Walker v. Discover Fin. Servs.,* No. 10-cv-6994, 2011 U.S. Dist. LEXIS 58803 (N.D. Ill. May 26, 2011) (quoting Manual for Complex Litigation (Fourth) § 21.11 (2004)) (emphasis added); *see also* Fed. R. Civ. P. 23(g)(2)(A)[3] committee note (noting that the appointment of interim class counsel is appropriate where it is "necessary to protect the interests of the putative class" or where there may be rivalry or uncertainty"). By negotiating a settlement that attempts to extinguish or prejudice Nunez' class claims without including his counsel in the settlement discussions, the parties defied the *Nunez'* court's order and completely obstructed Nunez' counsel's ability to uphold the undisputed duties and responsibilities present in serving as interim class counsel. It is based upon this procedural flaw that Nunez believes an appeal is not only appropriate, but necessary.

Additionally, Plaintiffs' contention that Nunez' Objection somehow lacks merit because it primarily challenges the procedural defects addressed above, as opposed to the substantive terms of the Settlement, is illogical because it ignores the threshold issue—that the parties exiled Nunez' counsel from participating in the

---

[3] Federal Rule of Civil Procedure 23(g)(3) is former 23(g)(2)(A).

4

settlement discussions in the first place. Thus, examining the grounds on which Nunez has challenged the substance of the Settlement is a premature discussion. Regardless, Nunez has sufficiently set forth a valid basis to be concerned that the new Settlement does not protect his putative class' interests in light of the Seventh Circuit's previous ruling that impugned *Pearson*'s counsel's credibility. *See Pearson v. NBTY, Inc.*, Case Nos. 14-1198, -1227, -1245, -1389, at 18 (7th Cir. Nov. 19, 2014) (rejecting the 2013 Settlement between proposed Class Counsel and the Defendants and criticizing proposed class counsel's "arms-length" process that led to the settlement).

Lastly, Plaintiffs' reliance on *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436, 2014 WL 1350509 (S.D. Ohio Apr. 4, 2014), non-binding authority arising out of the Southern District of Ohio, should be disregarded entirely as it does not reflect the law of the Seventh Circuit. What's more, the *Gascho* case is detrimentally distinguishable from our case because it is missing one key component—the appointment of the objector's counsel as interim class counsel. In *Gascho*, plaintiffs in a competing lawsuit filed an objection to the settlement agreement in the cited case on the basis of procedural unfairness, specifically that they were not given an opportunity to participate in the settlement negotiations and because plaintiffs denied their motion to intervene. However, what is absent from their argument is that objectors' counsel was first appointed interim class counsel

5

and therefore subjected to the district court's order to stay abreast of any impending actions that may prejudice or extinguish the objectors' putative class claims. It is this distinction on which Nunez' counsel relies.

### B. Class Counsel's Request to Impose an Appeal Bond in the Amount of $200,000 is Excessive and Impermissible in the Seventh Circuit

Plaintiffs' request for an appeal bond in the amount of $200,000 is premised under the wrong legal principles. FRAP 7 "refers specifically and only to 'a bond . . . necessary to ensure payment of costs on appeal.'" *Allen v. J.P. Morgan Chase Bank, N.A.,* No. 15-3425 (7th Cir. Dec. 4, 2015). In *Allen*, the Seventh Circuit made clear that neither delay damages, nor attorneys' fees are recoverable costs under FRAP 7; rather, "[s]pecial problems related to abuse by class action objectors must be handled in other ways, primarily through a FRAP 38 motion for sanctions." *Id.* Moreover, this District Court followed *Allen* and its proposition that only out-of-pocket costs necessarily incurred on appeal are permissible under FRAP 7. *See Gehrich v. Chase Bank USA N.A.,* No. 12-cv-5510 (N.D. Ill. July 14, 2016) (denying the initial motion for an appeal bond in the amount of $285,000 and later granting the renewed motion in the amount of $5,000 after the moving party acknowledged and reconciled *Allen*).

Similarly, other circuit courts are unanimously in accord with the Seventh Circuit. The Tenth Circuit resolved the issue of what costs are properly

encompassed in an appeal bond under FRAP 7 and identified the other circuit courts that resolved the issue. *See Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014). The Court observed that:

> [a]lthough Plaintiffs can point to several unreported district court cases imposing appeal bonds that cover delay damages or increased administrative costs to maintain a class settlement pending appeal, we do not find the reasoning of those cases persuasive in light of the unanimous circuit authority restricting an appeal bond to costs expressly permitted by rule or statute.

*Id.* at 1256 (referring to the First, Second, Third, Fifth, Sixth, Ninth, Eleventh and D.C. circuit courts of appeal). Thus, allowing Plaintiffs to incorporate delay damages, attorneys' fees, and excess administrative costs impermissibly into the objector's appeal bond represents an unfair tax that would have a deterrent effect on the ability to appeal final settlement approvals in the future.

### III. Conclusion

For the foregoing reasons, Nunez respectfully requests that the Court deny Plaintiffs' motion requiring objectors to post an appeal bond in the amount of $200,000.

Dated: October 31, 2016　　　　　　　　**CARLSON LYNCH SWEET
　　　　　　　　　　　　　　　　　　　　KILPELA & CARPENTER, LLP**

　　　　　　　　　　　　　　　　　　　　By: */s/ Todd D. Carpenter*
　　　　　　　　　　　　　　　　　　　　Todd D. Carpenter (CA 211102)
　　　　　　　　　　　　　　　　　　　　402 West Broadway, 29th Floor
　　　　　　　　　　　　　　　　　　　　San Diego, California 92101
　　　　　　　　　　　　　　　　　　　　Telephone: (619) 756-6994

Facsimile: (619) 756-6991
tcarpenter@carlsonlynch.com

**PATTERSON LAW GROUP**

James R. Patterson (CA 211102)
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com

*Attorneys for Plaintiff-Intervenor Randy Nunez*

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record for the plaintiff, hereby certifies that on October 31, 2016, he served a copy of the above opposition to Plaintiffs' motion requiring objectors to post an appeal bond and this certificate of service on:

| | |
|---|---|
| Stewart M. Weltman | Bradley Joseph Andreozzi |
| Charles C. Sweedler | Benjamin Todd Vinson |
| Dana Marie Pesha | Christopher Matthew Gaul |
| Elaine Ryan | David B. Sudzus |
| Howard J. Sedran | Justin O'Neill Kay |
| | Kara L McCall |
| *Attorneys for Plaintiff Nick Pearson* | Michael W. Davis |
| | Shelby Kay Feurbach |
| Carol V Gilden | Theodore R. Scarborough, Jr. |
| Jeffrey Ian Carton | |
| Peter Newton Friberg | *Attorneys for Defendant Target Corporation* |
| *Attorneys for Plaintiff Richard Jennings* | |
| | Christopher Matthew Gaul |
| | Kara L McCall |
| Stewart M. Weltman | Michael W. Davis |
| David Andrew Golanty | Theodore R. Scarborough, Jr. |
| Elaine Ryan | |
| Max A. Stein | *Attorneys for Defendant NBTY, Inc. and Rexall Sundown, Inc.* |
| *Attorneys for Plaintiffs Francisco Padilla, Cecilia Linares, Augustina Blanco, and Officer Abel Gonzalez* | |

by electronic means pursuant to Electronic Case Filing (ECF). Pursuant to FRCP 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                                                */s/ Todd D. Carpenter*
                                                 Todd D. Carpenter