IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pearson, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | 11 C 7972 |
| | ) | |
| Target Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Order

Years ago, a consumer brought this class action challenging allegedly false claims about the efficacy of the dietary supplement glucosamine. The case was settled and the settlement approved in 2014, but in an appeal led by class member Theodore Frank, the Seventh Circuit vacated and remanded after concluding that the settlement was not fair, reasonable, and adequate for reasons including the "outlandish" percentage of the settlement award allocated to attorneys' fees, with any reduction the judge ordered in those fees to revert to defendants. *Pearson v. NBTY*, Inc., 772 F.3d 778, 781 (7th Cir. 2014). A new settlement offering greater benefits to the class was approved in 2016 over the objections of three unnamed class members—Buckley, Nunez, and Sweeney—who appealed the settlement judgment. But before briefing began on their appeals, the objectors voluntarily dismissed them in

1

exchange for side-payments totaling $130,000. The district court then entered a second, "Post-Appeal Judgment" dismissing the case with prejudice, which was unaccompanied by any order for effectuating the settlement. *Pearson v. Target Corp.*, 893 F.3d 980, 983 (7th Cir. 2018) ("*Pearson II*").

Theodore Frank sought to intervene and disgorge these side-payments, arguing that "because the appeals were brought on behalf of the class, the class [was] entitled to any proceeds from the side settlements." *Id*. After briefing on Frank's motion was set, the case was reassigned to another district judge who struck Frank's motion (and several subsequent motions) for lack of jurisdiction. Frank successfully appealed, and the Seventh Circuit's decision on his appeal, *Pearson v. Target Corp.*, 968 F.3d 227 (7th Cir. 2020) ("*Pearson III*"), governs the outcome of the motion presently before me, in which Frank seeks disgorgement in constructive trust of the side-payments, in their entirety, including any amounts allocated to attorneys' fees and costs. Because that is precisely what the Seventh Circuit contemplated in *Pearson III*, and because each of the arguments Buckley and Nunez raise in opposition to the motion (Sweeney has filed no response) was either expressly rejected in *Pearson III* or is inconsistent with its holding, Frank's motion is granted. Additionally, I agree with Frank that an award of interest accruing from the date of the *Pearson III* mandate is consistent with both the general rule that

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961(a), and the equitable considerations at play in this case.

As for distribution of the disgorged funds, Frank asks preferentially that they be distributed to a portion of the class claimants selected at random by lottery, with each claimant's chance of selection being proportionate to his or her original claim. Whatever the theoretical merits of such a distribution procedure, the Seventh Circuit has already determined that the remedy most consistent with the settlement terms approved in *Pearson II* is the one Frank seeks in the alternative: "ordering payment to the Orthopedic Research and Education Foundation," which is the settlement agreement's designated *cy pres* beneficiary. *Pearson III*, 968 F.3d at 837. Even assuming that the Seventh Circuit's observation in this respect leaves me discretion to order an alternative manner of distribution, I see no compelling reason to depart from the appellate court's judgment.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: December 16, 2022

3